MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor)<br>_____<br><br>TED AND LINDA COLE,<br><br>Plaintiffs<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>Defendants | Case No.  25-01029-FPC7<br><br>Chapter 7<br><br>Adv. Case No. 25-80038-FPC<br><br>RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 17) AND MOTION TO STRIKE |

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 1

**R | N W**  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Ted & Linda Cole ("Plaintiffs") prevailed against Defendants Eric Ross Young and Susan Linette Young ("Defendants") in a bench trial in Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case") held before the Honorable Judge High-Edward on January 13-16, 2025.  Judge High-Edwards found that Defendants converted over $362,000 of the Plaintiffs' monies (the elderly Plaintiffs were 80 and 83 at the time of the trial) in part by forging Plaintiff Linda Cole's signature on a wire transfer form so that the money would be wired directly to Defendant Eric Young instead of Plaintiff Linda Cole's bank account.

Before this Court, Defendants now move for summary judgment on Plaintiffs' claims, ECF 17 ("Motion").  Plaintiffs respectfully request that the Court deny the Motion.  First, the Motion is procedurally deficient.  The Motion, filed on December 1, 2025, was not accompanied by a memorandum, an independent statement of facts, or supporting declarations.  *See* Court Docket.   The Motion should be denied for this reason alone.

Second, the Court should strike all the Defendants late filed pleadings, including Defendants' memorandum, statement of facts, and supporting declarations first served on Plaintiffs' counsel at 5:15 p.m. on Christmas Eve.  The pleadings are all untimely and should not be considered by the Court.

Third, even if the Court considers Defendants' Motion, issues of fact



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

preclude the Court from granting summary judgment.

Finally, the issue before the court in the current adversarial action is the same issue that was fully litigated before the State Court—the conversion / theft of Plaintiffs' monies. Despite offering this response to Defendants' Motion, Plaintiffs continue to maintain that their Motion for Summary Judgment, ECF 9, should be granted based upon collateral estoppel.

## II. STATEMENT OF FACTS

Defendants failed to timely file a separate statement of undisputed facts on December 1, 2025. *See* Court Docket. Nor did Defendants file any supporting declarations. Defendants did file, *without any supporting declaration*, various "exhibits." *See* ECF 18 (42 pages), 18-1 (78 pages), and 128-2 (81 pages). As of December 24, 2025, at 5:14 p.m. it was unclear what the exhibits were being offered for, as there are no "facts" offered to which the documents allegedly support. Therefore, there are no alleged "facts" for Plaintiff to address. Plaintiffs address, to the best of their ability, Defendants' arguments set forth in the Motion, as well as providing the Court with a Statement of Facts in Opposition to Defendants' Motion for Summary Judgment, filed herewith, containing 33 independent facts that

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 3

R|NW   Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC   Doc 22   Filed 12/29/25   Entered 12/29/25 21:41:11   Pg 3 of 20

supports Plaintiffs' claims.[1]  Each separate statement of fact will be cited herein as "SOF __."

### III.  MOTION TO STRIKE LATE FILED PLEADINGS

Defendants' motion for summary judgment, and all supporting evidence, were due to be filed and served on December 1, 2025.  *See* ECF 7 ("Dispositive motions to be filed no later than 12/1/25.").  On December 1, 2025, Defendants only filed the Motion (7 pages) and various pleadings and documents (referred to as "exhibits") (ECF 18, 18-1 and 18-2).  *See* Docket.   There was no accompanying memorandum, statement of facts, or supporting declaration.  *See* Docket.

On December 24, 2025, at 5:15 p.m. – *23 days after the dispositive motion deadline* - Defendants sent an email to the Court Clerk's Office and counsel for Plaintiffs claiming Defendants attempted to file 16 different pleadings that day.  *Declaration of Matthew A. Mensik ("Mensik Decl.")*, ¶ 3, Ex. A.  Attached to the email were 16 attachments, four of which are titled "Notice of Filing Supporting Papers in Support of Defendants' Motion for Summary Judgment," "Defendants' Statement of Material Facts in Support of Motion for Summary Judgment,"

_____

[1] Defendants' failure to provide a timely independent statement of facts interferes with Plaintiffs' ability to provide a counter statement of facts to rebut Defendants' facts.  Plaintiffs are left to provide factual allegations that support their claims.

