MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
601 W. Riverside Ave, Suite 810
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No. 25-01029-FPC7<br><br>Chapter 7<br><br>Adv. Case No. 25-80038-FPC |
| TED AND LINDA COLE,<br><br>Plaintiffs<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSAN<br>LINETTE YOUNG,<br><br>Defendants | STATEMENT OF FACTS IN<br>OPPOSITION TO DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 1

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC    Doc 23    Filed 12/29/25    Entered 12/29/25 21:44:07    Pg 1 of 11

Plaintiffs Ted & Linda Cole ("Plaintiffs") hereby submit the following statements of facts in opposition to Defendants' Motion for Summary Judgment (ECF 17).[1]

## I.    FACTS

1.    The elderly Plaintiffs were 81 and 83 years old at the time of trial in January 2025. *Declaration of Matthew A. Mensik (Mensik Decl.)*, Ex. H, pgs. 553-554.

2.    Defendant Susan Young is Plaintiff Linda Cole's biological daughter. *Id*. at pg. 55.

3.    Defendants came in and out of Plaintiffs' lives for 20 years. *Id*. at pgs. 560-598.  Defendants asked the Plaintiffs for money multiple times during that period. *Id.*  In 2021, Defendant Susan Young asked Plaintiffs to give Plaintiffs $216,000 to pay off their mortgage in 2021. *Id*. at Ex. H, pgs. 595-597.

4.    Defendants had significant financial issues, including in the years and even days leading up to Defendants' acts of taking Plaintiffs' monies that is the subject of this action. *Id*. at Ex. D, pgs. 52-78; *id*. at Ex. K, pgs. 133-139.

---

[1] Defendants' failure to provide a timely independent statement of facts interferes with Plaintiffs' ability to provide a counter statement of facts to rebut Defendants' facts.  Plaintiffs are left to provide factual allegations that support their claims.

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 2



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

5. Defendants were sued multiple times for unpaid debts and incurred tens of thousands of dollars in tax liens. *Id.* at Ex. K, pgs. 133-140.

6. In 2022, in the wake of selling their home in Texas to pay off outstanding debts, *id.* at Ex. K, pgs. 133-140, Defendants moved to Washington and began to re-engage Plaintiffs on a more regular basis. *Id.* at Ex. H, pgs. 599-602.

7. Defendants made representations to Plaintiffs about Defendants providing care to Plaintiffs in the future as they continued to age. *Id.* at Ex. H, pgs. 618-619, 623. Plaintiffs trusted Defendants' representations as Defendants were their daughter and son-in-law. *Id.* at Ex. H, pgs. 618-619, 623.

8. Defendants eventually talked Plaintiffs (who lived in Baker City, Oregon) into purchasing a lot located in Spokane County, Washington, and then talked the Plaintiffs into relocating to Spokane, Washington. *Id.* at Ex. H, pgs. 604-616. Defendants pushed Plaintiffs into the idea of purchasing a house. *Id.* at Ex. H, pgs. 617-618.

9. Defendants showed Plaintiffs the home located at 1004 East Golden Court in Spokane, Washington ("Golden Court home"), in October of 2023. On or about October 11, 2023, Plaintiffs and Defendants came to an agreement regarding the purchase of the Golden Court Home. Defendant Eric Young represented to the Plaintiffs that Plaintiffs would be on the title of the home and on the mortgage in exchange for Plaintiffs providing the down payment for the home. *Id.* at Ex. H, pgs.

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

619-624.  Further, Defendant Eric Young represented that the down payment was $180,000, when it was actually only $123,000.  *Compare id*. at Ex. H, pgs. 628 with id. at *Id*. at Ex. F, pg. 130.

10.     Plaintiffs trusted Defendants' representations as Defendants were their daughter and son-in-law.  *Id*. at Ex. H, pgs. 618-619, 623.

11.     Defendant Eric Young had Plaintiff Linda Cole sign a blank piece of paper, which Eric Young the used to affix to a "gift letter." *Id*. at Ex. H, pgs. 624-626.  Plaintiff Linda Young never saw the "gift letter," which originally purported to gift $180,000 to Mr. Young.  *Id*.  Defendant Eric Young told Plaintiff Linda Cole that the letter was needed to transfer money across state lines.  *Id*. at Ex. H, pgs. 624-625.

