MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No. 25-01029-FPC7<br><br>Chapter 7<br><br>Adv. Case No. 25-80038-FPC |
| TED AND LINDA COLE,<br><br>Plaintiffs<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>Defendants | PLAINTIFFS' RESPONSES AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE |

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 1



## I. INTRODUCTION AND RELIEF REQUESTED

Defendants' omnibus Motions in Limine (ECF No. 16) are procedurally improper, legally overbroad, and transparently aimed at excluding the very evidence Plaintiffs must present to prove nondischargability under U.S.C. §§ 523(a)(2), (4), (6).

Motions in limine are intended to streamline trial by excluding clearly inadmissible evidence. They are not a substitute for summary judgment, nor a mechanism for forcing premature factual determinations. Defendants' motions repeatedly assume disputed facts, seek to narrow Plaintiffs' theories of liability, and ask this Court to pre-adjudicate the merits of Plaintiffs' claims under the guise of evidentiary rulings.

For these reasons, and as set forth below, the motions should be denied in substantial part, with any evidentiary objections addressed in context at trial.

## II. ARGUMENT

### A. Legal Standards.

Motions in limine are subject to a stringent standard and are generally disfavored where they seek broad or categorical exclusion of evidence. Evidence should be excluded at the pretrial stage only if it is clearly inadmissible on all potential grounds before exclusion is warranted. *In re Oak Rock Fin., LLC*, 560 B.R. 635, 638 (Bankr. E.D.N.Y. 2016). Courts may reserve judgment until trial, so

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 2



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

the motion is placed in the appropriate factual context. *Id.*

Under the Federal Rules of Evidence, evidence is relevant if: "(a) it has a tendency to make a fact more or less probably that it would without the evidence; and (b) the fact is of consequence in determining this action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Conversely, relevant evidence is admissible, unless otherwise provided in the Constitution, federal statute, the Federal Rules of Evidence, or other applicable rules. *Id*.

Even relevant evidence is subject to exclusion under Rule 403 only when its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. Fed. R. Evid. 403. Importantly, Rule 403 does not permit exclusion merely because evidence is damaging to a party's case; rather exclusion is appropriate only where the prejudice is unfair and substantially outweighs the evidence's probative value.

**B.    Responses and Opposition to Defendants' Motions in Limine.**

   **1. Defendants' MIL No. 1 should be denied because it improperly narrows the evidentiary record and precludes proof of Willful and Malicious Conduct required by 11 U.S.C. § 523.**

Defendants ask this Court to "limit[] Plaintiff's financial evidence to the fact of the October 2023 OWFCU wires and Bank of America[] October 16 2023 acceptance and crediting of those wires." (ECF No. 16 p. 2). In support, Defendant's attempt to invoke Article 4A to justify excluding all other financial evidence. This

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 3



25-80038-FPC    Doc 25    Filed 12/29/25    Entered 12/29/25 22:20:06    Pg 3 of 16

argument is unavailing.

Defendant's motion ignores the nature of the claims at issue. Plaintiffs seek determinations of nondischargability under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), each of which requires evidence of Defendants' intent, knowledge, and course of financial conduct both before and after the October 2023 wire transfers. Limiting the evidentiary record to the mechanical execution of the wire transfers would prevent Plaintiffs from proving essential elements of their claims.

For example, Plaintiffs assert a claim for embezzlement under § 523(a)(4), which requires proof that:

> (1) property owned by another is rightfully in the possession of the debtor;
> (2) debtor's appropriation of such property to a use other than the use for which the property was entrusted to debtor; and
> (3) circumstances indicating fraud.

*Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton),* 942 F.2d 551, 555 (9th Cir.1991).

Similarly, a claim for larceny under § 523(a)(4) differs from embezzlement "only in that the larcenous debtor takes possession of the property unlawfully." *In re Sandoval*, 341 B.R. 282, 294 (Bankr. C.D. Cal. 2006) (citation omitted).

Evidence of Defendants' financial condition and conduct immediately before and after the October 2023 wire transfers is directly relevant to these elements,

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 4



including whether Defendants appropriated Plaintiffs' funds for purposes other than those for which Plaintiffs permitted the transfers in the first place. Such evidence bears directly on intent, misuse, and fraudulent circumstances and cannot be excluded without effectively foreclosing Plaintiff's ability to prove nondischargeability. See ECF 22 at 7-20.

