1   ERIC AND SUSAN YOUNG
2   12402 N Division St #167
    Spokane, WA 99218
3   PHONE (936-463-8411)
4   EMAIL eyoung-encrypt@ptn.me
        jaegersmum@proton.me
5

6   Defendants Pro Se

7

8              **UNITED STATES BANKRUPTCY COURT**

               **EASTERN DISTRICT OF WASHINGTON**
9

10  In re:                          | **CASE NO. 25-01029-FPC7**

11

12  ERIC R. YOUNG AND               | ADVERSARY NO. **25-80038-FPC**
    SUSAN L. YOUNG, Defendants
13  Pro Se

14                                    DEFENDANTS' OBJECTION AND
      - and -                         RESPONSE TO PLAINTIFFS' MOTION
15                                     FOR SUMMARY JUDGMENT
    LINDA and TED COLE, Plaintiff
16

17

18

19

20

21

22
    DEFENDANTS' OBJECTION AND          ERIC AND SUSAN YOUNG - Defendants Pro Se
23  RESPONSE TO PLAINTIFFS' MOTION FOR    12402 N Division St #167 :: Spokane, WA 99218
    SUMMARY JUDGMENT                            PHONE (936-463-8411)
    PAGE 1 OF 21                        eyoung-encrypt@ptn.me - jaegersmum@proton.me

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs ask this Court to do what UCC Article 4A does not permit: treat two Regulation J / Article 4A funds transfers, accepted and credited by Bank of America into Debtors' account, as "civil theft" by the beneficiary. That invitation fails at the threshold.

This adversary is, at root, a Fedwire / Article 4A case. Washington's adoption of UCC Article 4A (RCW 62A.4A) and Regulation J supply the controlling authorization and finality framework for the wire transfers at issue. The Rule 56 record includes Plaintiffs' own discovery production of TranZact wire-detail pages showing both wires were "Complete" on 10/16/2023 with Fedwire IMAD identifiers and Bank of America listed as receiving financial institution - bank-system proof of completion and acceptance that Plaintiffs possessed before filing suit. (Defs.' Ex. 36 at COLE_001295–COLE_001296; Eric Young Decl. re TranZact/IMAD Finality ¶¶ 2–4.) Plaintiffs' MSJ ignores that framework and that evidence.

As an adversary proceeding under 11 U.S.C. § 523, Plaintiffs are required to prove an enforceable "debt" under nonbankruptcy law, 11 U.S.C. § 502(b)(1), and then prove the specific federal elements of § 523(a)(2)(A), (a)(4), or (a)(6).

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 2 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

They did neither. They instead lean on a non-final state court "conversion" label that never analyzed the wires under Article 4A and never decided the federal § 523 elements. On this record, Plaintiffs' Motion fails for at least four independent reasons:

A. Article 4A and Regulation J govern these wires. Article 4A is the exclusive framework for allocating rights and loss, and it displaces the after-the-fact tort relabeling Plaintiffs attempt.

B. Under RCW 62A.4A-406(a), once the beneficiary's bank accepts the payment order, the originator has "paid" the beneficiary. After acceptance, cancellation is not effective absent the receiving bank's agreement (or a funds-transfer system rule). RCW 62A.4A-211(c). Plaintiffs' later change of mind cannot revive a property interest in funds they already "paid."

C. If Plaintiffs retreat to an "unauthorized wire" theory, Article 4A supplies a single statutory remedy: a refund claim against the originator's bank, OWFCU under RCW 62A.4A-204, not to a tort-reallocation claim against the beneficiary. That position also collapses Plaintiffs' inducement/reliance theory as pled under § 523(a)(2)(A): if Ms. Cole did not authorize or sign the payment orders, there is

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 3 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

no act of authorization to have been induced and no reliance on a representation in issuing the payment order.

D. Plaintiffs' alleged real-estate "promise" theory is unenforceable under Washington's conveyance statute of frauds, RCW 64.04.010 and RCW 64.04.020, and therefore cannot support "justifiable reliance" as a matter of law under Field v. Mans, 516 U.S. 59 (1995), and Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081 (9th Cir. 2000).