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 4



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

"Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment" (38 pages long), and "Declaration of Eric Young in Support of Defendants' Motion for Summary Judgment." *Id*. The document titled "Notice of Supporting Papers in Support of Defendants' Motion for Summary Judgment" states, in part, the following:

> Defendants filed their Motion for Summary Judgment and significant evidence on December 1, 2025. *Defendants now file* the accompanying Memorandum of Points and Authorities, Separate Statement of Facts, and supporting Declarations, along with additional exhibits in support of that already filed Motion.

*Id*. at ¶ 4, Ex. B (emphasis added). Defendants failed to serve any of these four pleadings (among others included with the 16 attachments) on Plaintiffs' counsel prior to 5:15 p.m. on Christmas Eve.

Given the holidays, and the service of Defendants' untimely, additional pleadings, Plaintiffs do not have the ability or time to attempt to address Defendants' new arguments, "evidence," and statement of facts. *Id*. at ¶ 5. Plaintiffs respectfully request that the Court strike and/or not consider Defendants' untimely filings that purport to support Defendants' Motion.

## IV. ARGUMENT

### A. Legal Standards.

Under FRCP 56(a), applicable to this adversary proceeding by FRBP 7056,

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 5



Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

summary judgment is appropriate where the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it may affect the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, all justifiable inferences are drawn in favor of the nonmovant. *Id.* at 255, 106 S. Ct. 2505.

**B.** **Defendant's Motion for Summary Judgment Should be Denied as it is Procedurally Deficient.**

Defendants failed to timely file and serve a memorandum in support of their Motion on December 1, 2025. *See* Court Docket. For that reason alone, the Motion should be denied. Further, Defendants failed to timely file and serve an independent statement of facts on December 1, 2025. *See* Court Docket. Pursuant to Rule 7056-1(a):

> Any party filing a motion for summary judgment *shall* set forth separately from the memorandum of law, and in full, the specific facts relied upon in support of the motion. The specific facts *shall* be set forth in serial fashion and not in narrative form. As to each fact, the statement *shall* refer to the specific portion of the record where the fact is found (i.e., affidavit, deposition, etc.). The specific portions of the record relied upon *shall* be attached to the statement of material facts.

Rule 7056-1(a) (emphasis added). This failure is also fatal to Defendants' Motion. Finally, Defendants failed to support the Motion with any declarations, another



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

reason why the Motion should be denied.

Defendants knew that a memorandum, supporting declarations, and an independent statement of facts were due on December 1, 2025, as the Motion actually references these pleadings multiple times. *See e.g.*, Motion, ECF 17 at 4 ("Defendants' Motion is supported by…Defendants' Statement of Facts…Defendants' Memorandum of Points and Authorities…declarations and exhibits filed with the Statement of Material Facts…").  It appears Defendants attempted to hold those pleadings for a Christmas Eve "surprise" for Plaintiffs' counsel. *Mensik Decl.*, ¶ 4, Ex. B ("Defendants filed their Motion for Summary Judgment and significant evidence on December 1, 2025. *Defendants now file* the accompanying Memorandum of Points and Authorities, Separate Statement of Facts, and supporting Declarations….") (emphasis added).  Filing pleadings 23 days after the dispositive motion due date, and only a few days before the hearing, is wholly improper and highly prejudicial to Plaintiffs.  Therefore, Defendants' Motion should be denied.