12.     Plaintiffs never intended to "gift" their money to Defendants.  *Id*. at Ex. H, pgs. 626.

13.     Starting on October 12, 2023, Defendant Eric Young then facilitated communications with Plaintiff Linda Cole's bank, Old West Federal Credit Union ("Old West"), for the alleged purposes of helping Mrs. Young wire $180,000 from her Old West account to her Chase Bank account in Spokane so that Mrs. Cole would then have access to the money and could pay the down payment for the house directly from her Chase account.  *Id*. at Ex. H, pgs. 626-629.

14.     Defendant Eric Young then changed the gift letter from $180,000 to



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

$242,314.62 without Plaintiff Linda Cole's knowledge when Ms. Cole decided to move all her money out of Old West. *Id*. at Ex. H, pgs. 632-633; *id.* at Ex. K, pgs. 191-194. Mr. Young claimed at trial that Ms. Cole "gifted" him the additional $62,314.62 in excess of the $180,000. *Id*.

15.     Through various maneuvers, Defendant Eric Young was eventually able to find an Old West branch that agreed to wire the money (now $362,012.66) directly into Defendant Eric Young's bank account.     *Id*. at Ex. H, pgs. 624-636.

16.     Defendant Eric Young's tactics included (1) accessing Linda Cole's email account to retrieve the wire transfer forms, (2) and never showing Plaintiff Linda Cole page one of each wire transfer forms that listed the recipient for the two transfers (one for $242,314.62 and another in the amount of $119,698.04) was Eric Young (which included his bank account number), and not Mrs. Cole.  Defendant Eric Young only showed Mrs. Cole the last page of the wire transfer form (as confirmed by the notary), which does not show the recipient of the transfers.  *Id*. at Ex. H, pgs. 634-636; see also, *id*. at Ex. E, pgs. 91-95; see also, *id*. at Exs. I & J.

17.     Plaintiff Linda Cole never saw or signed page one of the two wire transfer forms (displaying that Eric Young's account was the recipient).  *Id*. at Ex. H, pgs. 635-636.  Somehow, Plaintiff Linda Cole's "signature" appeared on page one of each wire transfer form when Mr. Young emailed the wire transfer forms to

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 5

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Old West. [2]

18.    Once Plaintiffs' money was deposited into Defendant Eric Young's bank account by Old West, Defendants told Plaintiffs that the money had mistakenly been wired to Eric Young's bank account. *Id*. at Ex. H, pgs. 637-639.

19.    Even Defendant Eric Young admitted at trial that the $119,698.04 was never supposed to be transferred into Mr. Young's account and even though the Defendants acknowledge this, they refused to return the funds until February 14, 2024 only when forced by Court order. *Id.* at Ex. K, pgs. 219-223.

20.    Contrary to what Eric Young represented, Plaintiffs were not listed as purchasers for the Golden Court Home (Plaintiffs would not be on title) and were not to be placed on the mortgage (i.e., Plaintiffs would never be owners). *Id*. at Ex. F, pgs. 107-124, 129-131.  Plaintiff Linda Cole found this out from the real estate agent only after she was told about her money accidentally being wired into Defendants' bank account. *Id*.

21.    Defendant Eric Young signed the residential purchase and sale agreement for the Golden Court home on October 13, 2023, prior to facilitating the wire transfers on October 16, 2023 in which he received Plaintiffs' monies. *Id.* at

---

[2] The State Court found that on a more likely that not basis that Mr. Young affixed Ms. Cole's signature to page one on both wire transfer forms.

R|N
 |W    **Riverside NW Law Group, PLLC**
      905 W. Riverside Ave., Ste 208
      Spokane, WA 99201
      (509) 606-0746 | rnwlg.com

Ex. I, pg. 198. Only Mr. Young was listed as the purchaser of the home. *Id.* Defendant Eric Young did not have the money to purchase the Golden Court home on October 13, 2023. *Id.* at Ex. I, pg. 199.

22. Plaintiffs took immediate action to request their money back from the Defendants, including by text messages to Defendants, and by letters from counsel. *Id.* at Ex. H, pgs. 642-646.

23. The conversion of Plaintiffs' moneys, which constituted the majority of their savings, "totally devastated" Plaintiffs' lives. *Id.* at Ex. H, pgs. 649.