Defendants' attempt to cabin evidence to a narrow snapshot of the wire transactions is therefore improper and would preclude the Court from considering the full factual context required under § 523. MIL No. 1 should be denied.

**2. Defendants MIL No. 2 should be denied to the extent it prohibits lay witnesses from testifying about their own understanding of the Old West Federal Credit Union Policies.**

Defendants' MIL No. 2 seeks to prohibit lay witnesses from testifying about their own understanding of Old West Federal Credit Union ('OWFCU") policies and procedures. The extent Defendants seek to exclude such testimony wholesale, the motion should be denied.

As an initial matter, Plaintiffs are not attempting to call undisclosed witnesses. Plaintiffs have complied with their disclosure obligations and expressly reserve the right to call rebuttal witnesses as stated in ECF No. 19. Defendants' suggestion otherwise is unfounded.

More fundamentally, Defendants' evidentiary argument misstates the law. Federal Rule of Evidence 602 provides that a witness may testify to a matter if

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 5


Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

evidence is introduced sufficient to support a finding that a witness has personal knowledge of the matter. Fed. R. Evid. 602. Personal knowledge may be established through the witness's own testimony. *Id.*

Plaintiffs do not seek to offer lay testimony to establish OWFCU's formal policies as an institutional matter or provide expert opinions regarding banking regulations. Rather, Plaintiffs intend to offer testimony from witnesses regarding their personal understanding of the wire transfer process, authorization requirements and related documents based on their own involvement and experience. Such testimony is admissible as lay testimony under Rule 602.

Additionally, the wire transfer documents speak for themselves. Any concerns regarding foundation or scope can be addressed though contemporaneous objections at trial rather than through categorical pretrial exclusion. Accordingly, Defendants' MIL No. 2 should be denied.

3. **Defendants' MIL No. 3 should be denied because Plaintiffs have adequately plead their Complaint and are permitted to plead alternative theories.**

Defendants' MIL No. 3 asks this Court to compel Plaintiffs to "state on the record whether they are proceeding on an 'unauthorized/forged' theory or an 'authorized but induced' theory, and to hold them to that election at trial." (ECF No. 16 at 22). This request should be denied.

As an initial matter, Defendants mischaracterize Plaintiffs' position.

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 6



Plaintiffs have not taken inconsistent factual positions; rather, Plaintiffs have plead legal theories based on the same core conduct.

Under FRCP 8(d), made applicable in adversary proceedings by FRBP 7008, a party may "set out two or more statements of a claim or defense alternatively or hypothetically," and may state as many separate claims or defenses as it has, "regardless of consistency." Fed. R. Civ. P. 8(d)(2)-(3). Plaintiffs are therefore not required to elect a single theory of liability prior to trial.

Defendants cite no authority—statutory, procedural, or evidentiary—that would require Plaintiffs to abandon alternative theories at this stage. Nor do Defendants explain how an "unauthorized/forged" transfer theory and an "authorized but fraudulently induced" theory are mutually exclusive. To the contrary, authorization obtained through fraud is actionable under § 523(a)(2), and misuse of entrusted funds supports claims under § 523(a)(4) and § 523(a)(6).

Defendants' request is not a proper evidentiary motion but an attempt to force Plaintiffs to narrow their legal theory. Defendants' MIL No. 3 should be denied.

4. **Defendants' MIL No. 4 should be denied because it improperly seeks to restrict Plaintiffs' use of the Spokane County Superior Court's Findings of Fact and Conclusions of Law.**

Defendants' MIL No. 4 seeks to limit Plaintiff's use of the Spokane County Superior Court's Findings of Fact and Conclusions of Law. To the extent Defendants seek to restrict Plaintiffs' reliance on or reference to the state court's

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 7



25-80038-FPC    Doc 25    Filed 12/29/25    Entered 12/29/25 22:20:06    Pg 7 of 16

findings, the motion should be denied.

As an initial matter, Plaintiffs' Motion for Summary Judgment regarding the preclusive effect of the state court's Findings of Fact and Conclusions of Law remains pending before this Court. (ECF No. 9). That motion will be resolved prior to trial. Accordingly, Defendants' attempt to litigate the evidentiary consequences of the state court's findings through a motion in limine is premature and, to that extent, moot.

Even setting aside issue preclusion, Defendants fail to articulate a coherent legal basis for excluding or limiting Plaintiffs' use of the state court's findings altogether. To the extent Defendants seek to prevent Plaintiffs from discussing or introducing the Findings of Fact and Conclusions of Law for any purpose, Plaintiffs reject that argument as improper.