Despite these clear legal failings, Plaintiffs' Motion for Summary Judgment asks this Court to except a debt from discharge by allowing them to end-run Rule 56 evidentiary gatekeeping: Counsel offers his "carrier declaration" attaching nonfinal state-court materials, and asks this court to accept those materials as "undisputed facts", rather than admissible Rule 56 evidence, while asserting that the state court's "conversion" findings automatically satisfy federal § 523(a)(4) and § 523(a)(6) elements. (Doc. 9; Doc. 10; Doc. 11.) That is not competent evidence under Rule 56, nor is it acceptable summary judgment practice. It is a procedural attempt to launder disputed legal conclusions into facts, while omitting controlling law that governs the transactions at issue as mentioned earlier - and while paradoxically (in the face of counsel's own prior admissions) concealing

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 4 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericnsusanyoung@proton.me

that the FOFCOL is not final and therefore no state-court final judgment was entered. (Fed. R. Civ. P. 56(c)(1)(A), 56(c)(4); Fed. R. Bankr. P. 7056; Defs.' Ex. 36; 25-01029 Doc. 15 ¶ 12; AP 25-80037 Doc. 12 ¶ 11.)

Defendants therefore request an order: (1) DENYING Plaintiffs' Motion for Summary Judgment; (2) confirming that Plaintiffs may not use FOFCOL narrative findings or counsel declarations as "undisputed facts" absent satisfaction of Washington preclusion prerequisites; and (3) granting such further relief as is necessary to protect the integrity of the Court's Rule 56 process - including, as appropriate, entry of judgment under Rule 56(f) on issues conclusively foreclosed by Plaintiffs' own proffered record.

## II.    KEY PROCEDURAL FACTS

On October 16, 2023, Plaintiffs' credit-union-originated payment orders were completed and credited to the beneficiary account at Bank of America. (Defendants' Statement of Material Facts ("Def. SMF") ¶ 8; Ex. 7; Ex. 36.) On March 10, 2025, the state court issued FOFCOL. (PLTFs SOF (Doc. 10) ¶ 8; Mensik Decl. (Doc. 11) Ex. I.) FOFCOL states that any award "may be reduced to a judgment," confirming FOFCOL is not itself an entered final judgment. (Mensik Decl. Ex. I at 26.)

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 5 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

25-80038-FPC    Doc 27    Filed 12/29/25    Entered 12/30/25 08:23:26    Pg 5 of 21

On March 10, 2025, FOFCOL also found Plaintiffs "cannot establish a claim of fraud." (Mensik Decl. Ex. I ¶ 212.)

On July 3, 2025, Plaintiffs' counsel told this Court that the bankruptcy stay "kept the Coles from obtaining a judgment in the State Court Case." (In re Young, Case No. 25-01029-FPC7, Creditor Response (Doc. 15) at 6 ¶ 12.)

On October 8, 2025, Plaintiffs' counsel again admitted in a related adversary proceeding that "a final judgment was not entered because Debtors filed for bankruptcy prior to judgment being entered." (Cole v. Young, Adv. No. 25-80037-FPC, Mot. to Remand (Doc. 12) at 8 (Factor No. 1); see also id. at 6 ¶ 11.) On December 1, 2025, Plaintiffs filed the MSJ now before this Court. (Doc. 9, Doc. 10, Doc. 11.) Plaintiffs' evidentiary submission consists of counsel's declaration attaching court pleadings and court orders (including FOFCOL), not sworn witness testimony or admissible business records establishing § 523 elements. (Doc. 11.)

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper only where "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (incorporated by Fed. R. Bankr. P. 7056). A party asserting

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 6 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
— ergersmum@proton.me

a fact "cannot be or is genuinely disputed" must support that assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

Rule 56(c)(2) allows a party to object that material cited to support a fact "cannot be presented in a form that would be admissible in evidence." Declarations used to support summary judgment must be "made on personal knowledge," must "set out facts that would be admissible," and must show competency to testify. Fed. R. Civ. P. 56(c)(4).

The Court is not required to search the record for evidence not identified by the moving party. Keenan v. Allan, 91 F.3d 1275 (9th Cir. 1996); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026 (9th Cir. 2001). Attorney argument and pleadings are not evidence. United States v. Zermeno, 66 F.3d 1058 (9th Cir. 1995).