## C.    There Are Material Questions of Fact Precluding Summary Judgment on Plaintiffs' Claims.

If the Court considers Defendants' Motion, the Motion still fails.  Defendants failed to timely provide any statement of facts in support of their Motion. At best, Defendants' Motion is a "Celotex" motion, challenging Plaintiffs to come forward

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 7



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

with admissible evidence to support each of its claims. The following are a short recitation of the main facts that preclude summary judgment.

Defendants have a long history of financial problems. SOF 1-6. Defendants reappeared into Plaintiffs lives in 2021 and starting asking the Plaintiffs for money again, including asking Plaintiffs to pay off Defendants' $216,000 mortgage. *Id*. Defendants sold their home to satisfy debts and moved to Washington State. SOF 5-6.

After reingratiating themselves with Plaintiffs, Defendants made representations to Plaintiffs about Defendants providing care to Plaintiffs in the future as they continued to age. SOF 7. Defendants eventually talked Plaintiffs (who lived in Baker City, Oregon) into purchasing a lot located in Spokane County, Washington, and then talked the Plaintiffs into relocating to Spokane, Washington. Defendants pushed Plaintiffs into the idea of purchasing a house. SOF 8.

Defendants showed the Plaintiffs the home located at 1004 East Golden Court in Spokane, Washington ("Golden Court home"), in October of 2023. On or about October 11, 2023, Plaintiffs and Defendants came to an agreement regarding the purchase of the Golden Court Home. Defendant Eric Young represented to the Plaintiffs that Plaintiffs would be on the title of the home and on the mortgage in exchange for Plaintiffs providing the down payment for the home. SOF 9. Further, Defendant Eric Young represented that the down payment was $180,000, when it



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

was actually only $123,000. *Id*. Defendant Eric Young had Plaintiff Linda Cole sign a blank piece of paper, which Eric Young the used to affix to a "gift letter." SOF 11. Plaintiff Linda Young never saw the "gift letter," which originally purported to gift $180,000 to Mr. Young. *Id*.   Defendant Eric Young told Plaintiff Linda Cole that the letter was needed to transfer money across state lines.  Plaintiffs never intended to "gift" their money to Defendants. SOF 12.

Starting on October 12, 2023, Defendant Eric Young then facilitated communications with Plaintiff Linda Cole's bank, Old West Federal Credit Union ("Old West"), for the alleged purposes of "helping "Mrs. Young wire $180,000 from her Old West account to her Chase Bank account in Spokane so that Mrs. Cole would then have access to the money and could pay the down payment for the house directly from her Chase account.  SOF 13.

Defendant Eric Young then changed the gift letter from $180,000 to $242,314.62 without Plaintiff Linda Cole's knowledge after Ms. Cole decided to move all of her money out of Old West.  Mr. Young claimed at trial that Ms. Cole "gifted" him the additional $62,314.62 in excess of the $180,000. SOF 14.  Through various maneuvers, Defendant Eric Young was eventually able to find an Old West branch that agreed to wire the money (now $362,012.66) directly into Defendant Eric Young's bank account.   SOF 15. Defendant Eric Young's tactics included (1) accessing Linda Cole's email account to retrieve the wire transfer forms, (2) and

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 9

R | N W  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC   Doc 22   Filed 12/29/25   Entered 12/29/25 21:41:11   Pg 9 of 20

never showing Plaintiff Linda Cole page one of each wire transfer forms that listed the recipient for the two transfers (one for $242,314.62 and another in the amount of $119,698.04) was Eric Young (which included his bank account number), and not Mrs. Cole. Defendant Eric Young only showed Mrs. Cole the last page of the wire transfer form (as confirmed by the notary), which does not show the recipient of the transfers. SOF 16.

Plaintiff Linda Cole never saw or signed page one of the two wire transfer forms (displaying that Eric Young's account was the recipient). Somehow, Plaintiff Linda Cole's "signature" appeared on page one of each wire transfer form when Mr. Young emailed the wire transfer forms to Old West. [2] SOF 17. Once Plaintiffs' money was deposited into Defendant Eric Young's bank account by Old West, Defendants told Plaintiffs that the money had mistakenly been wired to Eric Young's bank account. SOF 18. Even Defendant Eric Young admitted at trial that the $119,698.04 was never supposed to be transferred into Mr. Young's account and even though the Defendants acknowledge this, they refused to return the funds until February 14, 2024 only when forced by Court order. SOF 19.