24. Defendant Eric Young admitted at trial that prior to the wire transfers he was aware that Plaintiffs' only monthly income was $2,300 a month in social security income and a little money from a pension. *Id.* at Ex. K, pgs. 166-168.

25. Defendants immediately started spending Plaintiffs' monies when the two wire transfers hit their bank account on October 16, 2023. *Id.* at Ex. K, pgs. 224 – 229.

26. Plaintiffs sued Defendants in Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case"), on November 6, 2023, for fraud, conversion, and injunctive relief relating to the Debtors wrongfully obtaining over $362,000 from the Coles. ECF 11 at 6-17.

27. Defendant Eric Young responded to the lawsuit by sending Plaintiff Linda Cole disappearing signal app messages that she understood to be threats.

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 7


Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC    Doc 23    Filed 12/29/25    Entered 12/29/25 21:44:07    Pg 7 of 11

*Mensik Decl.*, Ex. H, pgs. 646-648.

28. On November 8, 2023, the Plaintiffs obtained a temporary restraining order against the Defendants, in which the Court ordered that $280,000 of the Plaintiffs' monies that had not yet been spent, be frozen in the Defendants' Fidelity investment account until a future hearing on the matter. ECF 11 at 18-20. By November 8, 2023 (only three weeks after obtaining Plaintiffs' monies) Defendants had already spent approximately $82,000 of Plaintiffs' monies on their personal expenses and debts. *Mensik Decl.*, Ex. K, pg. 264.

29. Defendants then disregarded the Court's November 8, 2023, order and spent additional portions of Plaintiffs' monies anyways. *Mensik Decl.*, Ex. K, pg. 264-268.

30. On February 2, 2024, the Plaintiffs obtained a preliminary injunction against the Debtors. Judge High-Edward ordered the Defendants to turn over all the frozen monies held by the Defendants to the Plaintiffs then counsel, Michael Merritt, by February 6, 2024. The Defendants were also ordered to provide an accounting for the approximately $82,000 of the Plaintiffs' money the Defendants already spent. ECF 11 at 21-23.

31. Defendants willfully disobeyed Judge High-Edward's February 2, 2024, order. Plaintiffs brought a motion for contempt, and on February 14, 2024, Judge High-Edward ordered the Defendants to transfer the money to the Plaintiffs'

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 8



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

counsel's trust account and provide a full accounting within 24 hours.  ECF 11 at 24-27.

32.    The Defendants failed to comply again with Judge High Edward's February 14, 2024, order.  On February 20, 2024, Judge High-Edward entered an order: (1) finding the Defendants "provided a self-created accounting of the funds showing that they were negative $50,000.00"; (2) the Defendants provided only $119,000 to the Plaintiffs; and (3) the Defendants' failure to account for the money was "intentional and in bad faith." ECF 11 at 28-31.

33.    The truth about the Debtor's use of the Plaintiffs' funds came to light on February 22, 2024.  On February 14, in violation of the court's order, the Defendants' purchased a RV for $82,799.20 with the Plaintiffs' money (in addition to other expenditures). *Mensik Decl.*, Ex. K, pg. 273-277.    On that day, the Court ordered the following:

> IT IS SO ORDERED that:
>
> **The court will freeze any use, removal, or inspection of the RV** at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 **by the Youngs.  The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today.**  Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice.   The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 9



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC    Doc 23    Filed 12/29/25    Entered 12/29/25 21:44:07    Pg 9 of 11

ECF 11 at 32-36 (emphasis added). The Court also ordered that it would consider

incarceration if the Defendants "continued intransigence and blatant violation of the

court's order." *Id.* at 3.

34. On February 23, 2024, Judge High-Edward issued a bench warrant for

Defendant Eric Young. ECF 11 at 37-40. Mr. Young was incarcerated for almost

three weeks. ECF 11 at 41-45.

Dated December 29, 2025     RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 10



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Further, a copy of the foregoing was also mailed and emailed to the following individuals.

Via CM/ECF and first class mail:
Eric and Susanann Young
12402 N. Division St #167
Spokane, WA 99218
Pro Se Defendants

And via email:
eyoung-encrypt@pm.me
jaegersmum@proton.me

Dated this 29th day of December, 2025.

/s/ Matthew A. Mensik
Matthew A. Mensik

STATEMENT OF FACTS IN OPPOSITION
TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 11



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com