State Court findings are admissible for a variety of purposes aside from issue preclusion, including but not limited to establishing context, notice, intent, knowledge, and credibility. The Defendants are not entitled to a blanket ruling insulating them from the evidentiary consequences of prior judicial determinations. Defendants' MIL No. 4 should be denied.

5. **Defendants' MIL No. 5 should be denied as it seeks to admit inadmissible hearsay and improperly restrict Plaintiff's presentation of valid civil claims.**

Defendants argue that Plaintiffs have used "criminal-law rhetoric" to

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 8



describe Defendants' conduct and, on this basis, seek admission of law-enforcement materials and broad restrictions on Plaintiff's presentation.

This is a civil nondischargeabilty action under § 523, not a criminal proceeding. Plaintiffs do not contend that Defendants were charged or convicted, and no criminal judgment is required to establish fraud, embezzlement, or larceny under § 523. A law enforcement decision not to pursue charges is irrelevant to the civil issues before this Court.

Defendants' request to admit narrative portions of the police report is likewise improper. Such narratives constitute hearsay, and Defendants offer no basis for admitting out-of-court statements offered for the truth of the matters asserted under any exception to Federal Rule of Evidence 802.

Plaintiffs agree that they will not argue or imply criminal guilt. However, Plaintiffs are entitled to describe Defendants' conduct using terminology that accurately reflects the elements of their civil claims. A blanket prohibition on such language is unwarranted and any legitimate concerns can be addressed through contemporaneous objections.

Accordingly, Defendants' MIL No. 5 should be denied.

**6. Defendants MIL No. 6 should be denied because pre-October 2023 relationship evidence is relevant to intent, reliance, and context under § 523.**

Defendants seek to exclude pre-October 2023 relationship history by

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 9



characterizing it as "family drama." This request to exclude relevant evidence should be denied.

Evidence of the parties' relationship, communication, and course of dealing prior to October 2023 is directly relevant to core elements of Plaintiffs' nondischargeability claims, including intent, knowledge, trust, reliance, and misuse of entrusted funds under § 523. *See* ECF 23, SOF 3-8; *See also*, ECF 22 at 7-20.

Pre-October 2023 communications and relationship history explain why Plaintiffs permitted Defendants to access funds, how Defendants induced that access, and whether Defendants acted with fraudulent intent. Fed. R. Evid. 403 does not offer a blanket exclusion to facts because they are unfavorable to the Defendants or emotionally charged; exclusion is appropriate only where unfair prejudice substantially outweighs probative value. Fed. R. Evid. 403. Here, the probative value of relationship and communication leading to the October 2023 transactions is substantial. *See* ECF 23, SOF 3-8; *See also*, ECF 22 at 7-20.

Defendants' request would improperly sanitize the record and prevent the Court from considering the circumstances surrounding the disputed transactions. Any legitimate concerns regarding scope or admissibility can be addressed with contemporaneous objections.

**7. Defendants MIL No. 7 should be denied because it improperly seeks blanket pre-admission of categories of evidence and premature merits rulings.**

PLAINTIFFS' RESPONSES AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE - 10



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Defendant's Mil No. 7 requesting "pretrial rulings admitting several categories of Plaintiffs' own statements and key transactional documents as substantive evidence" is not a motion in limine in any meaningful sense. (ECF No. 13 at 13). It seeks wholesale pre-admission of selected pleadings, discovery responses, recordings, texts, lender documents, and business records, coupled with rulings that would effectively adopt Defendants' version of disputed facts before trial. As such, the motion should be denied.

Plaintiffs do not dispute the general principle that a party's own statements may, in appropriate circumstances, qualify as party opponent admissions under Fed. R. Evid. 801(d)(2). But that rule does not entitle Defendants to blanket pre-admission of cherry-picked documents or excerpts divorced from context, foundation, authenticity, completeness, or relevance.

Many of the materials the Defendants seek to pre-admit, including state-court pleadings, discovery responses, deposition excerpts, recordings, texts, and lender communications, raise fact dependent issues of authentication, scope, completeness, and relevance that must be evaluated in context at trial. *See* Fed. R. Evid. 104, 106, 401-403. Pre admitting such evidence would improperly require the Court to resolve disputed factual issues and weigh competing narratives outside of trial.