Local Rule 7056-1 requires a separate, serial statement of facts with pinpoint citations to the record. LBR 7056-1(b), (c). A party cannot satisfy this requirement by incorporating 200+ prior findings "as if set forth herein," or by citing only to the existence of another tribunal's decision.

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 7 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericsmum @ proton.me

## IV. ARGUMENT

### A. Governing Funds-Transfer Law: Washington's UCC Article 4A and Regulation J control these Fedwire transfers

Washington has adopted the Uniform Commercial Code as Title 62A RCW, including Article 4A (Funds Transfers), RCW 62A.4A-101 et seq. These transactions are Fedwire funds transfers governed by Federal Reserve Regulation J (12 C.F.R. pt. 210, Subpt. B) together with Article 4A. Article 4A is designed to provide a single, exclusive framework allocating rights, duties, and loss in wire transfers - displacing free-floating tort labels (like "conversion/civil theft") when those labels conflict with Article 4A's allocation rules. RCW 62A.4A-102 cmt. 1; Estate of Freitag v. Frontier Bank, 118 Wn. App. 220 (2003); Chelan County v. Bank of Am., N.A., No. 2:10-cv-00362, 2012 WL 130941 (E.D. Wash. Jan. 17, 2012).

Article 4A's structure matters here because Plaintiffs' MSJ tries to prove § 523(a)(4)/(a)(6) by importing state-court "conversion" rhetoric and by repeatedly labeling the credited funds as "Plaintiffs' monies." That framing is legally wrong on this record. In an Article 4A/Reg J case, the Court must analyze:

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 8 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- p██████████@proton.me

- Authorization / security procedure: a payment order is effective if authorized or if the bank accepted it under an agreed security procedure. RCW 62A.4A-201, -202.

- Acceptance and finality: once the beneficiary's bank accepts the payment order, Article 4A treats the transfer as final as between originator and beneficiary; downstream regret does not retroactively convert the transfer into "property of another." RCW 62A.4A-209, -211, -406.

- Injunction limits: Article 4A tightly limits injunctions "with respect to a funds transfer." RCW 62A.4A-503.

- Wrong-theory problem: if Plaintiffs insist the order was "unauthorized/forged," Article 4A channels remedies through the bank-allocation/refund framework - not § 523 tort labels aimed at the beneficiary. RCW 62A.4A-204; see also Defs.' MPA (Article 4A section).

Critically, the Rule 56 record includes Plaintiffs' own discovery production showing TranZact wire-detail pages stamped 10/24/23 and stating "Wire Status: Complete" for both wires on 10/16/2023, with specific IMAD identifiers and Bank of America, N.A. listed as the receiving financial institution, identifying Eric Young as beneficiary. (Defs.' Ex. 36 at COLE_001295–COLE_001296; Eric

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 9 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericandsusanyoung @ proton.me

Young Decl. re TranZact/IMAD Finality (filed with this Objection) ¶¶ 2–4, Ex. A.) Those "Complete" + IMAD entries are forensic bank-system evidence of completion and acceptance in the Fedwire environment - evidence Plaintiffs possessed before they filed suit on 11/6/2023. Plaintiffs' MSJ never grapples with that controlling framework or that record evidence; it instead relies on nonfinal FOFCOL narrative and counsel argument to manufacture "embezzlement/larceny" elements.

**B. Plaintiffs' MSJ fails because Plaintiffs do not cite admissible evidence proving the elements of § 523(a)(4) or § 523(a)(6).**

Plaintiffs' SOF contains a global incorporation-by-reference of FOFCOL's "213 findings," rather than a Rule 56-compliant identification of specific admissible evidence supporting each element. (PLTFs SOF (Doc. 10) ¶ 10 n.1.) This approach violates both the letter and purpose of Rule 56(c)(1)(A) and LBR 7056-1.