Contrary to what Eric Young represented, Plaintiffs were not listed as

---

[2] The State Court found that on a more likely that not basis that Mr. Young affixed Ms. Cole's signature to page one on both wire transfer forms.

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 10



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

purchasers for the Golden Court Home (Plaintiffs would not be on title) and were not to be placed on the mortgage (i.e., Plaintiffs would never be owners). *Id*. at Ex. F, pgs. 107-124, 129-131. Plaintiff Linda Cole found this out from the real estate agent only after she was told about her money accidentally being wired into Defendants' bank account. SOF 20. Defendant Eric Young signed the residential purchase and sale agreement for the Golden Court home on October 13, 2023, prior to facilitating the wire transfers on October 16, 2023 in which he received Plaintiffs' monies. Defendant Eric Young did not have the money to purchase the Golden Court home on October 13, 2023. SOF 21.

The conversion of Plaintiffs' moneys, which constituted the majority of their savings, "totally devastated" Plaintiffs' lives. SOF 23. Defendant Eric Young admitted at trial that prior to the wire transfers he was aware that Plaintiffs' only monthly income was $2,300 a month in social security income and a little money from a pension. SOF 24. Defendants immediately started spending Plaintiffs' monies when the two wire transfers hit their bank account on October 16, 2023. Defendants spent $82,000 of Plaintiffs' monies in three weeks, SOF 28, and continued to spend Plaintiffs' monies even after the State Court ordered the money frozen. SOF 28-33.

**D.  Plaintiffs Section 523(a)(4) Claims Survives Plaintiff's Motion.**

Section 523(a)(4) excepts from an individual debtor's discharge debts arising



RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 11

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

from embezzlement or larceny. For purposes of § 523(a)(4), federal law (as opposed to state law) governs the definition of embezzlement. *First Del. Life Ins. Co. v. Wada (In re Wada),* 210 B.R. 572, 576–77 (9th Cir. BAP 1997). In the Ninth Circuit, the elements of a claim based on embezzlement are:

> (1) property owned by another is rightfully in the possession of the debtor;
> (2) debtor's appropriation of such property to a use other than the use for which the property was entrusted to debtor; and
> (3) circumstances indicating fraud.

*Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton),* 942 F.2d 551, 555 (9th Cir.1991). "The elements of a claim based on larceny differ from the elements of embezzlement only in that the larcenous debtor takes possession of the property unlawfully." *In re Sandoval*, 341 B.R. 282, 294 (Bankr. C.D. Cal. 2006) (citation omitted).

### 1. The property owned by Plaintiffs is unlawfully in the possession of the Defendants / rightfully in possession of Defendants.

As outlined in section IV(c) above, Defendants unlawfully took possession of Plaintiffs' $362,012.66 through fraudulent and deceptive acts to have Plaintiffs monies wired directly into their bank account. SOF 8 – 33. These unlawful actions constitute larceny.

Best case scenario (and only argued in the alternative), Defendants received the wire transfers by pure accident (and therefore were "rightfully in possession" of

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 12



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

the monies). However, their actions following their receipt of the monies still constitutes embezzlement. SOF 18-33.

### 2. Defendants' appropriation of such property to a use other than the use for which the property was entrusted to Defendants.