PLAINTIFFS' RESPONSES AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE - 11



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

To the extent Defendants seek to ensure that authenticated documents may be offered at trial subject to proper foundation and objection, no pretrial ruling is necessary. To the extent Defendants seek advance rulings that insulate their conduct from scrutiny or constrain Plaintiff's ability to present contrary evidence and argument, the request should be denied.

Any evidentiary issues concerning these materials can and should be addressed through contemporaneous objections.

**8. Defendants' "Global Trial-Management Limits" are largely unnecessary and should be denied to the extent they seek advisory or restrictive rulings.**

Defendants' motion requests a series of generalized "trial-management" rulings, most of which either reflect existing rules that already govern trial proceedings or seek advisory guidance unnecessary at this stage.

To the extent Defendants request witness sequestration under Fed. R. Evid. 615, Plaintiffs do not object.

Similarly, Plaintiffs do not dispute the applicability of Federal Rules of Civil Procedure 26, 37(c)(1), Fed. R. Evid. 408 or the general principle that pleadings are not evidence. These rules apply by operation of the law, and no pretrial ruling is required to enforce them.

Defendants' request for broad, prophylactic exclusions and categorical prohibitions is unnecessary and, in some respects, overreaching. Plaintiffs have

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 12



complied with their disclosure obligations and have not indicated any intent to introduce undisclosed witnesses or exhibits, to offer settlement communications in violation of Rule 408, or to present allegations in the Complaint without supporting evidence.

Likewise, while Plaintiffs agree that lay witnesses may not offer legal conclusions, witnesses are permitted to testify to facts, perceptions, and conduct within their personal knowledge. *See* Fed. R. Evid. 602.

In short, Defendants' "global" requests seek advisory rulings on matters already governed by the applicable rules or invite unnecessary constraints on trial presentation. To the extent this motion merely restates existing law, no ruling is required. To the extent Defendants seek to limit Plaintiff's ability to present admissible evidence or argument, Defendants' MIL No. 8 should be denied.

**9. Defendants' attempt to limit evidence of the state court TRO, contempt proceedings, and turnover payments should be denied.**

Plaintiffs do not contend that the mere existence of a state-court TRO or contempt order, standing alone, conclusively establishes nondischargeability under § 523. Nor do Plaintiffs argue that compliance with a court order constitutes an admission of liability as a matter of law. However, Defendants' proposed limitation would improperly exclude relevant evidence bearing on Defendants' knowledge, intent, and post-transfer conduct. See ECF 23, SOF 26-34.

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 13



Evidence of the TRO, contempt proceedings, and turnover payments is relevant to whether Defendants acted willfully and maliciously, including their awareness of Plaintiffs' claimed interests, their control over the funds, and their conduct after those interests were asserted. *Id.*; see also, ECF 22. Post-transfer conduct is properly considered in evaluating intent under § 523(a)(6). *See In re Jercich,* 238 F.3d 1202, 1208 (9th Cir. 2001) ("the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct.").

Defendants' disagreement with the propriety of the state-court orders does not render evidence of what occurred while those orders were in effect inadmissible. Nor do Fed. R. Evid. 401 or 403 support a categorical restriction preventing Plaintiffs from explaining the factual sequence surrounding the injunction, contempt proceedings, and resulting payments. Any concern regarding overstatement of the legal effect of state-court rulings can be addressed through contemporaneous objections or limiting instructions, not wholesale exclusion.

Accordingly, Defendants' request to restrict Plaintiffs' use of evidence relating to the state-court TRO, contempt proceedings, and turnover payments should be denied.

PLAINTIFFS' RESPONSES AND
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE - 14

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80038-FPC    Doc 25    Filed 12/29/25    Entered 12/29/25 22:20:06    Pg 14 of 16

## III. CONCLUSION

For the foregoing reasons, Defendants' Motions in Limine should be denied in substantial part, with any evidentiary issues addressed in their proper factual context at trial.

Dated December 29, 2025     RIVERSIDE NW LAW GROUP, PLLC

BY: /s/ Matthew S. Mensik
Mathew A. Mensik, WSBA 44260
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

PLAINTIFFS' RESPONSES AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE - 15



# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Further, a copy of the foregoing was also mailed and emailed to the following individuals.

*Via CM/ECF and first class mail:*
Eric and Susanann Young
12402 N. Division St #167
Spokane, WA 99218
*Pro Se Defendants*

*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Dated this 29th day of December, 2025.

                     */s/ Matthew A. Mensik*
                     Matthew A. Mensik

PLAINTIFFS' RESPONSES AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE - 16



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com