Plaintiffs' memorandum repeats the same defect. Plaintiffs assert: "As matter of law, all the elements of embezzlement and larceny are satisfied by the State Court's findings of fact and conclusions of law," and cite only "SOF 8." (PLTFs MSJ (Doc. 9) at 7.) But SOF 8 is not evidence of those elements; it only

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 10 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- :: eersanum @proton.me

states that a bench trial occurred and FOFCOL was entered. (PLTFs SOF (Doc. 10) ¶ 8.) A citation to the existence of FOFCOL is not admissible proof of intent, ownership, entrustment, taking, or injury.

Plaintiffs' only declaration is counsel's declaration. (Doc. 11.) Counsel can authenticate copies of pleadings and orders, but counsel does not supply personal-knowledge testimony about the underlying wire-transfer events, authorization, bank security procedures, or Defendants' intent. Rule 56(c)(4) requires personal knowledge for facts asserted in declarations. Plaintiffs supplied none from any percipient witness.

Defendants object under Rule 56(c)(2) to Plaintiffs' reliance on FOFCOL and other state-court orders as proof of the truth of disputed factual assertions. At most, those materials show that a state-court record exists. They do not prove the federal elements of § 523(a)(4) or § 523(a)(6).

To the extent Plaintiffs rely on "judicial notice" to convert FOFCOL into admissible fact proof, that is incorrect. The Court may notice that court records exist. It may not accept disputed factual assertions within those records as true to prove § 523 elements absent valid collateral estoppel. See Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001).

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 11 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
 . . . . . . ..eysum @ proton.me

Because Plaintiffs did not come forward with competent, admissible evidence proving every element of § 523(a)(4) and § 523(a)(6), the Court should deny Plaintiffs' MSJ.

## C. Plaintiffs cannot use Washington issue preclusion to treat FOFCOL as "undisputed facts"

Plaintiffs' MSJ necessarily depends on collateral estoppel. Washington collateral estoppel requires: (1) identity of issues; (2) a final judgment on the merits; (3) privity; and (4) no injustice. Christensen v. Grant Cnty. Hosp. Dist. No. 1, 152 Wn.2d 299 (2004).

Plaintiffs did not establish finality. FOFCOL itself states that the award "may be reduced to a judgment," confirming FOFCOL is not itself an entered final judgment. (Mensik Decl. Ex. I at 26.) Plaintiffs' counsel has repeatedly admitted in filings to this Court that Plaintiffs did not obtain an entered state-court judgment because the bankruptcy stay prevented it. (Doc. 15 at 6 ¶ 12; Doc. 12 at 8 (Factor No. 1).)

Plaintiffs cannot admit "no final judgment was entered" when that helps their procedural posture, and then insist FOFCOL is final when they seek to treat

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 12 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
                                    - ......num a proton.me

its narrative findings as binding facts. That contradiction defeats Plaintiffs' preclusion theory and confirms Plaintiffs have not met their Rule 56 burden.

Identity of issues also fails. Dischargeability under § 523 is a federal question; the Bankruptcy Court determines whether the debt, if any, is excepted from discharge under federal elements. Brown v. Felsen, 442 U.S. 127 (1979). State-law labels (e.g., "conversion") do not automatically establish the federal elements of embezzlement, larceny, or willful and malicious injury.

### D. Even on the merits, Plaintiffs' theories fail as a matter of law absent competent proof - and Article 4A governs the funds-transfer issues

Plaintiffs invoke § 523(a)(4) through embezzlement and larceny. (Doc. 9 at 7–8.) Both theories require proof that Defendants took or misappropriated "property of another." Plaintiffs offer no admissible evidence addressing the governing funds-transfer law (Regulation J and UCC Article 4A, RCW 62A.4A), which allocates rights and remedies for completed Fedwire transfers.

On October 16, 2023, the wire transfers completed and were credited. (Def. SMF ¶ 8; Ex. 7; Ex. 36.) Plaintiffs' MSJ does not confront Article 4A's finality rules or demonstrate - by admissible evidence - that Plaintiffs retained an ownership interest in the transferred funds after acceptance and crediting.