Plaintiffs intended to use $180,000 for the downpayment on the Golden Court home (of which they would be on title and on the mortgage). SOF 9-13. It is undisputed that the Defendants did not use the $180,000 for the down payment on the Golden Court home. SOF 25-34. Once Defendants obtain possession of the Plaintiffs' $362,012.66, they utilized the majority of the money down their personal debt and then eventually squander it (in repeated violation of court orders freezing the money) on an RV and other personal items. *Id.*

### 3. Circumstances indicating fraud.

All the 33 facts support circumstances indicating fraud, including Defendants dire financial situation. SOF 3-6. Defendant Eric Young made a material misrepresentation to secure Ms. Cole's cooperation in starting the wire transfer process. SOF 9-18. Mrs. Cole never signed saw or signed the first page of the wire transfer forms, which means that Mr. Young affixed Mrs. Cole's electronic signature to the wire transfer forms. SOF 16-17. Mr. Young had Ms. Cole sign a blank piece of paper and then used that signature to affix to a "gift letter." SOF 11. Once Ms. Cole decided to move all her money out of the Old West Bank, Mr. Young

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 13

**R | N/W** **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

changed the gift letter from $180,000.00 to $242,314.62 without Ms. Cole's knowledge. SOF 14. It is undisputed that $119,698.04 was never supposed to be transferred into Mr. Young's account and even though the Defendants acknowledge this, they refused to return the funds until February 14, 2024, only when forced by Court order. SOF 19.

All the elements of Plaintiffs' larceny and embezzlement claims have been established. At the very least, there is a question of fact regarding these claims, precluding the granting of summary judgment in Defendants' favor.

## E. Plaintiffs Section 523(a)(6) Claims Survives Plaintiff's Motion.

Section 523(a)(6) provides that a debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The willful injury requirement is separate from the malicious injury requirement. *In re Su*, 259 B.R. 909, 912 (B.A.P. 9th Cir. 2001) aff'd 290 F.3d 1140 (9th Cir. 2002).

"The willful injury requirement is met when shown that defendant had a subjective motive to inflict the injury or that defendant believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208 (9th Cir. 2001). The "willful" element requires not only an intentional act that causes injury, but an intentional act done with the purpose of causing injury or that the actor was substantially certain that injury

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 14

R|NW Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC    Doc 22    Filed 12/29/25    Entered 12/29/25 21:41:11    Pg 14 of 20

would result. *Kawaauhau v. Geiger,* 523 U.S. 57, 61–62, 118 S. Ct. 974, 140 L.Ed.2d 90 (1998).

An injury is "malicious" when it is caused by "a wrongful act, done intentionally, which necessarily causes injury, and which is done without just cause or excuse." *In re Jercich,* 238 F.3d at 1208.

### 1. Defendants carried out wrongful act of converting Plaintiffs' monies.

As set forth in the facts above, the Plaintiffs have set forth sufficient facts that Defendants took and retained $242,314.62 of their monies and deprived them of the use and possession of it through fraudulent and deceptive means. SOF 1-33. Plaintiffs also established that the $119,698.04 was never supposed to be transferred into Mr. Young's account (even under Defendants story) and even though the Defendants acknowledge this, they refused to return the funds until February 14, 2024. SOF 19.

### 2. Defendants' actions were intentional and / or Defendants were aware / believed the injury would result from their conduct.

As established by the facts above, Defendants intentionally carried out fraudulent acts to deprive Plaintiffs of their monies, including working with Old West to have the monies wired directly to his account, not showing Plaintiffs the full wire transfer forms, affixing Ms. Cole's name to the wire transfer forms, and having Ms. Cole sign a blank piece of paper, after which Mr. Young affixed the

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 15



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

signature to a "gift letter" that Ms. Cole never saw (and after which Mr. Young then modified to increase the amount of the "gift."). SOF 9-17.