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 13 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- ................ a.proton.me

Plaintiffs also invoke § 523(a)(6) (willful and malicious injury). (Doc. 9 at 8–9.) Section 523(a)(6) requires proof of a deliberate injury, not merely a disputed entitlement to funds or a state-court enforcement narrative. Plaintiffs do not provide admissible evidence of Defendants' subjective intent to injure Plaintiffs, and Plaintiffs rely instead on FOFCOL labels and procedural orders. That is not competent Rule 56 proof.

### E. Plaintiffs' own proffered FOFCOL rejects fraud; Count I is foreclosed on Plaintiffs' MSJ record

Plaintiffs pleaded § 523(a)(2)(A) (false pretenses, false representation, or actual fraud) as Count I. (Complaint (Doc. 2) at 6 (¶ 4.1).) Plaintiffs' Motion for Summary Judgment conspicuously omits any request for summary judgment on that claim. (Doc. 9.) That omission is consistent with Plaintiffs' only proffered "merits" source: Plaintiffs rely on the state-court Findings of Fact and Conclusions of Law ("FOFCOL") (Mensik Decl., Ex. I), yet the FOFCOL expressly rejects fraud - finding Plaintiffs "cannot establish a claim of fraud" and explaining that the alleged statements were promises of future conduct rather than misrepresentations of existing fact. (FOFCOL ¶ 212; see also id. ¶¶ 210–213.)

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 14 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

Defendants do not dispute FOFCOL ¶ 212, and Defendants' pending CR 52(b) motion challenges other findings while leaving the fraud rejection intact - because the fraud rejection is the only portion of the FOFCOL compatible with controlling law and thus the only portion that is material and sufficiently firm for any preclusion analysis. (Defs.' CR 52(b) Mot. (AP 25-80037, Doc. __) at __.)

Accordingly, Plaintiffs' MSJ should be denied. Further, under Rule 56(f), the Court may - after notice and a reasonable time to respond - enter judgment for Defendants on Count I based on Plaintiffs' own Exhibit I (FOFCOL ¶ 212) and Plaintiffs' failure to cite any competent evidence supporting the elements of § 523(a)(2)(A). See Fed. R. Civ. P. 56(f); Fed. R. Civ. P. 56(c)(1)(A).

Plaintiffs cannot evade this dispositive fraud rejection by omitting § 523(a)(2)(A) while simultaneously asking this Court to infer the same fraud-like intent to satisfy embezzlement/larceny under § 523(a)(4) or willful-and-malicious injury under § 523(a)(6). If Plaintiffs contend the FOFCOL is binding for preclusion purposes, then the FOFCOL's fraud rejection binds them too. If Plaintiffs disclaim preclusion, Rule 56 still requires admissible evidence on each fraud element; Plaintiffs cite none. Either way, Count I is foreclosed on Plaintiffs' current record.

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 15 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- ........... @ proton.me

**Requested record-integrity findings:**

Because Plaintiffs' MSJ relies on FOFCOL narrative as "facts," while the record contains contrary bank-system evidence (Defs.' Ex. 36; Eric Young Decl. re TranZact/IMAD Finality), Defendants request that the Court make express findings that: (1) Plaintiffs have not satisfied Washington's issue-preclusion prerequisites for treating FOFCOL findings as binding facts here; (2) judicial notice, if any, is limited to existence/procedural posture and not truth-as-proof; and (3) Plaintiffs' MSJ fails under Rule 56 because it does not present competent admissible evidence establishing the federal elements of § 523(a)(4) or § 523(a)(6). These findings are necessary to protect the Rule 56 process and to prevent repetition of the same nonfinal-record maneuvering in further proceedings.

**F. Rule 56(h) notice and request for integrity-based relief under § 105(a)**

Rule 56(h) authorizes sanctions where an affidavit or declaration is submitted in bad faith or solely for delay. Fed. R. Civ. P. 56(h); Fed. R. Bankr. P. 7056. Plaintiffs' MSJ is carried almost entirely by counsel's declaration attaching state-court pleadings/orders and the non-final FOFCOL, and then treating

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 16 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

FOFCOL narrative findings as "undisputed facts" sufficient to satisfy the federal elements of § 523(a)(4) and § 523(a)(6). (Doc. 9; Doc. 11; Doc. 10.)