Defendants then spent $82,000 of Plaintiffs' monies within three weeks on various personal items and debt, SOF 28, and an additional $100,000 of Plaintiffs' monies (on an RV, motorcycles, and other items) *after* the State Court first froze the money, and then second, ordered Defendants to return the money to the Plaintiffs. SOF 29-34. Defendants were certainly aware and/or believed that their actions (including intentionally burning nearly $200k of Plaintiffs' monies) would cause injury to Plaintiffs. The expenditure of the $100k after the Court ordered Defendants to return the monies is particularly willful and malicious, and for which there is no excuse or justification. The same is true of Defendants obtaining and refusing to return Plaintiffs' $119,698.04 that even Defendants admit never supposed to be transferred into Mr. Young's account. This is especially true when Defendants were aware of Plaintiffs' minimal, fixed income. SOF 24.

### 3. *Which necessarily causes injury.*

The Defendants took and retained $362,012.66 of the Plaintiffs' monies, and deprived them of the use of those monies, only a portion of which the Defendants' returned. SOF 16, 18-19, 28-33.

### 4. *There was no just cause or excuse for Defendants' actions.*

There is no just cause or excuse for Defendants' above-described actions.

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 16



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Plaintiffs never intended to "gift" their monies to the Defendants.

Plaintiffs have offered sufficient evidence to establish all elements of Plaintiffs' willful and malicious injury claim. The Court should deny Defendants' motion regarding this claim.

**F.      Plaintiffs Section 523(a)(2) Claims Survives Plaintiff's Motion.**

To support a claim brought under Section 523(a)(2), creditor must prove that: (1) the debtor made the representation; (2) the debtor knew the representation was false at the time made; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damages as a proximate result. *In re Barrack*, 217 B.R. 598, 604 (B.A.P. 9th Cir. 1998). Here, Plaintiffs have offered sufficient facts to support each element of this cause of action.

<u>Representation</u>: Defendant Eric Young represented to the Plaintiffs that Plaintiffs would be on the title of the home and on the mortgage in exchange for Plaintiffs providing the $180,000 down payment for the home. SOF 9. Mr. Young also represented that the down payment was $180,000 (and not the actual $123,000).

<u>Representation was False</u>: Defendant Eric Young knew that representations were false at the time it was made. Defendant Eric Young was the only person listed on the mortgage paperwork, and Mr. Young represented to the real estate



RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 17

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

agent that only he was purchasing the Golden Court home. SOF 20. Defendant Eric Young signed the residential purchase and sale agreement for the Golden Court home on October 13, 2023, prior to facilitating the wire transfers on October 16, 2023 in which he received Plaintiffs' monies. Only Mr. Young was listed as the purchaser of the home. SOF 21.

Intention of Deceiving: Defendant Eric Young did not have the money to purchase the Golden Court home on October 13, 2023. SOF 21. Eric Yong made the representation with the intention and purpose of deceiving the Plaintiffs. Defendant had no intention of sharing title with Plaintiffs or having Plaintiffs on the mortgage. SOF 20-21. Without Mr. Young's representations, Plaintiff Linda Cole would not have carried out certain actions relating to the wire transfers. SOF 9-18. Ms. Cole testified that she had no intention of "gifting" Defendants $180,000. SOF 12. Further, all of Mr. Young's actions surrounding the representations are evidence of the intention and purpose of deceiving the Plaintiffs. SOF 3-33.

Reliance: Plaintiffs trusted Defendants' representations as Defendants were their daughter and son-in-law. SOF 7, 10. Plaintiffs carried out certain acts to wire monies (unwittingly) into Defendants' bank accounts based upon the representations. SOF 9-18.

Damages: As set forth above, Plaintiffs suffered the loss of $362,012.66, most of which was never returned to the Plaintiffs. SOF 16-33.

RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 18



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# V.    CONCLUSION

For the reasons set forth above, the Court should deny Defendants' motion for summary judgment.

Dated December 29, 2025    RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Further, a copy of the foregoing was also mailed and emailed to the following individuals.

*Via CM/ECF and first class mail:*
Eric and Susanann Young
12402 N. Division St #167
Spokane, WA 99218
*Pro Se Defendants*

*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Dated this 29th day of December, 2025.

*/s/ Matthew A. Mensik*
Matthew A. Mensik



RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE - 20

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com