That presentation is incompatible with the governing Rule 56 framework and Plaintiffs' own record admissions about finality. Judicial notice permits recognition that a court record exists; it does not permit using disputed factual assertions within that record as "true facts" for summary judgment absent satisfaction of issue-preclusion prerequisites. Plaintiffs' counsel has also represented to this Court that Plaintiffs were kept from obtaining a judgment in the state-court case due to the bankruptcy stay. (Case No. 25-01029-FPC7, Doc. 15 at ¶ 12; Adv. Proc. 25-80037-FPC7, Doc. 12 at ¶ 11.)

On this record, Plaintiffs' use of a carrier declaration to launder non-final state findings into purportedly "undisputed" federal element proof - while omitting the same FOFCOL's dispositive fraud rejection and while separately acknowledging no judgment was entered - presents a direct challenge to the integrity of the Rule 56 process. Defendants therefore place Plaintiffs and counsel on notice that Defendants will request appropriate relief under Rule 56(h) and the Court's § 105(a) authority to prevent abuse of process, including measures

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 17 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
. . . . . . . . . . . . - ekbeersingun@proton.me

necessary to protect the Court's summary-judgment gatekeeping function, after notice and a reasonable time to respond.

Defendants request that the Court consider appropriate relief, including an order to show cause, after notice and a reasonable time to respond.

## V.    CONCLUSION

Plaintiffs' MSJ is not supported by admissible Rule 56 evidence. It is predicated on nonfinal state findings and counsel "carrier" declarations rather than competent proof establishing the federal elements of § 523(a)(4) or § 523(a)(6). At the same time, Plaintiffs avoid the governing framework that actually controls this dispute: Washington's UCC Article 4A and Regulation J, together with Plaintiffs' own discovery-produced TranZact/IMAD "Complete" records establishing the wire-transfer completion/acceptance timeline.

A trial would not cure Plaintiffs' legal and evidentiary failures; it would only compound the prejudice of forcing pro se Debtors to re-litigate a dispute that is already resolvable on the dispositive record and controlling law. Rule 56 exists to prevent exactly that kind of needless continuation - especially where the movant seeks extraordinary relief while refusing to carry the burden of admissible proof.

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 18 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
......... @proton.me

The Court should deny Plaintiffs' Motion for Summary Judgment and enforce Rule 56's gatekeeping function in a manner that prevents further misuse of nonfinal state material as "truth evidence" in this adversary.

For the foregoing reasons, Defendants request that the Court enter an order:

(1)     DENYING Plaintiffs' Motion for Summary Judgment;

(2)     Making express findings that:

    (a)     Plaintiffs have not satisfied Washington's issue-preclusion prerequisites for treating FOFCOL findings as binding facts in this adversary;

    (b)     Any judicial notice is limited to the existence and procedural posture of the cited state-court records and not the truth of disputed factual assertions; and

    (c)     Plaintiffs' MSJ fails under Rule 56 because Plaintiffs have not presented competent admissible evidence establishing the federal elements of § 523(a)(4) or § 523(a)(6); and

(3)     Granting such further relief as is necessary to protect the integrity of the Court's Rule 56 process, including, where appropriate, Rule 56(f) notice and entry of judgment on issues conclusively foreclosed by Plaintiffs' own proffered record

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 19 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1  (4)  Defendants further request that the Court confirm that, on Plaintiffs' current

2  record, a trial would serve no legitimate purpose because Plaintiffs have not

3  produced admissible, element-level proof creating a genuine dispute for

4  trial.

5

6

7  Respectfully Submitted,

8

9

10  Dated: December 29, 2025

11

12  /s/    Eric Young          /s/ Susan Young

13  Eric Young          Susan Young

14

15

16

17

18

19

20

21

22

23

# I. CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

By First-Class Mail or Hand Delivery:

Matthew Mensik
Riverside NW Law Group
505 W. Riverside Ave. Suite 208
Spokane, WA 99201

Courtesy Copy by Email:
mam@rnwlg.com

Trustee John D. Munding
via email:
John@mundinglaw.com

DATED this 29th day of December, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL  eric.encrypt@pm.me
susansanum@proton.me

DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
PAGE 21 OF 21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
susansanum@proton.me