ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

Defendants Pro Se

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>ERIC ROSS YOUNG and<br>SUSAN LINETTE YOUNG,<br>Debtors. | CASE NO. 25-01029-FPC7<br><br>CHAPTER 7<br><br>ADVERSARY NO. 25-80038-FPC |
| LINDA COLE and TED COLE,<br>Plaintiffs,<br>v.<br>ERIC ROSS YOUNG and<br>SUSANANN LYNETTE (sic) YOUNG,<br>Defendants. | DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (LBR 7056(c); FRCP 56; FRBP 7056) |

# I. INTRODUCTION

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

**GLOBAL OBJECTIONS ("GO"):**

**(applies to Plaintiffs' Facts ¶¶ 1–13 and 10(a)–(v), and to Plaintiffs' "incorporation by reference" of 213 FOFCOL findings)**

Plaintiffs' Statement of Facts relies predominantly on excerpts from the Spokane County Superior Court Findings of Fact and Conclusions of Law ("FOFCOL") offered for the truth of the matters asserted. Defendants admit only that the FOFCOL is a court record that exists and contains statements; Defendants dispute that the FOFCOL findings are competent Rule 56 proof of the truth of those asserted facts, or binding in this adversary proceeding, because Plaintiffs have not established collateral estoppel predicates (including finality and identity of issues), and have not shown the FOFCOL findings can be presented in admissible form to prove the elements of 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(6), or the existence of an enforceable "debt" under 11 U.S.C. § 502(b)(1).

**Supplemental objection:** Plaintiffs' attempt to "incorporate by reference" 213 findings "as if set forth herein" (without setting them forth as numbered facts with specific record citations and attached supporting pages) is not a proper substitute for the showing required by FRCP 56 and LBR 7056(c).

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmunt@proton.me

**GO-1:  RULE 56 / LBR 7056 1 COMPLIANCE (COMPETENT EVIDENCE REQUIRED)**

-----------------------------------------------

DEFENDANTS' RESPONSE:

Plaintiffs' counsel is attempting to import 213 findings from a state court into their 523 / request for summary judgment 'by incorporation' - seeking to transmute inadmissible hearsay and unsupported rhetoric into 'facts'.  That is 'Merits Laundering' and is not permitted under Rule 56, which asserts, for example, that a procedurally coercive order entered under a legally unavailable restraint theory cannot be used as element proof of "property of another," "entrustment," "felonious taking," or "malice."  Plaintiffs must support each asserted "fact" with competent Rule 56 material and pinpoint citations, not narrative, argument, or incorporations by reference. "Undisputed" labels and burden shifting rhetoric ("no evidence to the contrary") are no more than opinion masquerading as 'findings', and  counsels' mindless repetition/incorporation here are improper in a Statement of Facts. See Fed. R. Civ. P. 56(c)(1), 56(c)(4); Fed. R. Bankr. P. 7056; LBR 7056 1. - (Plaintiffs' SOF ¶ 10 n.1 (incorporation of 213 FOFCOL findings), Doc. 10; Mensik Decl. (carrier declaration attaching FOFCOL), Doc. 11; FOFCOL, Mensik Decl. Ex. I)

**GO-2:  JUDICIAL NOTICE IS EXISTENCE ONLY, NOT TRUTH AS PROOF**

-----------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

To the extent Plaintiffs rely on court filings/orders/FOFCOL, the Court may notice the existence and procedural posture of those documents, not treat disputed factual assertions inside them as "true facts" for Rule 56 purposes unless Plaintiffs establish the prerequisites for issue preclusion. (Use your Lee style language here.) - (Doc. 11 (Mensik Decl. attaching court records/FOFCOL); Doc. 10 (SOF relying on FOFCOL/orders); Doc. 9 (MSJ relying on FOFCOL).)

**GO-3: FOFCOL IS NON FINAL AND NOT ISSUE PRECLUSIVE**

------------------------------------------------

DEFENDANTS' RESPONSE:

Plaintiffs' entire SOF is predicated on a non final FOFCOL that expressly contemplates later reduction to judgment ("may be reduced to a judgment"). Plaintiffs' counsel has also represented in this Court that Plaintiffs were kept from obtaining a judgment due to the bankruptcy stay. Accordingly, Plaintiffs cannot use FOFCOL as preclusive "undisputed facts" to satisfy § 523 elements at summary judgment. - (Doc. 11, Ex. I (FOFCOL Order section: 'may be reduced to a judgment'); 25-01029 Doc. 15 ¶ 12 (Mensik admission: bankruptcy stay kept Coles from obtaining a judgment); AP 25-80037 Doc. 12 ¶ 11 (Mensik admission: no judgment entered due to stay); AP 25-80037 CR 52(b) motion (pending) (Doc 17-10 to 17-13))

PLAINTIFFS' SOF (NUM/SUBNUM): GO-4

==============================

PLAINTIFFS' SOF:

Interim state enforcement orders (TRO/PI/contempt/bench warrant) are not merits adjudications

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 4 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me :: jaegersmum@proton.me

----------------------------------------------

DEFENDANTS' RESPONSE:

Interim coercive/enforcement orders do not adjudicate ownership, liability, intent, or § 523 elements. They are not competent substitutes for admissible proof of the elements Plaintiffs must establish under Rule 56.

Additionally, Plaintiffs cite interim state TRO/PI enforcement orders as though they establish ownership and § 523 intent elements. They do not. The TRO/PI relief rests on a restraint theory that is statutorily unavailable for completed Fedwire funds transfers: RCW 62A.4A-503 permits only the narrow injunctions enumerated in the statute and provides that "A court may not otherwise restrain" acts "with respect to a funds transfer. - (Doc. 11 (Mensik Decl. Exs. B–H (TRO/PI/contempt/bench warrant/related orders)); Doc. 10 (SOF ¶¶ 2–7 citing TRO/PI/contempt as 'facts'); RCW 62A.4A-503 (statutory limits on restraints 'with respect to a funds transfer').)

**GO-5: ARTICLE 4A / REGULATION J GOVERNS; THE TRANZACT/IMAD TRACE RECORD ESTABLISHES COMPLETION AND PLAINTIFFS' PRE-SUIT KNOWLEDGE**

----------------------------------------------

DEFENDANTS' RESPONSE:

The transactions at issue are Fedwire funds transfers governed by RCW 62A.4A and Federal Reserve Regulation J.

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 5 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

The Rule 56 record includes Plaintiffs' own discovery production of TranZact wire-detail pages bearing Bates labels COLE_001295–COLE_001296, which state on their face (i) a 10/24/23 print timestamp and (ii) "Wire Status: Complete" entries for both wires on 10/16/2023 with specific IMAD identifiers and Bank of America, N.A. listed as the receiving financial institution, identifying Eric Young as the beneficiary. (Defendants' Ex. 36 at COLE_001295– COLE_001296; Eric Young Decl. re TranZact/IMAD Finality (filed with this Objection) ¶¶ 2– 4, Ex. A.)

This evidence establishes the completion/acceptance timeline and demonstrates Plaintiffs possessed bank-trace finality evidence before filing suit on 11/6/2023.

Plaintiffs therefore cannot treat state-law "conversion/civil theft," "wrongfully obtained," or "Plaintiffs' monies" labels as "undisputed facts" to satisfy § 523 elements.

Article 4A supplies the controlling authorization/finality framework for completed funds transfers, and RCW 62A.4A-503 tightly limits injunctions "with respect to a funds transfer." - (Defendants' Ex. 36 at COLE_001295–COLE_001296; Eric Young Decl. re TranZact/IMAD Finality (filed with this Objection) ¶¶ 2–4, Ex. A.)

## GO-6: RELEVANCE / UNFAIR PREJUDICE

-------------------------------------------

DEFENDANTS' RESPONSE:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 6 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me :: jaegersmum@proton.me

Age, religion/manipulation characterizations, incarceration details, and similar inflammatory collateral matter are not material to § 523 elements and should be disregarded as irrelevant/unfairly prejudicial in the Rule 56 record. - (Doc. 10 SOF 10(a) (age) and SOF 12 (religion/manipulation); Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–4 (age/relationships) and ¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

## GO-7: FOUNDATION/TRACING REQUIRED

-----------------------------------------------

DEFENDANTS' RESPONSE:

Assertions about what was "spent," what remained "unspent," and what constitutes "Plaintiffs' money" require authenticated financial records and competent tracing; Plaintiffs' SOF supplies none. FOFCOL recitations and lawyer narrative are not substitutes for admissible records. - (Doc. 10 SOF 2–6, 11 (labels 'Plaintiffs' monies,' 'not yet spent,' 'spent over $100,000'); Doc. 11 (Mensik Decl. attaching orders/FOFCOL without bank tracing records); Defs.' Ex. 36 (TranZact/OWFCU docs produced by Plaintiffs) (for what competent tracing looks like); Defs.' SMF ¶ 46 (ownership/timing premise).)

## GO-8: COUNSEL "CARRIER DECLARATIONS" DON'T CONVERT NON EVIDENCE INTO EVIDENCE

-----------------------------------------------

DEFENDANTS' RESPONSE:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 7 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
evening.encrypt@pm.me - jaegersmunu@proton.me

A lawyer declaration attaching court documents may authenticate that the attachments are what they purport to be, but it does not provide personal knowledge proof of underlying disputed facts or intent; Plaintiffs still must present admissible Rule 56 evidence on each § 523 element. - (Doc. 11 (Mensik Decl. as carrier attaching FOFCOL/orders/pleadings); Doc. 9 (MSJ relying on that carrier); Doc. 10 (SOF relying on that carrier).)

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 8 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
cvyoung.encrypt@pm.me - jaegersmum@proton.me

1     PLAINTIFFS' SOF (NUM/SUBNUM): 1

2     ================================

3     PLAINTIFFS' SOF:

4     Plaintiffs sued Defendants Eric Ross Young and Susan Linette Young ("Defendants") in

5     Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case"), on November

6     6, 2023, for fraud, conversion, and injunctive relief relating to the Debtors wrongfully obtaining

7     over $362,000 from the Coles. Declaration of Matthew A. Mensik ("Mensik Decl."), ¶ 3, Ex.

8     A."

9     ---------------------------------------------

10     DEFENDANTS' RESPONSE:

11     Admit only that Plaintiffs filed the referenced state-court complaint on 11/6/2023. Dispute all

12     merits/ownership characterizations (e.g., "wrongfully obtaining," "Plaintiffs' monies") as non-

13     evidence/argument and legally improper under Article 4A/Reg J. See Def. SMF ¶¶5–10 (esp. ¶8

14     re TranZact/IMAD "Complete" status pre-suit). (GO-1, GO-2, GO-5, GO-7, GO-8.) - (Ex. 11;

15     Ex. 10-B; Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

16     PLAINTIFFS' SOF (NUM/SUBNUM): 1.01

17     ================================

18     PLAINTIFFS' SOF:

19     Plaintiffs sued Defendants Eric Ross Young and Susan Linette Young ("Defendants")

20     ---------------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 9 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
cy.come.c93.txt?@pm.me :: jaegersmmm@proton.me

1    DEFENDANTS' RESPONSE:

2    Admit only the procedural filing event/party names as reflected in the cited complaint; dispute

3    any implied merits, liability, ownership, or §523 element. (GO-2, GO-1.) - (Ex. 10-B; FRE 201;

4    FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

5    PLAINTIFFS' SOF (NUM/SUBNUM): 1.02

6    ===============================

7    PLAINTIFFS' SOF:

8    in Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case")

9    ---------------------------------------------

10   DEFENDANTS' RESPONSE:

11   Admit only the forum/case caption as reflected; dispute any implied merits/ownership. (GO-2.)

12   - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

13   PLAINTIFFS' SOF (NUM/SUBNUM): 1.03

14   ===============================

15   PLAINTIFFS' SOF:

16   on November 6, 2023

17   ---------------------------------------------

18   DEFENDANTS' RESPONSE:

19   Admit only the filing date as reflected; dispute any implied merits/ownership. (GO-2.) - (Ex.

20   10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

21

22   DEFENDANTS' STATEMENT OF DISPUTED MATERIAL         ERIC AND SUSAN YOUNG - Defendants Pro Se
     FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR         12402 N Division St #167 :: Spokane, WA 99218
     SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP                        PHONE (936-463-8411)
     7056)                                                     ᴄ…ᴏ…ᴏ…ᴏ… … ᴘᴏᴏ…ᴘɴᴏᴏ.ᴏᴏ - jaegersmum@proton.me

23   PAGE 10 OF 103

PLAINTIFFS' SOF (NUM/SUBNUM): 1.04

================================

PLAINTIFFS' SOF:

for fraud, conversion, and injunctive relief

------------------------------------------------

DEFENDANTS' RESPONSE:

Admit only that those labels were pleaded in the complaint; dispute that pleading labels establish any Rule 56 fact or any §523 element.

Disputed. Legal conclusion/argument, not an admissible fact; and conversion framing is displaced by Article 4A for wire transfers.(GO-1, GO-2.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 1.05

================================

PLAINTIFFS' SOF:

relating to the Debtors wrongfully obtaining over $362,000 from the Coles

------------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. This is argumentative pleading rhetoric, not competent Rule 56 evidence. The Fedwire transfers are governed by Article 4A/Reg J, and conversion framing is displaced by

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmmn@proton.me

Article 4A for wire transfers.; "wrongfully obtained" and "Plaintiffs' monies" are disputed legal conclusions. See Def. SMF ¶¶5–8, ¶10. (GO-1, GO-5, GO-7.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 1.06

============================================

PLAINTIFFS' SOF:

wrongfully obtaining

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Legal conclusion/characterization, not a fact, and conversion framing is displaced by Article 4A for wire transfers; cannot be "established" by a complaint or counsel declaration. (GO-1, GO-8.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 1.07

============================================

PLAINTIFFS' SOF:

over $362,000

-----------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmom@proton.me

1  Disputed as framed and unsupported by admissible tracing/records; Plaintiffs cite no competent

2  bank accounting establishing this as a nondischargeable debt. (GO-1, GO-7.) - (FRCP 56(c);

3  Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

4  judgment").)

5  PLAINTIFFS' SOF (NUM/SUBNUM): 1.08

6  =================================

7  PLAINTIFFS' SOF:

8  from the Coles

9  ----------------------------------------------

10 DEFENDANTS' RESPONSE:

11 Disputed as a merits/ownership label. Plaintiffs' own production shows bank-authorized wire

12 activity and final settlement; Plaintiffs' "still ours" framing is disputed under Article 4A. See

13 Def. SMF ¶¶1–8, ¶62. (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7,

14 36; RCW 62A.4A-406.)

15 PLAINTIFFS' SOF (NUM/SUBNUM): 1.09

16 =================================

17 PLAINTIFFS' SOF:

18 Declaration of Matthew A. Mensik ("Mensik Decl."), ¶ 3, Ex. A.

19 ----------------------------------------------

20 DEFENDANTS' RESPONSE:

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmmr@proton.me

1  Objection: Counsel's "carrier declaration" is not personal-knowledge proof of the truth of

2  underlying disputed facts; exhibits may show existence of filings, not truth of allegations. (GO-

3  1, GO-2, GO-8.) - (Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)

4  (court records noticeable, not truth of disputed facts); Christensen (preclusion elements);

5  Defendants SMF ¶25 (non-judgment language).)

6  PLAINTIFFS' SOF (NUM/SUBNUM):  2

7  ================================

8  PLAINTIFFS' SOF:

9  On November 8, 2023, the Plaintiffs obtained a temporary restraining order against the

10  Defendants, in which the Court ordered that $280,000 of the Plaintiffs' monies that had not yet

11  been spent, be frozen in the Defendants' Fidelity investment account until a future hearing on

12  the matter. Mensik Decl., ¶ 4, Ex. B."

13  -------------------------------------------

14  DEFENDANTS' RESPONSE:

15  Admit only that a TRO existed dated 11/8/2023 and contains the referenced "freeze" language

16  (procedural event only).

17

18  Dispute the ownership/tracing characterizations ("Plaintiffs' monies," "not yet spent") and any

19  inference the TRO adjudicated ownership, liability, intent, or any §523 element.

20

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
········ ·· ··· ···· ··· ··· ·· ·· - jaegersmimir@proton.me

1  Supplemental objections: interim enforcement orders are not competent Rule 56 proof absent

2  issue preclusion; and Defendants dispute the TRO's validity/effect under RCW 7.40.080 (bond)

3  and RCW 62A.4A-503 (limits on restraints re funds transfers). (GO-1, GO-2, GO-4, GO-5, GO-

4  7.)

5

6  Dispute the validity of said TRO on multiple grounds:

7  - Controlling law UCC Article 4A / RCW 62A.4A-503 defines the only permissible constraints

8  on funds transferred and paid into Beneficiary's account.

9  - The TRO as issued violated the mandatory requirement of meaningful bond under RCW

10  7.040.080, which failure constitutes an ultra vires act, rendering the TRO inert as a legal nullity,

11  void - not voidable (void ab initio). - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–

12  35; Ex. 25; Ex. 10-B; 62A.4A-503)

13

14  PLAINTIFFS' SOF (NUM/SUBNUM): 2.02

15  ================================

16  PLAINTIFFS' SOF:

17  the Plaintiffs obtained a temporary restraining order against the Defendants

18  ----------------------------------------------

19  DEFENDANTS' RESPONSE:

20  Admit only that the TRO was entered; dispute any implied merits/ownership. (GO-2, GO-4.)

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23  PAGE 15 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jregersmmm@proton.me

1  Dispute any inference that it adjudicates ownership, intent, or any §523 element. Supplemental

2  objection: the relief sought and obtained is inconsistent with RCW 62A.4A-503's exclusive

3  limits on injunctions 'with respect to a funds transfer' and is therefore not competent Rule 56

4  proof of Plaintiffs' 'property of another' premise. - (Ex. 10-B; FRE 201; FRCP 56(c);

5  Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

6  PLAINTIFFS' SOF (NUM/SUBNUM): 2.03

7  ==================================

8  PLAINTIFFS' SOF:

9  in which the Court ordered that $280,000 of the Plaintiffs' monies that had not yet been spent be

10  frozen in the Defendants' Fidelity investment account until a future hearing on the matter

11  ----------------------------------------

12  DEFENDANTS' RESPONSE:

13  Admit only that the TRO contains quoted language; dispute the embedded ownership/tracing

14  assertions and any inference of §523 elements. Interim TRO language is not competent Rule 56

15  evidence of truth of disputed facts. (GO-1, GO-2, GO-4, GO-7.) - (FRCP 56(c); Defendants

16  SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

17

18  PLAINTIFFS' SOF (NUM/SUBNUM): 2.05

19  ==================================

20  PLAINTIFFS' SOF:

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23  PAGE 16 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- jaepersmum@proton.me

1  $280,000

2  ----------------------------------------------

3  DEFENDANTS' RESPONSE:

4  Disputed. Amount/tracing/ownership are not established by admissible account records in

5  Plaintiffs' SOF. (GO-1, GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 &

6  Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

7  PLAINTIFFS' SOF (NUM/SUBNUM): 2.06

8  ==============================================

9  PLAINTIFFS' SOF:

10 of the Plaintiffs' monies

11 ----------------------------------------------

12 DEFENDANTS' RESPONSE:

13 Disputed. "Plaintiffs' monies" is a disputed legal conclusion; Article 4A/Reg J governs the

14 Fedwire transfers and the post-acceptance framing. See Def. SMF ¶¶5–8. (GO-5.) - (Defendants

15 SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

16 PLAINTIFFS' SOF (NUM/SUBNUM): 2.07

17 ==============================================

18 PLAINTIFFS' SOF:

19 that had not yet been spent

20 ----------------------------------------------

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
piegersmum@proton.me

1  DEFENDANTS' RESPONSE:

2  Disputed. Unsupported tracing assertion; Plaintiffs cite no admissible Fidelity/BofA account

3  statements establishing "unspent" amounts or ownership. (GO-7.) - (FRCP 56(c); Defendants

4  SMF ¶46; Exs. 1–3, 7, 36.)

5  PLAINTIFFS' SOF (NUM/SUBNUM):  2.08

6  =================================

7  PLAINTIFFS' SOF:

8  be frozen in the Defendants' Fidelity investment account

9  ---------------------------------------------

10 DEFENDANTS' RESPONSE:

11 Admit only that the TRO purported to restrain activity in an account; dispute any implied

12 merits/ownership/§523 inference. (GO-2, GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c);

13 Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

14

15 PLAINTIFFS' SOF (NUM/SUBNUM):  2.1

16 =================================

17 PLAINTIFFS' SOF:

18 until a future hearing on the matter

19 ---------------------------------------------

20 DEFENDANTS' RESPONSE:

21

22

23

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmmr@proton.me

Admit only the procedural posture (pending hearing). (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 2.11

==============================

PLAINTIFFS' SOF:

Mensik Decl., ¶ 4, Ex. B

----------------------------------------

DEFENDANTS' RESPONSE:

Objection: citation/exhibit reference is not a fact; counsel declaration is a carrier. (GO-1, GO-8.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 3

==============================

PLAINTIFFS' SOF:

On February 2, 2024, the Plaintiffs obtained a preliminary injunction against the Debtors. Judge High-Edward ordered the Defendants to turn over all the frozen monies held by the Defendants to the Plaintiffs then counsel, Michael Merritt, by February 6, 2024. The Defendants were also ordered to provide an accounting for the approximately $82,000 of the Plaintiffs' money the Defendants already spent. Mensik Decl., ¶ 5, Ex. C."

----------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP 7056)
PAGE 19 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
pjegersmann@proton.me

1  DEFENDANTS' RESPONSE:

2  Admit only that a preliminary injunction order exists and contains the quoted directives. Dispute

3  any inference that an interim PI adjudicates ownership/liability/intent or any §523 element, and

4  dispute embedded ownership/tracing ("Plaintiffs' money," "spent") absent admissible records.

5  (GO-1, GO-2, GO-4, GO-7.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35;

6  Ex. 25; Ex. 10-B.)

7  PLAINTIFFS' SOF (NUM/SUBNUM): 3.01

8  ================================

9  PLAINTIFFS' SOF:

10  On February 2, 2024

11  ---------------------------------------------

12  DEFENDANTS' RESPONSE:

13  Admit only the order date. (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–

14  35; Ex. 25; Ex. 10-B.)

15  PLAINTIFFS' SOF (NUM/SUBNUM): 3.02

16  ================================

17  PLAINTIFFS' SOF:

18  the Plaintiffs obtained a preliminary injunction against the Debtors

19  ---------------------------------------------

20  DEFENDANTS' RESPONSE:

21
22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)
23  PAGE 20 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyersmmn@proton.me

Admit only the procedural event (PI entered); dispute any implied merits/ownership. (GO-2, GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.03

==================================

PLAINTIFFS' SOF:

Judge High-Edward ordered the Defendants to turn over all the frozen monies held by the Defendants to the Plaintiffs then counsel, Michael Merritt, by February 6, 2024

-----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only that the PI order contains this language; dispute ownership implications and §523 inferences; interim enforcement orders are not competent Rule 56 proof of truth of disputed facts absent issue preclusion. (GO-1, GO-2, GO-4, GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.04

==================================

PLAINTIFFS' SOF:

The Defendants were also ordered to provide an accounting for the approximately $82,000 of the Plaintiffs' money the Defendants already spent

-----------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
piegersmumr@proton.me

1  Admit only that the PI order includes an accounting directive; dispute the embedded

2  tracing/ownership assertions absent admissible records. (GO-7, GO-4.) - (FRCP 56(c);

3  Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

4  judgment").)

5  PLAINTIFFS' SOF (NUM/SUBNUM):  3.05

6  ==================================

7  PLAINTIFFS' SOF:

8  Judge High-Edward ordered the Defendants to turn over all the frozen monies held by the

9  Defendants

10  ----------------------------------------

11  DEFENDANTS' RESPONSE:

12  Admit only that the PI includes turnover language; dispute any implied merits/ownership/§523

13  inference. (GO-2, GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex.

14  25; Ex. 10-B.)

15  PLAINTIFFS' SOF (NUM/SUBNUM):  3.06

16  ==================================

17  PLAINTIFFS' SOF:

18  the frozen monies held by the Defendants

19  ----------------------------------------

20  DEFENDANTS' RESPONSE:

21

Disputed. "Frozen monies"/ownership framing is not established by admissible account records and is disputed under Article 4A. (GO-5, GO-7.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.07

===================================

PLAINTIFFS' SOF:

to the Plaintiffs then counsel, Michael Merritt

-----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the procedural directive in the order; dispute any merits/§523 inference. (GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.08

===================================

PLAINTIFFS' SOF:

by February 6, 2024

-----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the stated deadline. (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.09

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 23 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersummr@proton.me

==================================

PLAINTIFFS' SOF:

The Defendants were also ordered to provide an accounting

-------------------------------------

DEFENDANTS' RESPONSE:

Admit only the procedural directive exists; dispute any merits/§523 inference. (GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.11

==================================

PLAINTIFFS' SOF:

the approximately $82,000

-------------------------------------

DEFENDANTS' RESPONSE:

Disputed; Plaintiffs cite no admissible tracing/records establishing this as "Plaintiffs' money" or material to §523 elements. (GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 3.12

==================================

PLAINTIFFS' SOF:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jagersmann@proton.me

1    of the Plaintiffs' money

2    ----------------------------------------------

3    DEFENDANTS' RESPONSE:

4    Disputed. Ownership label is legally improper and factually disputed under Article 4A/Reg J.

5    (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

6

7    PLAINTIFFS' SOF (NUM/SUBNUM): 3.14

8    ==========================

9    PLAINTIFFS' SOF:

10    already spent

11    ----------------------------------------------

12    DEFENDANTS' RESPONSE:

13    Disputed. Requires admissible bank/account records and tracing; Plaintiffs cite none. (GO-7.) -

14    (FRCP 56(c); Defendants SMF ¶46; Exs. 1–3, 7, 36.)

15    PLAINTIFFS' SOF (NUM/SUBNUM): 3.15

16    ==========================

17    PLAINTIFFS' SOF:

18    Mensik Decl., ¶ 5, Ex. C

19    ----------------------------------------------

20    DEFENDANTS' RESPONSE:

21

22    DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP 7056)

23    PAGE 25 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericandsusan@proton.me

Objection: citation is not a fact; counsel declaration is a carrier. (GO-1, GO-8.) - (FRCP 56(c);

Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 4

=========================================

PLAINTIFFS' SOF:

Defendants willfully disobeyed Judge High-Edward's February 2, 2024, order. Plaintiffs

brought a motion for contempt, and on February 14, 2024, Judge High-Edward ordered the

Defendants to transfer the money to the Plaintiffs' counsel's trust account and provide a full

accounting within 24 hours. Mensik Decl., ¶ 5, Ex. D."

------------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. "Willfully disobeyed" is a legal conclusion/argument; admit only that Plaintiffs

sought contempt and the court issued interim enforcement orders. Such orders do not establish

ownership, intent, or any §523 element, and are not competent Rule 56 proof absent issue

preclusion. (GO-1, GO-2, GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–

35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 4.01

=========================================

PLAINTIFFS' SOF:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
:::: :::::::::: - pecersmurr@proton.me

1   Defendants willfully disobeyed

2   -----------------------------------------------

3   DEFENDANTS' RESPONSE:

4   Disputed. Improper legal conclusion/intent label, not a Rule 56 "fact." (GO-1.) - (Defendants

5   SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

6   PLAINTIFFS' SOF (NUM/SUBNUM):  4.02

7   =======================================

8   PLAINTIFFS' SOF:

9   Judge High-Edward's February 2, 2024 order

10   -----------------------------------------------

11   DEFENDANTS' RESPONSE:

12   Admit only that the referenced order exists; dispute any implied merits/ownership/§523

13   inference. (GO-2, GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex.

14   25; Ex. 10-B.)

15   PLAINTIFFS' SOF (NUM/SUBNUM):  4.03

16   =======================================

17   PLAINTIFFS' SOF:

18   Supplemental objection:

19   -----------------------------------------------

20   DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersmimir@proton.me

1  Objection: not a factual assertion; to the extent Plaintiffs rely on contempt/enforcement

2  proceedings as merits proof, see GO-4 and GO-2 (existence-only; not truth-as-proof). - (Ex. 10-

3  B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

4  PLAINTIFFS' SOF (NUM/SUBNUM):  4.04

5  ===============================

6  PLAINTIFFS' SOF:

7  on February 14, 2024, Judge High-Edward ordered the Defendants to transfer the money to the

8  Plaintiffs' counsel's trust account and provide a full accounting within 24 hours

9  ---------------------------------------------

10  DEFENDANTS' RESPONSE:

11  Admit only that the order contains this directive; dispute ownership/intent/§523 inferences;

12  interim enforcement orders are not competent Rule 56 proof absent issue preclusion. (GO-2,

13  GO-4, GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

14  ¶213: "may be reduced to a judgment").)

15

16  PLAINTIFFS' SOF (NUM/SUBNUM):  4.06

17  ===============================

18  PLAINTIFFS' SOF:

19  Plaintiffs brought a motion for contempt

20  ---------------------------------------------

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)

23  PAGE 28 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
· · · · · · · · · · · - pecersmmm@proton_me

1  DEFENDANTS' RESPONSE:

2  Admit only that a contempt motion was filed (procedural event). (GO-2.) - (Ex. 10-B; FRE 201;

3  FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 4.07

5  ========================================

6  PLAINTIFFS' SOF:

7  on February 14, 2024

8  ------------------------------------------------

9  DEFENDANTS' RESPONSE:

10  Admit only the stated date. (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–

11  35; Ex. 25; Ex. 10-B.)

12

13  PLAINTIFFS' SOF (NUM/SUBNUM): 4.09

14  ========================================

15  PLAINTIFFS' SOF:

16  transfer the money

17  ------------------------------------------------

18  DEFENDANTS' RESPONSE:

19

20

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
email - pecersman1z@proton.me

1   Disputed. Ownership/tracing are disputed and not established by admissible records in

2   Plaintiffs' SOF. (GO-5, GO-7.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7,

3   36; RCW 62A.4A-406.)

4   PLAINTIFFS' SOF (NUM/SUBNUM):  4.1

5   ==================================

6   PLAINTIFFS' SOF:

7   to the Plaintiffs' counsel's trust account

8   ----------------------------------------------

9   DEFENDANTS' RESPONSE:

10  Admit only that the order contains this procedural directive; dispute any merits/§523 inference.

11  (GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

12  PLAINTIFFS' SOF (NUM/SUBNUM):  4.11

13  ==================================

14  PLAINTIFFS' SOF:

15  provide a full accounting within 24 hours

16  ----------------------------------------------

17  DEFENDANTS' RESPONSE:

18  Admit only that the order includes an accounting directive; dispute any tracing/ownership

19  premise absent admissible records. (GO-7.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants

20  SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

21

PLAINTIFFS' SOF (NUM/SUBNUM):  5

=================================

PLAINTIFFS' SOF:

The Defendants failed to comply again with Judge High Edward's February 14, 2024 order. On

February 20, 2024, Judge High-Edward entered an order: (1) finding the Defendants "provided

a self-created accounting of the funds showing that they were negative $50,000.00"; (2) the

Defendants provided only $119,000 to the Plaintiffs; and (3) the Defendants' failure to account

for the money was "intentional and in bad faith." Mensik Decl., ¶ 5, Ex. E."

------------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the procedural reference to the February 14 order; dispute any implied merits/§523

inference. (GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex.

10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  5.01

=================================

PLAINTIFFS' SOF:

with Judge High Edward's February 14, 2024 order

------------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

Admit only the procedural reference to the February 14 order; dispute any implied merits/§523

inference. (GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex.

10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  5.02

====================================

PLAINTIFFS' SOF:

On February 20, 2024, Judge High-Edward entered an order

----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only that an order was entered on the stated date. (GO-2.) - (Ex. 10-B; FRE 201; FRCP

56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  5.03

====================================

PLAINTIFFS' SOF:

finding the Defendants "provided a self-created accounting of the funds showing that they were

negative $50,000.00"

----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Plaintiffs cannot convert quoted interim enforcement language into "undisputed

facts" without admissible foundation/tracing and without satisfying issue-preclusion

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1    requirements. (GO-1, GO-3, GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18

2    & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

3    PLAINTIFFS' SOF (NUM/SUBNUM): 5.04

4    ==============================

5    PLAINTIFFS' SOF:

6    the Defendants provided only $119,000 to the Plaintiffs

7    ----------------------------------------------

8    DEFENDANTS' RESPONSE:

9    Disputed. Amount/ownership/tracing are disputed and not established by admissible records in

10    Plaintiffs' SOF; "to Plaintiffs" framing also assumes entitlement. (GO-7.) - (Defendants SMF

11    ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

12    PLAINTIFFS' SOF (NUM/SUBNUM): 5.05

13    ==============================

14    PLAINTIFFS' SOF:

15    the Defendants' failure to account for the money was "intentional and in bad faith"

16    ----------------------------------------------

17    DEFENDANTS' RESPONSE:

18    Disputed. Legal conclusion/mental-state label; not competent Rule 56 evidence of §523 intent

19    elements. (GO-1, GO-4.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36;

20    RCW 62A.4A-406.)

21

22    DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP 7056)

23    PAGE 33 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

PLAINTIFFS' SOF (NUM/SUBNUM): 6

==================================

PLAINTIFFS' SOF:

The truth about the Debtor's use of the Plaintiffs' funds came to light on February 22, 2024. On February 14, in violation of the court's order, the Defendants' purchased a RV for $82,799.20 with the Plaintiffs' money (in addition to other expenditures). On that day, the Court ordered the following: IT IS SO ORDERED that: The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees. Mensik Decl., ¶ 8, Ex. F (emphasis added). The Court also ordered that it would consider incarceration if the Defendants "continued intransigence and blatant violation of the court's order." Id. at 3."

--------------------------------------------

DEFENDANTS' RESPONSE:

Objection/disputed. Argumentative and assumes ownership; not material Rule 56 fact. (GO-1, GO-6.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.; Exs. 29–31.)

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

PLAINTIFFS' SOF (NUM/SUBNUM): 6.01

================================

PLAINTIFFS' SOF:

The truth about the Debtor's use of the Plaintiffs' funds came to light

----------------------------------------

DEFENDANTS' RESPONSE:

Objection/disputed. Argumentative and assumes ownership; not material Rule 56 fact. (GO-1, GO-6.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 6.02

================================

PLAINTIFFS' SOF:

on February 22, 2024

----------------------------------------

DEFENDANTS' RESPONSE:

Disputed/immaterial as framed; the material issue is ownership/entitlement and competent evidence, not Plaintiffs' narrative framing. (GO-1.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 6.03

================================

PLAINTIFFS' SOF:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 35 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersmum@proton.me

On February 14, in violation of the court's order, the Defendants purchased a RV for $82,799.20 with the Plaintiffs' money

----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Plaintiffs' SOF offers only nonfinal order narrative; the source/ownership of the trailer funds is contradicted by admissible purchase/title evidence showing nonparty LLC ownership and LLC funds. See Def. SMF ¶30. (GO-1, GO-4, GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 6.04

===========================================

PLAINTIFFS' SOF:

in violation of the court's order

----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Legal conclusion; not a competent Rule 56 fact establishing §523 elements. (GO-1, GO-4.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 6.05

===========================================

PLAINTIFFS' SOF:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 36 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1  the Defendants purchased a RV for $82,799.20

2  ------------------------------------------------

3  DEFENDANTS' RESPONSE:

4  Disputed. Plaintiffs' "Debtors purchased an RV" allegation is contradicted by admissible

5  documentation showing REALM Analytics, LLC (nonparty) purchased/titled the job-site trailer

6  and paid with LLC funds. See Def. SMF ¶30 (Exs. 29–31; see also Exs. 16–17). (GO-1, GO-7.)

7  - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

8  reduced to a judgment").)

9  PLAINTIFFS' SOF (NUM/SUBNUM):  6.06

10  ==============================

11  PLAINTIFFS' SOF:

12  with the Plaintiffs' money

13  ------------------------------------------------

14  DEFENDANTS' RESPONSE:

15  Disputed. "Plaintiffs' money" is a disputed legal conclusion and requires competent tracing;

16  Plaintiffs provide none. The record contains contrary admissible proof of LLC funds for the

17  trailer. See Def. SMF ¶30. (GO-5, GO-7.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl

18  Exs. 1–5, 7, 36; RCW 62A.4A-406.)

19

20  PLAINTIFFS' SOF (NUM/SUBNUM):  6.08

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23  PAGE 37 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

========================================

PLAINTIFFS' SOF:

IT IS SO ORDERED

------------------------------------------------

DEFENDANTS' RESPONSE:

Admit only that the order contains this language; dispute any implied merits/§523 inference.

(GO-4.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213:

"may be reduced to a judgment").)


PLAINTIFFS' SOF (NUM/SUBNUM):  6.1

========================================

PLAINTIFFS' SOF:

freeze any use, removal, or inspection of the RV

------------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the order's procedural restraint language; dispute any merits/§523 inference and

note third-party rights issues where property is owned by nonparty LLC. See Def. SMF ¶30.

(GO-4.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  6.11

========================================

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
evening-encrypt@pm.me - jaegersmum@proton.me

PLAINTIFFS' SOF:

at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181

-----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the stated location (procedural detail). (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c);

Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  7

========================================

PLAINTIFFS' SOF:

On February 23, 2024, Judge High-Edward issued a bench warrant for Defendant Eric Young.

Mensik Decl., ¶ 9, Ex. G. Mr. Young was incarcerated for almost three weeks. Mensik Decl., ¶

10, Ex. H."

-----------------------------------------------

DEFENDANTS' RESPONSE:

Admit only the procedural event/date/location as stated in the cited record; dispute any implied

merits/ownership. - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex.

10-B.)

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung@nctryst.zono.me :: jaegersmum@proton.me

1   PLAINTIFFS' SOF (NUM/SUBNUM): 7.01

2   ===============================

3   PLAINTIFFS' SOF:

4   On February 23, 2024

5   ---------------------------------------------

6   DEFENDANTS' RESPONSE:

7   Admit only the stated date. (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–

8   35; Ex. 25; Ex. 10-B.)

9   PLAINTIFFS' SOF (NUM/SUBNUM): 7.02

10   ===============================

11   PLAINTIFFS' SOF:

12   Judge High-Edward issued a bench warrant for Defendant Eric Young

13   ---------------------------------------------

14   DEFENDANTS' RESPONSE:

15   Admit only that the cited order exists; dispute any merits/§523 inference. (GO-4.) - (Ex. 10-B;

16   FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

17   PLAINTIFFS' SOF (NUM/SUBNUM): 7.03

18   ===============================

19   PLAINTIFFS' SOF:

20   Mr. Young was incarcerated for almost three weeks

21

22  

23   ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
evrouise-encrypt@pm.me - jaegersmunr@proton.me

1  ----------------------------------------------

2  DEFENDANTS' RESPONSE:

3  Objection: irrelevant/unfairly prejudicial; not material to §523 elements and not competent

4  proof of intent/ownership under Rule 56. (GO-6.) - (Doc. 10 SOF 10(a) (age) and SOF 12

5  (religion/manipulation); Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–

6  4 (age/relationships) and ¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

7  PLAINTIFFS' SOF (NUM/SUBNUM): 8

8  ==================================

9  PLAINTIFFS' SOF:

10  A bench trial was held on January 13-16, 2025. Mensik Decl., ¶ 11, Ex. I at 1. Judge High-

11  Edward entered Findings of Fact and Conclusions of Law on March 10, 2025. Id. at Ex. I, pg.

12  1."

13  ----------------------------------------------

14  DEFENDANTS' RESPONSE:

15  Dispute: State court docket shows that the FOFCOL was entered on 03/11/2025; dispute

16  finality/preclusion and truth-as-proof use. Not competent proof of intent/ownership under Rule

17  56. (GO-6.) (GO-3.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213:

18  "may be reduced to a judgment").)

19  PLAINTIFFS' SOF (NUM/SUBNUM): 8.01

20  ==================================

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 41 OF 103

    ERIC AND SUSAN YOUNG - Defendants Pro Se
    12402 N Division St #167 :: Spokane, WA 99218
    PHONE (936-463-8411)
    eyoung-onetypl2@pm.me - jaegersmum@proton.me

1   PLAINTIFFS' SOF:

2   A bench trial was held on January 13-16, 2025

3   ---------------------------------------------

4   DEFENDANTS' RESPONSE:

5   Admit only that the trial occurred on the stated dates. (GO-2.) - (Ex. 10-B; FRE 201; FRCP

6   56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

7   PLAINTIFFS' SOF (NUM/SUBNUM):  8.02

8   ===========================================

9   PLAINTIFFS' SOF:

10  Judge High-Edward entered Findings of Fact and Conclusions of Law on March 10, 2025

11  ---------------------------------------------

12  DEFENDANTS' RESPONSE:

13  Dispute:  State court docket shows that the FOFCOL was entered on 03/11/2025; dispute

14  finality/preclusion and truth-as-proof use. Not competent proof of intent/ownership under Rule

15  56. (GO-6.) (GO-3.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex.

16  10-B.)

17  PLAINTIFFS' SOF (NUM/SUBNUM):  9

18  ===========================================

19  PLAINTIFFS' SOF:

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 42 OF 103

    ERIC AND SUSAN YOUNG - Defendants Pro Se
    12402 N Division St #167 :: Spokane, WA 99218
    PHONE (936-463-8411)
    ex0me-cncrtyp5z-pm-me - jaegersmum@proton.me

1  The State Court analyzed Plaintiff's conversion claim based upon the following standard:

2  Conversion, or civil theft, occurs when someone willfully interferes with another's property by

3  either taking the property or unlawfully retaining the property, therefore depriving them owner

4  of its possession. Burton v City of Spokane, 16 Wn. App. 769, 773, 482 P.3d 968 (2021) Id. at

5  Ex. I, ¶ 201."

6  ------------------------------------------------

7  DEFENDANTS' RESPONSE:

8  Dispute. State-law conversion standard is not controlling here and, for wire transfers, is

9  displaced by Article 4A/Reg J. Ownership/retention framing is legally improper and factually

10  disputed. - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

11  PLAINTIFFS' SOF (NUM/SUBNUM):  9.01

12  =============================================

13  PLAINTIFFS' SOF:

14  The State Court analyzed Plaintiff's conversion claim based upon the following standard

15  ------------------------------------------------

16  DEFENDANTS' RESPONSE:

17  Objection/disputed. Legal standard is argument, not a material "fact" for SOF. (GO-1.) -

18  (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

19  PLAINTIFFS' SOF (NUM/SUBNUM):  9.02

20  =============================================

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)
23  PAGE 43 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
evyoung-oneplay@pm.me - jaegersmmm@proton.me

1  PLAINTIFFS' SOF:

2  Conversion, or civil theft, occurs when someone willfully interferes with another's property by

3  either taking the property or unlawfully retaining the property, therefore depriving them owner

4  of its possession

5  ---------------------------------------------

6  DEFENDANTS' RESPONSE:

7  Objection/disputed. Legal argument; and in any event conversion theory is displaced by Article

8  4A for Fedwire transfers. (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7,

9  36; RCW 62A.4A-406.)

10  PLAINTIFFS' SOF (NUM/SUBNUM):  9.03

11  ===================================

12  PLAINTIFFS' SOF:

13  willfully interferes

14  ---------------------------------------------

15  DEFENDANTS' RESPONSE:

16  Objection/disputed. Legal conclusion/mental state characterization; not a Rule 56 fact. (GO-1.) -

17  (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

18  PLAINTIFFS' SOF (NUM/SUBNUM):  9.04

19  ===================================

20  PLAINTIFFS' SOF:

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)

23  PAGE 44 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
··········· ··· ···· ··· ···· - jaegersmum@proton.me

1    another's property

2    ---------------------------------------------

3    DEFENDANTS' RESPONSE:

4    Disputed. Ownership label is legally/factually disputed under Article 4A/Reg J. (GO-5.) -

5    (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

6

7

8    PLAINTIFFS' SOF (NUM/SUBNUM): 10

9    ================================

10    PLAINTIFFS' SOF:

11    ---------------------------------------------

12    DEFENDANTS' RESPONSE:

13    Object. Plaintiffs' incorporation by reference of 213 FOFCOL findings is noncompliant and not

14    a "fact"; LBR 7056-1 requires discrete numbered facts with pinpoint citations to admissible

15    evidence. (GO-1, GO-3.) - (FRCP 56(c); FRBP 7056; LBR 7056-1; Ex. 10-B (SOF ¶10 n.1).)

16    PLAINTIFFS' SOF (NUM/SUBNUM): 10

17    ================================

18    PLAINTIFFS' SOF:

19

20

21

22    DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)

23    PAGE 45 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmmr@proton.me

1 Plaintiffs' statement: "Judge High-Edward found, among other things, that:1 1 Plaintiffs

2 incorporate by reference the State Court's 213 findings of fact and conclusions of law as if set

3 forth herein. Due to space constraints, Plaintiffs can only offer a portion of them."

4 ---------------------------------------------

5 DEFENDANTS' RESPONSE:

6 Object. Same: improper incorporation-by-reference; "space constraints" is not a Rule 56

7 substitute for admissible evidence. (GO-1.) - (FRCP 56(c); FRBP 7056; LBR 7056-1; Ex. 10-B

8 (SOF ¶10 n.1).)

9

10 PLAINTIFFS' SOF (NUM/SUBNUM): 10.02

11 ==================================

12 PLAINTIFFS' SOF:

13 Plaintiffs incorporate by reference the State Court's 213 findings of fact and conclusions of law

14 as if set forth herein

15 ---------------------------------------------

16 DEFENDANTS' RESPONSE:

17 Object. Noncompliant; Plaintiffs must state discrete facts with pin cites; cannot dump 213

18 findings wholesale. (GO-1, GO-3.) - (FRCP 56(c); FRBP 7056; LBR 7056-1; Ex. 10-B (SOF

19 ¶10 n.1).)

20 PLAINTIFFS' SOF (NUM/SUBNUM): 10.03

21

22 DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23 PAGE 46 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
erueeseun u pleton me - jaegersmunr@proton.me

==========================================

PLAINTIFFS' SOF:

Due to space constraints, Plaintiffs can only offer a portion of them

-----------------------------------------------

DEFENDANTS' RESPONSE:

Object. "Space constraints" is not a Rule 56 excuse; Plaintiffs must prove each element with

admissible evidence. (GO-1.) - (FRCP 56(c); FRBP 7056; LBR 7056-1; Ex. 10-B (SOF ¶10

n.1).)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(a)

==========================================

PLAINTIFFS' SOF:

"a. Linda Cole is Susanann Young's daughter, and the Coles are 80 & 83 years old. Id. at Ex. I,

¶¶ 1-4."

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Plaintiffs' SOF misstates the very FOFCOL it cites. The FOFCOL states "Linda Cole

is Susanann Young's mother," not daughter, and separately states "Ted Cole is Susanann

Young's stepfather." Admit only that the FOFCOL contains a statement regarding ages.

Objection—collateral matter. (i) Age and family background are not material to any element of

§ 523(a)(4) or § 523(a)(6) and are improper for Rule 56 fact statements; (ii) Plaintiffs' misquote

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 47 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmunr@proton.me :: jaegersmunr@proton.me

confirms their SOF is not a reliable "fact" source; and (iii) to the extent this entry is offered for emotional effect, it is irrelevant and unfairly prejudicial. (GO-1; GO-6.) - (Pltfs SOF (Doc. 10) p. 5, lines 1–2; Mensik Decl. Ex. I (FOFCOL) ¶¶ 1–3 (Doc. 11, pp. 47–48 of 73))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(a)

========================================

PLAINTIFFS' SOF:

Linda Cole is Susanann Young's daughter

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Ditto 10(a) response (GO-1; GO-6.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(a)

========================================

PLAINTIFFS' SOF:

the Coles are 80 & 83 years old

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Ditto 10(a) response (GO-1; GO-6.) - (Doc. 10 SOF 10(a) (age) and SOF 12 (religion/manipulation); Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–4 (age/relationships) and ¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
······························ :: jaegersmum@proton.me

1   PLAINTIFFS' SOF (NUM/SUBNUM):  10(b)

2   =================================

3   PLAINTIFFS' SOF:

4   "b. "On October 7, 2023, the parties agreed that it would be best to purchase a home for both

5   families to live in instead of a duplex." Id. at Ex. I, ¶ 45."

6   ---------------------------------------------

7   DEFENDANTS' RESPONSE:

8   Disputed/immaterial as framed. Plaintiffs cite only FOFCOL recitation; any agreement

9   terms/materiality are disputed and do not establish §523 elements. (GO-1, GO-3.) - (RCW

10  64.04.010–.020; Key Design, Inc. v. Moser, 138 Wn.2d 875 (1999); Eric Young Decl (no

11  deed/loan/trust/RCW 64.04 writing); Defendants SMF ¶49.)

12  PLAINTIFFS' SOF (NUM/SUBNUM):  10(b)

13  =================================

14  PLAINTIFFS' SOF:

15  On October 7, 2023

16  ---------------------------------------------

17  DEFENDANTS' RESPONSE:

18  Admit only the stated date as a background reference; no §523 inference. (GO-2.) - (Ex. 10-B;

19  FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

20  PLAINTIFFS' SOF (NUM/SUBNUM):  10(b)

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 49 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
............................ :: jaegersmnni@proton.me

1   ==========================================

2   PLAINTIFFS' SOF:

3   the parties agreed that it would be best to purchase a home for both families to live in instead of

4   a duplex

5   ---------------------------------------------

6   DEFENDANTS' RESPONSE:

7   Disputed. Plaintiffs cite only nonfinal FOFCOL; agreement scope/terms are disputed and not

8   competent Rule 56 proof of §523 elements. (GO-1, GO-3.) - (FRCP 56(c); Defendants SMF

9   ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

10  PLAINTIFFS' SOF (NUM/SUBNUM): 10(c)

11  ==========================================

12  PLAINTIFFS' SOF:

13  "c. "According to Ms. Cole, the parties agreed to purchase the home together, which meant that

14  both families would be on the title and mortgage for the home." Id. at Ex. I, ¶ 46."

15  ---------------------------------------------

16  DEFENDANTS' RESPONSE:

17  Disputed/immaterial. Plaintiffs cite only "according to Ms. Cole"/FOFCOL narrative; this does

18  not establish any §523 element and lacks competent foundation for any alleged enforceable real-

19  property arrangement. (GO-1, GO-3.) - (RCW 64.04.010–.020; Key Design, Inc. v. Moser, 138

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 50 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmum@proton.me

1  Wn.2d 875 (1999); Eric Young Decl (no deed/loan/trust/RCW 64.04 writing); Defendants SMF

2  ¶49.)

3  PLAINTIFFS' SOF (NUM/SUBNUM): 10(c)

4  ==============================

5  PLAINTIFFS' SOF:

6  According to Ms. Cole

7  -----------------------------------------------

8  DEFENDANTS' RESPONSE:

9  Disputed. Attribution to one witness is not "undisputed fact," particularly where Plaintiffs rely

10  only on nonfinal FOFCOL narrative. (GO-1, GO-3.) - (FRCP 56(c); Defendants SMF ¶25; Eric

11  Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

12  PLAINTIFFS' SOF (NUM/SUBNUM): 10(c)

13  ==============================

14  PLAINTIFFS' SOF:

15  the parties agreed to purchase the home together

16  -----------------------------------------------

17  DEFENDANTS' RESPONSE:

18  Disputed. Not competent Rule 56 evidence of an enforceable agreement or §523 element. (GO-

19  1, GO-3.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

20  ¶213: "may be reduced to a judgment").)

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmum@proton.me

1  PLAINTIFFS' SOF (NUM/SUBNUM):  10(c)

2  ========================================

3  PLAINTIFFS' SOF:

4  which meant that both families would be on the title and mortgage for the home

5  ----------------------------------------

6  DEFENDANTS' RESPONSE:

7  Disputed/immaterial. Plaintiffs cite no admissible writings/records establishing this as an

8  enforceable arrangement; not competent proof of §523 elements. (GO-1, GO-7.) - (RCW

9  64.04.010–.020; Defendants SMF ¶49; Eric Young Decl ¶22 & Ex. 27.)

10  PLAINTIFFS' SOF (NUM/SUBNUM):  10(d)

11  ========================================

12  PLAINTIFFS' SOF:

13  "d. "It is undisputed that the parties agreed that Mr. and Ms. Cole would put $180,000.00 as a

14  downpayment on the Golden Court home. While the money may have been designated as a gift

15  for the purposes of a mortgage, there is no evidence from any party that it was ever Mr. and Ms.

16  Cole's intent to give the money to Mr. and Ms. Young outside of the home purchase." Id. at Ex.

17  I, ¶ 205."

18  ----------------------------------------

19  DEFENDANTS' RESPONSE:

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)

23  PAGE 52 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jregersmmm@proton.me

Disputed. Plaintiffs' "undisputed"/"no evidence" burden-shifting is improper and relies on nonfinal FOFCOL. The lender/underwriting file and gift documentation control and are in the Rule 56 record. See Def. SMF ¶¶20–22 (gift letter/underwriting record). (GO-1, GO-3, GO-7.) - (Eric Young Decl Ex. 8 & 8-A; Ex. 9; Defendants SMF ¶¶20–21; Ex. 21.; W017/W023; RCW 64.04.010–.020; Defendants SMF ¶49; Eric Young Decl ¶22 & Ex. 27.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(d)

========================================

PLAINTIFFS' SOF:

It is undisputed

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Improper "undisputed" label/burden shift; Plaintiffs must prove material facts with admissible evidence. (GO-1.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(d)

========================================

PLAINTIFFS' SOF:

the parties agreed that Mr. and Ms. Cole would put $180,000.00 as a downpayment on the Golden Court home

-----------------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 53 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
payersmmm@proton.me

DEFENDANTS' RESPONSE:

Disputed as framed; Plaintiffs cite only nonfinal FOFCOL narrative, and agreement/intent terms are disputed. (GO-1, GO-3.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(d)

===============================

PLAINTIFFS' SOF:

While the money may have been designated as a gift for the purposes of a mortgage

-----------------------------------------

DEFENDANTS' RESPONSE:

Disputed. The executed gift/underwriting documentation is admissible record evidence; Plaintiffs cannot re-label intent as "undisputed" via FOFCOL. See Def. SMF ¶¶20–22. (GO-1, GO-7.) - (Eric Young Decl Ex. 8 & 8-A; Ex. 9; Defendants SMF ¶¶20–21; Ex. 21.)


PLAINTIFFS' SOF (NUM/SUBNUM):  10(d)

===============================

PLAINTIFFS' SOF:

there is no evidence from any party that it was ever Mr. and Ms. Cole's intent to give the money to Mr. and Ms. Young outside of the home purchase

-----------------------------------------

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericgersummu@proton.me

1    DEFENDANTS' RESPONSE:

2    Disputed. Improper "no evidence" burden-shift; and Plaintiffs rely on nonfinal FOFCOL

3    narrative rather than admissible proof. (GO-1, GO-3.) - (FRCP 56(c); Defendants SMF ¶25;

4    Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

5

6    PLAINTIFFS' SOF (NUM/SUBNUM): 10(e)

7    ==================================

8    PLAINTIFFS' SOF:

9    "e. "Ms. Cole testified that she never intended to give Mr. Young $180,000.00 but instead

10   intended to pay the downpayment directly from her bank." Id. at Ex. I, ¶ 179."

11   ---------------------------------------------

12   DEFENDANTS' RESPONSE:

13   Disputed as an "undisputed fact." Plaintiffs cite only FOFCOL recitation; admissible record

14   evidence establishes bank-authorized wire activity and final settlement. See Def. SMF ¶¶1–6,

15   ¶62. (GO-1, GO-3, GO-5.) - (RCW 62A.4A-406 (discharge upon acceptance); RCW 62A.4A-

16   211 (limits cancellation/amendment); Estate of Freitag; Chelan County; Defendants SMF ¶¶8,

17   18; Ex. 3 (BofA statement credits), Ex. 36 (TranZact wire detail).)

18   PLAINTIFFS' SOF (NUM/SUBNUM): 10(e)

19   ==================================

20   PLAINTIFFS' SOF:

21

1   Ms. Cole testified that she never intended to give Mr. Young $180,000.00

2   ------------------------------------------------

3   DEFENDANTS' RESPONSE:

4   Disputed. Testimony recitation in nonfinal FOFCOL is not competent Rule 56 evidence of

5   intent absent issue preclusion; intent is disputed in the record. (GO-1, GO-3.) - (FRCP 56(c);

6   Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

7   judgment").)

8   PLAINTIFFS' SOF (NUM/SUBNUM): 10(e)

9   ===========================================

10  PLAINTIFFS' SOF:

11  but instead intended to pay the downpayment directly from her bank

12  ------------------------------------------------

13  DEFENDANTS' RESPONSE:

14  Disputed/immaterial; Plaintiffs' intent narrative does not override Article 4A framework for

15  completed Fedwire transfers. (GO-5.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl

16  ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

17  PLAINTIFFS' SOF (NUM/SUBNUM): 10(f)

18  ===========================================

19  PLAINTIFFS' SOF:

20

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
_____ - prpeersmmtz@proton.me

1    "f. Defendant Eric Young claimed he had Ms. Young sign a "gift letter" for $180,000. Plaintiff

2    Linda Cole testified she signed a blank piece of paper. Id. at Ex. I, ¶¶ 54-57."

3    ----------------------------------------------

4    DEFENDANTS' RESPONSE:

5    Disputed. Plaintiffs rely on FOFCOL narrative; the lender file/gift documentation and

6    surrounding record provide admissible evidence contradicting Plaintiffs' spin. See Def. SMF

7    ¶¶20–22. (GO-1, GO-3.) - (Defendants SMF ¶¶39–41; Ex. 14; Ex. 21; Ex. 8.)

8    PLAINTIFFS' SOF (NUM/SUBNUM): 10(f)

9    ================================

10    PLAINTIFFS' SOF:

11    Defendant Eric Young claimed he had Ms. Young sign a "gift letter" for $180,000

12    ----------------------------------------------

13    DEFENDANTS' RESPONSE:

14    Disputed. Not competent "undisputed fact"; Plaintiffs cite only FOFCOL narrative. (GO-1, GO-

15    3.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may

16    be reduced to a judgment").)

17    PLAINTIFFS' SOF (NUM/SUBNUM): 10(f)

18    ================================

19    PLAINTIFFS' SOF:

20    Plaintiff Linda Cole testified she signed a blank piece of paper

21

22    DEFENDANTS' STATEMENT OF DISPUTED MATERIAL      ERIC AND SUSAN YOUNG - Defendants Pro Se
      FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR      12402 N Division St #167 :: Spokane, WA 99218
      SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP          PHONE (936-463-8411)
      7056)                                    rogersmontz@proton.me
23    PAGE 57 OF 103

1    ---------------------------------------------

2    DEFENDANTS' RESPONSE:

3    Disputed. Nonfinal FOFCOL narrative is not Rule 56 proof; intent/knowledge is disputed and

4    contradicted by record evidence. (GO-1, GO-3.) - (FRCP 56(c); Defendants SMF ¶25; Eric

5    Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

6    PLAINTIFFS' SOF (NUM/SUBNUM):  10(f)

7    =================================

8    PLAINTIFFS' SOF:

9    ---------------------------------------------

10   DEFENDANTS' RESPONSE:

11   Objection: blank/unsupported placeholder; no discrete fact asserted. (GO-1.) - (FRCP 56(c);

12   Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

13   judgment").)

14   PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

15   =================================

16   PLAINTIFFS' SOF:

17   "g. "On October 12, 2023, Mr. Young initiated a call to Ms. Cole's bank, Old West Bank, to

18   arrange to have the $180,000 transferred…The Old West Bank Branch in Baker City [Oregon]

19   refused to conduct the transfer because their bank manager was out of town and because Ms.

20   Cole was not present at the bank. Frustrated that the bank would not do the wire transfer, Ms.

21

22

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
:: ericyersmnun@proton.me

1  Cole decided to remove all her money from Old West Bank and transfer it to her Chase Bank

2  Account so she and Mr. Cole could have access to it in Spokane." Id. at Ex. I, ¶¶ 58, 60- 61."

3  ----------------------------------------------

4  DEFENDANTS' RESPONSE:

5  Disputed as an "undisputed fact" to the extent Plaintiffs use FOFCOL narrative to insinuate

6  wrongdoing; the admissible record shows Ms. Cole initiated/participated in the wire process and

7  Old West followed security procedures. See Def. SMF ¶¶1–4, ¶7. (GO-1, GO-3, GO-5.) -

8  (Defendants SMF ¶¶4–6; Ex. 1–2 (OWFCU outgoing wire forms "Call Back, Code Word"); Ex.

9  4–5 (Wire Instructions / Indemnification / notarization); Plaintiffs' own later texts

10  acknowledging gift-letter context (Mensik Decl Ex D-115 at p. 817 excerpt).)

11  PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

12  =============================

13  PLAINTIFFS' SOF:

14  On October 12, 2023

15  ----------------------------------------------

16  DEFENDANTS' RESPONSE:

17  Admit only the date reference as background; no merits inference. (GO-2.) - (Ex. 10-B; FRE

18  201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

19  PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

20  =============================

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
pcversmmn⁊proton.me

1    PLAINTIFFS' SOF:

2    Mr. Young initiated a call to Ms. Cole's bank, Old West Bank, to arrange to have the $180,000

3    transferred

4    ----------------------------------------------

5    DEFENDANTS' RESPONSE:

6    Disputed/qualified; Plaintiffs cite only FOFCOL narrative, and the admissible record reflects

7    bank security procedures and Ms. Cole's participation. See Def. SMF ¶¶1–4, ¶7. (GO-1, GO-7.)

8    - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

9    reduced to a judgment").)

10   PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

11   ==============================================

12   PLAINTIFFS' SOF:

13   The Old West Bank Branch in Baker City [Oregon] refused to conduct the transfer

14   ----------------------------------------------

15   DEFENDANTS' RESPONSE:

16   Disputed/qualified; foundation for branch refusal is not established here as a material §523 fact.

17   (GO-1.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213:

18   "may be reduced to a judgment").)

19   PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

20   ==============================================

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersmmm@proton.me

1   PLAINTIFFS' SOF:

2   because their bank manager was out of town

3   ----------------------------------------------

4   DEFENDANTS' RESPONSE:

5   Disputed/immaterial; not a §523 element and offered only as narrative. (GO-6.) - (FRCP 56(c);

6   Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

7   judgment").)

8   PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

9   ===========================================

10  PLAINTIFFS' SOF:

11  and because Ms. Cole was not present at the bank

12  ----------------------------------------------

13  DEFENDANTS' RESPONSE:

14  Disputed/immaterial; not a §523 element and offered only as narrative. (GO-6.) - (FRCP 56(c);

15  Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

16  judgment").)

17  PLAINTIFFS' SOF (NUM/SUBNUM):  10(g)

18  ===========================================

19  PLAINTIFFS' SOF:

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 61 OF 103

    ERIC AND SUSAN YOUNG - Defendants Pro Se
    12402 N Division St #167 :: Spokane, WA 99218
    PHONE (936-463-8411)
    ericyersmunt@proton.me

Frustrated that the bank would not do the wire transfer, Ms. Cole decided to remove all her

money from Old West Bank and transfer it to her Chase Bank Account

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed/immaterial; Plaintiffs' editorial narrative is not Rule 56 proof of any §523 element.

(GO-1, GO-6.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(g)

================================

PLAINTIFFS' SOF:

so she and Mr. Cole could have access to it in Spokane

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed/immaterial; narrative purpose does not prove §523 elements. (GO-6.) - (FRCP 56(c);

Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(h)

================================

PLAINTIFFS' SOF:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
e: ericsmom77@proton.me

1    "h. "Once Ms. Cole decided to move all her money out of the Old West Bank, Mr. Young

2    changed the gift letter from $180,000.00 to $242,314.62 without Ms. Cole's knowledge." Id. at

3    Ex. I, ¶ 62."

4    ---------------------------------------------

5    DEFENDANTS' RESPONSE:

6    Disputed. Plaintiffs cite only FOFCOL narrative; lender underwriting requirements and record

7    evidence govern gift-letter revisions and contradict Plaintiffs' "without knowledge" accusation.

8    See Def. SMF ¶¶20–22. (GO-1, GO-3, GO-7.) - (Eric Young Decl Ex. 8 & 8-A; Ex. 9;

9    Defendants SMF ¶¶20–21; Ex. 21.)

10    PLAINTIFFS' SOF (NUM/SUBNUM):  10(h)

11    ===============================

12    PLAINTIFFS' SOF:

13    Once Ms. Cole decided to move all her money out of the Old West Bank

14    ---------------------------------------------

15    DEFENDANTS' RESPONSE:

16    Disputed/immaterial as framed; Plaintiffs' editorial sequencing is not Rule 56 proof. (GO-1.) -

17    (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

18    PLAINTIFFS' SOF (NUM/SUBNUM):  10(h)

19    ===============================

20    PLAINTIFFS' SOF:

21

22    DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23    PAGE 63 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
pegersmum@proton.me

Mr. Young changed the gift letter from $180,000.00 to $242,314.62

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Accusation lacks competent authentication/foundation as presented and is

contradicted by underwriting/gift-file evidence. See Def. SMF ¶¶20–22. (GO-1, GO-7.) -

(Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive:

W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(h)

===================================

PLAINTIFFS' SOF:

without Ms. Cole's knowledge

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Unsupported mental-state assertion; Plaintiffs cite only nonfinal FOFCOL narrative.

(GO-1, GO-3.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not

preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

¶213: "may be reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(i)

===================================

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 64 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
[illegible] - ericersusum@proton.me

PLAINTIFFS' SOF:

"i. "On the same day, Mr. Young began calling other Old West Bank branches to see if someone would be willing to do the transfer without Ms. Cole present.

Ultimately, Mr. Young found Dawn Bruce from LaGrand, Oregon branch who was willing to do the transfer. After Mr. Young found Ms. Bruce, he included Ms. Cole on the phone call. Ms. Cole then wrote down her Chase bank account number and gave it to Mr. Young so he could complete the transfer.

After the phone conversation, Ms. Bruce emailed Ms. Cole stating, 'after speaking with you and Eric, attached are the wire requests…Once I receive signed wire forms back, I will get them sent out.'" Id. at Ex. I, ¶¶ 65-69."

-------------------------------------------

DEFENDANTS' RESPONSE:

Disputed as framed to insinuate wrongdoing. Plaintiffs' own cited narrative confirms Ms. Cole was included on the call and the bank required signed wire forms—facts consistent with authorization/security procedures reflected in admissible record evidence. See Def. SMF ¶¶3–7, ¶62. (GO-1, GO-5, GO-7.) - (Ex. 10-B; Defendants SMF ¶¶4–6; Exs. 1–5, 36.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(i)

================================

PLAINTIFFS' SOF:

On the same day

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericgsmurr@proton.me

1    ---------------------------------------------

2    DEFENDANTS' RESPONSE:

3    Admit only the date reference as background; no merits inference. (GO-2.) - (Ex. 10-B; FRE

4    201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

5    PLAINTIFFS' SOF (NUM/SUBNUM):  10(i)

6    =====================================

7    PLAINTIFFS' SOF:

8    Mr. Young began calling other Old West Bank branches to see if someone would be willing to

9    do the transfer without Ms. Cole present

10   ---------------------------------------------

11   DEFENDANTS' RESPONSE:

12   Disputed. Plaintiffs cite only FOFCOL narrative; admissible record reflects bank security

13   procedures and Ms. Cole's participation. (GO-1, GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–

14   5, 36; (and, if relied on, FOFCOL not preclusive: W001/W006; Defendants SMF ¶25; Eric

15   Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").))

16   PLAINTIFFS' SOF (NUM/SUBNUM):  10(i)

17   =====================================

18   PLAINTIFFS' SOF:

19   Ultimately, Mr. Young found Dawn Bruce from LaGrand, Oregon branch who was willing to

20   do the transfer

21

1    ----------------------------------------------

2    DEFENDANTS' RESPONSE:

3    Disputed/immaterial; narrative detail not a §523 element. (GO-6.) - (FRCP 56(c); Defendants

4    SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

5    PLAINTIFFS' SOF (NUM/SUBNUM):  10(i)

6    ================================

7    PLAINTIFFS' SOF:

8    After Mr. Young found Ms. Bruce, he included Ms. Cole on the phone call

9    ----------------------------------------------

10   DEFENDANTS' RESPONSE:

11   Disputed/qualified; admissible evidence shows Ms. Cole's participation/authorization. See Def.

12   SMF ¶¶3–4, ¶62. (GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15

13   (FOFCOL ¶213: "may be reduced to a judgment").)

14   PLAINTIFFS' SOF (NUM/SUBNUM):  10(i)

15   ================================

16   PLAINTIFFS' SOF:

17   Ms. Cole then wrote down her Chase bank account number and gave it to Mr. Young

18   ----------------------------------------------

19   DEFENDANTS' RESPONSE:

20

21

1  Disputed/qualified; Plaintiffs cite only FOFCOL narrative; admissible record evidence

2  addresses authorization and bank procedure. (GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric

3  Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 10(i)

5  ===================================

6  PLAINTIFFS' SOF:

7  so he could complete the transfer

8  ----------------------------------------------

9  DEFENDANTS' RESPONSE:

10  Disputed/immaterial; narrative purpose not a §523 element. (GO-6.) - (FRCP 56(c); Defendants

11  SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

12  PLAINTIFFS' SOF (NUM/SUBNUM): 10(i)

13  ===================================

14  PLAINTIFFS' SOF:

15  After the phone conversation, Ms. Bruce emailed Ms. Cole stating, "after speaking with you and

16  Eric, attached are the wire requests…Once I receive signed wire forms back, I will get them

17  sent out."

18  ----------------------------------------------

19  DEFENDANTS' RESPONSE:

20

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericsusanyoung@proton.me

1   Disputed as offered for truth via FOFCOL; however, admissible record evidence establishes

2   bank security procedure and signed-wire requirement. See Def. SMF ¶6. (GO-1, GO-7.) -

3   (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive:

4   W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

5   reduced to a judgment").))

8   PLAINTIFFS' SOF (NUM/SUBNUM):  10(j)

9   ==================================

10  PLAINTIFFS' SOF:

11  "j. "Mr. Young had Ms. Cole's electronic signature on October 11, 2023, and he and/or Ms.

12  Young had access to Ms. Cole's email on October 13, 2023." Id. at Ex. I, ¶ 195."

13  ---------------------------------------------

14  DEFENDANTS' RESPONSE:

15  Disputed. Plaintiffs cite only FOFCOL narrative; accusations lack competent

16  authentication/foundation as presented and do not supply §523 elements under Rule 56. (GO-1,

17  GO-3, GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not

18  preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

19  ¶213: "may be reduced to a judgment").))

20  PLAINTIFFS' SOF (NUM/SUBNUM):  10(j)

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 69 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersusan@proton.me

```
====================================
```

PLAINTIFFS' SOF:

Mr. Young had Ms. Cole's electronic signature on October 11, 2023

--------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Unsupported/unauthenticated accusation as presented; not competent Rule 56 proof. (GO-1, GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(j)

```
====================================
```

PLAINTIFFS' SOF:

and he and/or Ms. Young had access to Ms. Cole's email on October 13, 2023

--------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Unsupported/unauthenticated accusation as presented; not competent Rule 56 proof. (GO-1, GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").))

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP 7056)
PAGE 70 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1  PLAINTIFFS' SOF (NUM/SUBNUM): 10(k)

2  ===================================

3  PLAINTIFFS' SOF:

4  "k. "On October 16, 2023, Mr. Young emailed both signed wire transfer forms back to Ms.

5  Bruce [at Old West Bank] and the funds [from Ms. Cole's bank account] were wired to Mr.

6  Young's Bank of America account ending 2131." Id. at Ex. I, ¶ 91. [This resulted in Mr. Young

7  transferring two wires (one for $242,324.63 and $119,698.04) from Ms. Cole's bank account

8  into his own bank account]."

9  ---------------------------------------------

10 DEFENDANTS' RESPONSE:

11 Admit only that two Fedwire transfers were sent/credited to the BofA account ending 2131 on

12 10/16/2023. Dispute any implication that the transfers were unauthorized or that Plaintiffs

13 retained ownership after acceptance/final settlement under Article 4A/Reg J. See Def. SMF

14 ¶¶5–8 (incl. IMAD "Complete" traces). (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young

15 Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

16 PLAINTIFFS' SOF (NUM/SUBNUM): 10(k)

17 ===================================

18 PLAINTIFFS' SOF:

19 On October 16, 2023

20 ---------------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 71 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
geceyrsnnum-z proton.me

DEFENDANTS' RESPONSE:

Admit only the date reference. (GO-2.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(k)

==============================

PLAINTIFFS' SOF:

Mr. Young emailed both signed wire transfer forms back to Ms. Bruce

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed/qualified; Plaintiffs cite only FOFCOL narrative; admissible record establishes bank security procedures and wire documentation. (GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM):  10(k)

==============================

PLAINTIFFS' SOF:

and the funds were wired to Mr. Young's Bank of America account ending 2131

-----------------------------------------------

DEFENDANTS' RESPONSE:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 72 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericsmumh@proton.me

1  Admit only the destination account ending 2131 and that wires posted; dispute any

2  merits/ownership inference beyond that. See Def. SMF ¶5. (GO-5.) - (FRCP 56(c); Defendants

3  SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

4  PLAINTIFFS' SOF (NUM/SUBNUM):  10(k)

5  ==================================

6  PLAINTIFFS' SOF:

7  [This resulted in Mr. Young transferring two wires (one for $242,324.63 and $119,698.04) from

8  Ms. Cole's bank account into his own bank account]

9  ---------------------------------------------

10  DEFENDANTS' RESPONSE:

11  Disputed. Improper bracketed conclusion and ownership framing; the material facts are

12  governed by Article 4A finality and bank acceptance. See Def. SMF ¶¶5–8. (GO-5, GO-1.) -

13  (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

14

15  PLAINTIFFS' SOF (NUM/SUBNUM):  10(l)

16  ==================================

17  PLAINTIFFS' SOF:

18  "l. "The Court finds that more likely than not, Mr. Young affixed Ms. Cole's electronic

19  signature to the wire transfer forms." Id. at Ex. I, ¶ 198."

20  ---------------------------------------------

21

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 73 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1    DEFENDANTS' RESPONSE:

2    Disputed. Plaintiffs rely solely on nonfinal FOFCOL findings ("more likely than not") as

3    "facts," which is not competent Rule 56 evidence absent issue preclusion. (GO-1, GO-3.) -

4    (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

5    judgment").; W004/W012/W014; Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7,

6    36; RCW 62A.4A-406.)

7    PLAINTIFFS' SOF (NUM/SUBNUM):  10(l)

8    ==============================

9    PLAINTIFFS' SOF:

10   The Court finds that more likely than not

11   ---------------------------------------------

12   DEFENDANTS' RESPONSE:

13   Disputed. "More likely than not" is a finding standard in a nonfinal order; Plaintiffs cannot treat

14   it as Rule 56 evidence of truth absent preclusion. (GO-3.) - (FRCP 56(c); Defendants SMF ¶25;

15   Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

16   PLAINTIFFS' SOF (NUM/SUBNUM):  10(l)

17   ==============================

18   PLAINTIFFS' SOF:

19   Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms

20   ---------------------------------------------

21

22   DEFENDANTS' STATEMENT OF DISPUTED MATERIAL          ERIC AND SUSAN YOUNG - Defendants Pro Se
     FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR           12402 N Division St #167 :: Spokane, WA 99218
     SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP                          PHONE (936-463-8411)
     7056)
23   PAGE 74 OF 103

eric.youngman@proton.me

DEFENDANTS' RESPONSE:

Disputed. Unsupported accusation as presented; Plaintiffs cite only nonfinal FOFCOL narrative.
(GO-1, GO-3, GO-7.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL
not preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL
¶213: "may be reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM):  10(m)

==============================

PLAINTIFFS' SOF:

"m. "The court finds that more likely than not, Ms. Cole never saw the full wire transfer form
packet." Id. at Ex. I, ¶ 199."

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Nonfinal FOFCOL finding is not competent Rule 56 evidence absent issue
preclusion; and in any event does not override Article 4A framework for accepted Fedwire
transfers. (GO-3, GO-5.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL
¶213: "may be reduced to a judgment").; Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(m)

==============================

PLAINTIFFS' SOF:

The court finds that more likely than not

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 75 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Nonfinal FOFCOL finding is not competent Rule 56 evidence absent issue

preclusion; and in any event does not override Article 4A framework for accepted Fedwire

transfers. (GO-3, GO-5.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15

(FOFCOL ¶213: "may be reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(m)

===============================

PLAINTIFFS' SOF:

Ms. Cole never saw the full wire transfer form packet

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Unsupported as presented; not competent Rule 56 proof. (GO-1, GO-7.) -

(Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive:

W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(n)

===============================

PLAINTIFFS' SOF:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-enciypt@pm.me - jaegersmum@proton.me

1  "n. "Mr. Young's testimony that he told Ms. Cole about the money being transferred into his

2  account instead of her account on October 14, 2023, is not consistent Ms. Young's testimony

3  that she told Ms. Cole about the mistake on October 16, 2023, or with Ms. Cole's actions after

4  that Ms. Cole discovered the mix-up [sic] Ms. Cole Made a police report and began to 'freak

5  out.' Ms. Cole also moved the remainder of her money into a new account." Id. at Ex. I, ¶ 200."

6  ---------------------------------------------

7  DEFENDANTS' RESPONSE:

8  Disputed. Plaintiffs cite only FOFCOL narrative and inject prejudicial editorializations; not

9  material Rule 56 proof of §523 elements. (GO-1, GO-6.) - ()

10  PLAINTIFFS' SOF (NUM/SUBNUM):  10(n)

11  ===============================

12  PLAINTIFFS' SOF:

13  Mr. Young's testimony that he told Ms. Cole about the money being transferred into his account

14  instead of her account on October 14, 2023

15  ---------------------------------------------

16  DEFENDANTS' RESPONSE:

17  Disputed. Not competent "undisputed fact" via FOFCOL narrative. (GO-1, GO-3.) -

18  (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

19  PLAINTIFFS' SOF (NUM/SUBNUM):  10(n)

20  ===============================

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
   FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
   7056)
23  PAGE 77 OF 103

   ERIC AND SUSAN YOUNG - Defendants Pro Se
   12402 N Division St #167 :: Spokane, WA 99218
   PHONE (936-463-8411)
   eyoung-elici\pd@pm.me - jaegersmnm@proton.me

PLAINTIFFS' SOF:

is not consistent with Ms. Young's testimony that she told Ms. Cole about the mistake on

October 16, 2023

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Impeachment inference is argument, not fact. (GO-1.) - (Defendants SMF ¶¶1–12, 46;

Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(n)

==============================

PLAINTIFFS' SOF:

or with Ms. Cole's actions after that Ms. Cole discovered the mix-up [sic]

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Argumentative inference. (GO-1.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl

Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(n)

==============================

PLAINTIFFS' SOF:

Ms. Cole made a police report and began to 'freak out.'

---------------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 78 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ccsmithereceipt@pm.me - jaegersmum@proton.me

DEFENDANTS' RESPONSE:

Objection: irrelevant/unfairly prejudicial editorializing; not material to §523 elements. (GO-6.) - ()

PLAINTIFFS' SOF (NUM/SUBNUM):  10(n)

================================

PLAINTIFFS' SOF:

Ms. Cole also moved the remainder of her money into a new account

----------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Unsupported tracing claim; Plaintiffs cite no admissible bank records. (GO-7.) - (FRCP 56(c); Defendants SMF ¶46; Exs. 1–3, 7, 36.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(o)

================================

PLAINTIFFS' SOF:

"o. "It is undisputed that $119,698.04 was never supposed to be transferred into Mr. Young's account and even though the Youngs acknowledge this, they refused to return the funds until February 14, 2024." Id. at Ex. I, ¶ 208."

----------------------------------------

DEFENDANTS' RESPONSE:

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 79 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
xxxxxxxxxxxxxxx :: xxxxx.xxx - jaegersmum@proton.me

Disputed. Improper "undisputed"/burden shifting; Plaintiffs cite only nonfinal FOFCOL

narrative and ignore Article 4A finality and the bank's own statement that once accepted there is

no recourse to return. See Def. SMF ¶6. (GO-1, GO-3, GO-5.) - (Defendants SMF ¶¶1–12, 46;

Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(o)

=====================================

PLAINTIFFS' SOF:

It is undisputed

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Improper "undisputed" label; Plaintiffs must prove with admissible evidence. (GO-1.)

- (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM):  10(o)

=====================================

PLAINTIFFS' SOF:

$119,698.04 was never supposed to be transferred into Mr. Young's account

-----------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
\\scottcarp1.expl;ey.pns.me - jaegersmum@proton.me

1    Disputed. Plaintiffs cite only FOFCOL narrative; Article 4A governs accepted Fedwire

2    transfers. (GO-5.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not

3    preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

4    ¶213: "may be reduced to a judgment").))

5    PLAINTIFFS' SOF (NUM/SUBNUM):  10(o)

6    ===================================

7    PLAINTIFFS' SOF:

8    and even though the Youngs acknowledge this

9    ----------------------------------------------

10   DEFENDANTS' RESPONSE:

11   Disputed. Improper implied admission and narrative characterization. (GO-1.) - (FRCP 56(c);

12   Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

13   judgment").)

14   PLAINTIFFS' SOF (NUM/SUBNUM):  10(o)

15   ===================================

16   PLAINTIFFS' SOF:

17   they refused to return the funds until February 14, 2024

18   ----------------------------------------------

19   DEFENDANTS' RESPONSE:

20

21

22   DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
     FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
     SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
     7056)
23   PAGE 81 OF 103

     ERIC AND SUSAN YOUNG - Defendants Pro Se
     12402 N Division St #167 :: Spokane, WA 99218
     PHONE (936-463-8411)
     ~~~~~~~~~~~~ :: jaegersmum@proton.me

1  Disputed. "Refused" assumes entitlement and recourse; record shows bank advised no recourse

2  after acceptance. See Def. SMF ¶6. (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl

3  Exs. 1–5, 7, 36; RCW 62A.4A-406.)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 10(p)

5  ==============================

6  PLAINTIFFS' SOF:

7  "p. "When asked why he did not transfer the $119,718.04 to Ms. Cole when he discovered the

8  mistake, Mr. Young testified that he was busy." Id. at Ex. I, ¶ 171."

9  ---------------------------------------

10  DEFENDANTS' RESPONSE:

11  Objection/disputed. Nonfinal FOFCOL testimony recitation is not competent Rule 56 proof; and

12  in any event "busy" narrative is immaterial to Article 4A finality and §523 elements. (GO-3,

13  GO-6, GO-5.) - (Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)

14  (court records noticeable, not truth of disputed facts); Christensen (preclusion elements);

15  Defendants SMF ¶25 (non-judgment language).)

16  PLAINTIFFS' SOF (NUM/SUBNUM): 10(p)

17  ==============================

18  PLAINTIFFS' SOF:

19  When asked why he did not transfer the $119,718.04 to Ms. Cole when he discovered the

20  mistake

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericsblueprint@proton.me - jaegersmum7@proton.me

1    ----------------------------------------------

2    DEFENDANTS' RESPONSE:

3    Disputed. Not competent "undisputed fact" via FOFCOL narrative. (GO-1, GO-3.) - (FRCP

4    56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced

5    to a judgment").)

6    PLAINTIFFS' SOF (NUM/SUBNUM):  10(p)

7    ================================================

8    PLAINTIFFS' SOF:

9    Mr. Young testified that he was busy

10   ----------------------------------------------

11   DEFENDANTS' RESPONSE:

12   Disputed/immaterial. (GO-6.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex.

13   15 (FOFCOL ¶213: "may be reduced to a judgment").)

14   PLAINTIFFS' SOF (NUM/SUBNUM):  10(q)

15   ================================================

16   PLAINTIFFS' SOF:

17   "q. "During the hearing [on November 7, 2023], Mr. Young told the Court that he had spent

18   about $82,000.00 of the money to pay down the debt to qualify for the mortgage." Id. at Ex. I, ¶

19   133."

20   ----------------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 83 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
 :: jaegersmmm@proton.me

1  DEFENDANTS' RESPONSE:

2  Disputed as an "undisputed fact." Plaintiffs cite only FOFCOL narrative and inject contested

3  tracing/ownership. Requires admissible records; Plaintiffs provide none. (GO-7, GO-3.) -

4  (FRCP 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, 477

5  U.S. 242 (1986); Matsushita, 475 U.S. 574 (1986); RCW 62A.4A-406; Defendants SDMF

6  responses to Plaintiffs SOF ¶11.)

7  PLAINTIFFS' SOF (NUM/SUBNUM):  10(q)

8  ========================================

9  PLAINTIFFS' SOF:

10  During the hearing [on November 7, 2023]

11  ----------------------------------------

12  DEFENDANTS' RESPONSE:

13  Admit only the hearing date reference as procedural background; no merits inference. (GO-2.) -

14  (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

15  PLAINTIFFS' SOF (NUM/SUBNUM):  10(q)

16  ========================================

17  PLAINTIFFS' SOF:

18  Mr. Young told the Court that he had spent about $82,000.00 of the money to pay down the

19  debt to qualify for the mortgage

20  ----------------------------------------

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
⟨...⟩ - jacpersmmr@proton.me

1   DEFENDANTS' RESPONSE:

2   Disputed. Requires admissible tracing/records and assumes ownership/entitlement; Plaintiffs

3   provide none. (GO-7.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15

4   (FOFCOL ¶213: "may be reduced to a judgment").)

5   PLAINTIFFS' SOF (NUM/SUBNUM):  10(r)

6   =========================================

7   PLAINTIFFS' SOF:

8   "r. "First, Mr. Young acknowledged that the amount over $180,000.00 ($62,334.62) and the

9   $119,698.04 was not a gift." Id. at Ex. I, ¶ 166."

10  ---------------------------------------------

11  DEFENDANTS' RESPONSE:

12  Disputed. Plaintiffs cite only nonfinal FOFCOL narrative to re-label gift/loan characterization;

13  underwriting/gift documentation in the admissible record governs. See Def. SMF ¶¶20–22.

14  (GO-3, GO-7.) - (18 U.S.C. §1014; Kaiser Steel Corp. v. Mullins, 455 U.S. 72 (1982); In re

15  Douglass, 2008 WL 4182993 (Bankr. E.D. Cal. 2008) (as cited in your MPA); Defendants SMF

16  ¶¶20–21; Ex. 8 (gift letter).)

17  PLAINTIFFS' SOF (NUM/SUBNUM):  10(r)

18  =========================================

19  PLAINTIFFS' SOF:

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
    FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
    SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
    7056)
23  PAGE 85 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eric.susan.young.pleadings.pro.se :: pagersmom@proton.me

1  First, Mr. Young acknowledged that the amount over $180,000.00 ($62,334.62) and the

2  $119,698.04 was not a gift

3  ------------------------------------------------

4  DEFENDANTS' RESPONSE:

5  Disputed. Improper implied admission and legal characterization; controlled by admissible

6  gift/underwriting records, not FOFCOL narrative. See Def. SMF ¶¶20–22. (GO-7.) - (Eric

7  Young Decl Ex. 8 & 8-A; Ex. 9; Defendants SMF ¶¶20–21; Ex. 21.)

8

9  PLAINTIFFS' SOF (NUM/SUBNUM):  10(s)

10  ==================================

11  PLAINTIFFS' SOF:

12  "s. "It is undisputed that the additional $62,314.04 above the $180,000.00 transferred into Mr.

13  Young's account was not a gift. Despite this, Mr. and Ms. Young have not returned the money."

14  Id. at Ex. I, ¶ 207."

15  ------------------------------------------------

16  DEFENDANTS' RESPONSE:

17  Disputed. Improper "undisputed" label and re-characterization; Plaintiffs cite only nonfinal

18  FOFCOL narrative. Underwriting/gift records and Article 4A framework control. See Def. SMF

19  ¶¶20–22; ¶6. (GO-1, GO-3, GO-5, GO-7.) - (Eric Young Decl Ex. 8 & 8-A; Ex. 9; Defendants

20  SMF ¶¶20–21; Ex. 21.)

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmunr@proton.me

PLAINTIFFS' SOF (NUM/SUBNUM): 10(s)

=======================================

PLAINTIFFS' SOF:

the additional $62,314.04 above the $180,000.00 transferred into Mr. Young's account was not

a gift

------------------------------------------------

DEFENDANTS' RESPONSE:

Disputed for same reasons. (GO-3, GO-7.) - (Eric Young Decl Ex. 8 & 8-A; Ex. 9; Defendants

SMF ¶¶20–21; Ex. 21.)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(s)

=======================================

PLAINTIFFS' SOF:

Despite this, Mr. and Ms. Young have not returned the money

------------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Assumes entitlement/recourse; bank advised no recourse after acceptance. See Def.

SMF ¶6. (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW

62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(t)

=======================================

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eiegersnum:zeproton.me

PLAINTIFFS' SOF:

"t. "The Coles have shown that, more likely than not, the Youngs took and retained $242,314.62 and deprived them of the use and possession of it. The Youngs provided no evidence to the contrary." Id. at Ex. I, ¶ 204."

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Classic burden-shift rhetoric ("shown more likely than not," "no evidence") from nonfinal FOFCOL is not competent Rule 56 evidence absent issue preclusion. (GO-1, GO-3.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").; FRCP 56(c).)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(t)

==============================

PLAINTIFFS' SOF:

The Coles have shown that, more likely than not

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed for same reasons. (GO-1, GO-3.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").; FRCP 56(c).)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(t)

==============================

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericyersmunr@proton.me

PLAINTIFFS' SOF:

the Youngs took and retained $242,314.62 and deprived them of the use and possession of it

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Plaintiffs cite only FOFCOL narrative; Article 4A framework governs and ownership/retention is disputed. (GO-5.) - (Defendants SMF ¶¶4–6, 61; Exs. 1–5, 36; (and, if relied on, FOFCOL not preclusive: W001/W006; Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").))

PLAINTIFFS' SOF (NUM/SUBNUM): 10(t)

==================================

PLAINTIFFS' SOF:

The Youngs provided no evidence to the contrary

-----------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. Improper burden shift; Plaintiffs carry MSJ burden. (GO-1.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").; FRCP 56(c).)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(u)

==================================

PLAINTIFFS' SOF:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericgersmann@proton.me

"The Debtor's converted $242,314.62 (after already returning $119,000) from the Coles. Id. at Ex. I, ¶¶ 201-209.

----------------------------------------

DEFENDANTS' RESPONSE:

Disputed. "Their money" is a disputed legal conclusion; harm narrative is not competent Rule 56 proof of §523 elements absent admissible evidence and correct legal framework. (GO-5, GO-7.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(u)

================================

PLAINTIFFS' SOF:

The Debtor's converted $242,314.62

----------------------------------------

DEFENDANTS' RESPONSE:

Disputed for same reasons. (GO-5.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM): 10(u)

================================

PLAINTIFFS' SOF:

(after already returning $119,000)

----------------------------------------

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 90 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
................... :: jaegersmum@proton.me

1  DEFENDANTS' RESPONSE:

2  Disputed. Ownership/tracing and timing are not established by admissible records; Plaintiffs

3  cite only FOFCOL narrative and inject prejudicial collateral items. (GO-6, GO-7, GO-3.) -

4  (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

5  reduced to a judgment").)

6  PLAINTIFFS' SOF (NUM/SUBNUM): 10(u)

7  ======================================

8  PLAINTIFFS' SOF:

9  from the Coles

10 ----------------------------------------------

11 DEFENDANTS' RESPONSE:

12 Disputed. Requires admissible tracing/records; Plaintiffs cite none. (GO-7.) - (Defendants SMF

13 ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

14 PLAINTIFFS' SOF (NUM/SUBNUM): 10(v)

15 ======================================

16 PLAINTIFFS' SOF:

17 "v. "Mr. and Ms. Cole have been deprived of the use and possession of their money." Id. at Ex.

18 I, ¶ 209."

19 ----------------------------------------------

20 DEFENDANTS' RESPONSE:

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1  Objection: irrelevant/unfairly prejudicial collateral matter. (GO-6.) - (FRCP 56(c); Fed. R. Evid.

2  401–403; Plaintiffs SOF (argumentative paragraphs e.g., ¶10(A), ¶12); Defendants SDMF

3  Response (argument/immateriality objections).)

4  PLAINTIFFS' SOF (NUM/SUBNUM):  10(v)

5  ===============================

6  PLAINTIFFS' SOF:

7  Mr. and Ms. Cole have been deprived of the use and possession of their money

8  ----------------------------------------------

9  DEFENDANTS' RESPONSE:

10 Admit only the procedural sequencing in the cited narrative; dispute any merits/§523 inference.

11 (GO-4.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

   PLAINTIFFS' SOF (NUM/SUBNUM):  11

13 ===============================

14 PLAINTIFFS' SOF:

15 The State Court also found that the Defendants spent over $100,000 of Plaintiffs' monies (on an

16 RV, motorcycles, and other items) after the State Court first froze the money, and then second,

17 ordered Defendants to return the money to the Plaintiffs. Id. at Ex. I, ¶¶ 130-134, 143-151."

18 ----------------------------------------------

19 DEFENDANTS' RESPONSE:

20

21

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
· · · · · · · · · - piegersmum@proton.me

Disputed. Assumes entitlement/ownership; not competent Rule 56 proof of §523 elements.

(GO-5.) - (FRCP 56(c); Defendants SMF ¶46; Exs. 1–3, 7, 36.)

PLAINTIFFS' SOF (NUM/SUBNUM):  11.01

================================================

PLAINTIFFS' SOF:

The State Court also found that the Defendants spent over $100,000 of Plaintiffs' monies

----------------------------------------------

DEFENDANTS' RESPONSE:

Object. Irrelevant character evidence and unfair prejudice; not material to §523 elements and

not competent Rule 56 proof. (GO-6.) - (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–

5, 7, 36; RCW 62A.4A-406.)

PLAINTIFFS' SOF (NUM/SUBNUM):  11.02

================================================

PLAINTIFFS' SOF:

(on an RV, motorcycles, and other items)

----------------------------------------------

DEFENDANTS' RESPONSE:

Objection—collateral matter. This allegation is not material to any element of § 523(a)(4) or §

523(a)(6), is argumentative, and should be disregarded under Rule 56; to the extent it is offered

for emotional effect, it is excludable as unfairly prejudicia (GO-6.) - (Doc. 10 SOF 10(a) (age)

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
jaegersmum@proton.me

and SOF 12 (religion/manipulation); Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I

(FOFCOL ¶¶ 1–4 (age/relationships) and ¶¶ 105–118 (religion/manipulation) and related

sections relied upon).)

PLAINTIFFS' SOF (NUM/SUBNUM):  11.03

================================

PLAINTIFFS' SOF:

after the State Court first froze the money

------------------------------------------------

DEFENDANTS' RESPONSE:

Objection—collateral matter. This allegation is not material to any element of § 523(a)(4) or §

523(a)(6), is argumentative, and should be disregarded under Rule 56; to the extent it is offered

for emotional effect, it is excludable as unfairly prejudicia (GO-6.) - (Ex. 10-B; FRE 201; FRCP

56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

PLAINTIFFS' SOF (NUM/SUBNUM):  11.04

================================

PLAINTIFFS' SOF:

and then second, ordered Defendants to return the money to the Plaintiffs

------------------------------------------------

DEFENDANTS' RESPONSE:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
peterssmun@proton.me

1  Disputed/qualified; destination posting is not disputed, but Plaintiffs' implied

2  wrongdoing/ownership inference is disputed under Article 4A. See Def. SMF ¶5, ¶8. (GO-5.) -

3  (Defendants SMF ¶¶1–12, 46; Eric Young Decl Exs. 1–5, 7, 36; RCW 62A.4A-406.)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 12

5  ===============================

6  PLAINTIFFS' SOF:

7  The State Court also made findings that Defendants "engaged in extraordinarily manipulative

8  tactics" and "relied on religion as a form of manipulation" against Plaintiffs after Plaintiffs

9  found out that the wire transfers had gone into Defendant Eric Young's bank account. Id. at Ex.

10  I, ¶¶ 105-118."

11  --------------------------------------------

12  DEFENDANTS' RESPONSE:

13  Admit only that the FOFCOL contains quoted remedial language. Dispute finality/preclusion

14  and truth-as-proof use; FOFCOL expressly contemplates later reduction to judgment and

15  Plaintiffs' counsel has admitted no judgment was entered due to bankruptcy stay. See Def. SMF

16  ¶¶53–56; ¶60–62. (GO-3.) - (Doc. 10 SOF 10(a) (age) and SOF 12 (religion/manipulation);

17  Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–4 (age/relationships) and

18  ¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

19  PLAINTIFFS' SOF (NUM/SUBNUM): 12.01

20  ===============================

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 95 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
rogersmum@proton.me

PLAINTIFFS' SOF:

Defendants "engaged in extraordinarily manipulative tactics"

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed as used here; not competent Rule 56 evidence of §523 elements and rests on nonfinal

FOFCOL posture. (GO-3.) - (Doc. 10 SOF 10(a) (age) and SOF 12 (religion/manipulation);

Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–4 (age/relationships) and

¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

PLAINTIFFS' SOF (NUM/SUBNUM): 12.02

===============================

PLAINTIFFS' SOF:

and "relied on religion as a form of manipulation"

---------------------------------------------

DEFENDANTS' RESPONSE:

Disputed/qualified; collateral nonparty/ownership issues exist (REALM Analytics, LLC). See

Def. SMF ¶30. (GO-7, GO-4.) - (Doc. 10 SOF 10(a) (age) and SOF 12 (religion/manipulation);

Doc. 10 SOF 7 (incarceration duration); Doc. 11 Ex. I (FOFCOL ¶¶ 1–4 (age/relationships) and

¶¶ 105–118 (religion/manipulation) and related sections relied upon).)

PLAINTIFFS' SOF (NUM/SUBNUM): 12.03

===============================

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 96 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
peeersmunr@proton.me

PLAINTIFFS' SOF:

after Plaintiffs found out that the wire transfers had gone into Defendant Eric Young's bank

account

-------------------------------------------

DEFENDANTS' RESPONSE:

Disputed. "Judgment" label is nonfinal as stated; not competent preclusion basis. (GO-3.) -

(FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

reduced to a judgment").)

PLAINTIFFS' SOF (NUM/SUBNUM): 13

==============================

PLAINTIFFS' SOF:

The State Court Order includes the following: The Coles are awarded the $24,000 in their

attorney's trust account, title to the RV, and a judgment of $129,515.42. The Coles are awarded

prejudgment interest (12%) on the wrongfully withheld $119,698.04 from October 16, 2023,

until February 14, 2024. The Coles are awarded prejudgment interest (12%) beginning October

26, 2023, and post judgment interest (12%) on the remaining amount, $129,515.42. This

judgment is to be paid within 30 days. If not paid, it may be reduced to a judgment without

notice to Mr. and Mrs. Young. Id. at Ex. I, pg. 26. Dated December 1, 2025 RIVERSIDE NW

LAW GROUP, PLLC BY: /s/ Matthew S. Mensik Mathew A. Mensik, WSBA 44260 601 W.

Riverside Ave. Ste. 810 Spokane, WA 99201 Telephone: (206) 949-3540 Email:

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

1   mam@rnwlg.com CERTIFICATE OF SERVICE I hereby certify that on December 1, 2025, I

2   electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

3   Further, a copy of the foregoing was also mailed and emailed to the following individuals. Via

4   CM/ECF and first class mail: Eric and Susanann Young 12402 N. Division St #167 Spokane,

5   WA 99218 Pro Se Defendants And via email: eyoung-encrypt@pm.me

6   jaegersmum@proton.me Dated this 1st day of December, 2025. /s/ Matthew S. Mensik

7   Matthew A. Mensik STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS' MOTION

8   FOR SUMMARY JUDGMENT - 11 25-80038-FPC Doc 10 Filed 12/01/25 Entered 12/01/25

9   21:51:06 Pg 11 of 11"

10   ----------------------------------------------

11   DEFENDANTS' RESPONSE:

12   Admit only that the FOFCOL contains quoted remedial language. Dispute finality/preclusion

13   and truth-as-proof use; FOFCOL expressly contemplates later reduction to judgment and

14   Plaintiffs' counsel has admitted no judgment was entered due to bankruptcy stay. See Def. SMF

15   ¶¶53–56; ¶60–62. (GO-3.) - (Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL

16   ¶213: "may be reduced to a judgment").)

17   PLAINTIFFS' SOF (NUM/SUBNUM): 13.01

18   ===============================

19   PLAINTIFFS' SOF:

20   The Coles are awarded the $24,000 in their attorney's trust account

21

22   DEFENDANTS' STATEMENT OF DISPUTED MATERIAL      ERIC AND SUSAN YOUNG - Defendants Pro Se
  FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR      12402 N Division St #167 :: Spokane, WA 99218
  SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP      PHONE (936-463-8411)
  7056)

23   PAGE 98 OF 103

1 ----------------------------------------------

2 DEFENDANTS' RESPONSE:

3 Disputed as used here; not competent Rule 56 evidence of §523 elements and rests on nonfinal

4 FOFCOL posture. (GO-3.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15

5 (FOFCOL ¶213: "may be reduced to a judgment").)

6 PLAINTIFFS' SOF (NUM/SUBNUM): 13.02

7 ================================

8 PLAINTIFFS' SOF:

9 title to the RV

10 ----------------------------------------------

11 DEFENDANTS' RESPONSE:

12 Disputed/qualified; collateral nonparty/ownership issues exist (REALM Analytics, LLC). See

13 Def. SMF ¶30. (GO-7, GO-4.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 &

14 Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

15 PLAINTIFFS' SOF (NUM/SUBNUM): 13.03

16 ================================

17 PLAINTIFFS' SOF:

18 and a judgment of $129,515.42

19 ----------------------------------------------

20 DEFENDANTS' RESPONSE:

21
22 DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
23 PAGE 99 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericandsusan@proton.me

1  Disputed. "Judgment" label is nonfinal as stated; not competent preclusion basis. (GO-3.) -

2  (FRCP 56(c); Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be

3  reduced to a judgment").)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 13.04

5  ===============================

6  PLAINTIFFS' SOF:

7  The Coles are awarded prejudgment interest (12%) on the wrongfully withheld $119,698.04

8  from October 16, 2023, until February 14, 2024

9  ---------------------------------------------

10 DEFENDANTS' RESPONSE:

11 Disputed. "Wrongfully withheld" is a merits conclusion and the FOFCOL is nonfinal; not

12 competent Rule 56 proof. (GO-3, GO-5.) - (FRCP 56(c); Defendants SMF ¶25; Eric Young

13 Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").)

14 PLAINTIFFS' SOF (NUM/SUBNUM): 13.05

15 ===============================

16 PLAINTIFFS' SOF:

17 The Coles are awarded prejudgment interest (12%) beginning October 26, 2023, and post

18 judgment interest (12%) on the remaining amount, $129,515.42

19 ---------------------------------------------

20 DEFENDANTS' RESPONSE:

21

22

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericorsusan??@proton.me

1  Disputed/qualified; nonfinal posture and merits conclusions. (GO-3.) - (FRCP 56(c);

2  Defendants SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a

3  judgment").)

4  PLAINTIFFS' SOF (NUM/SUBNUM): 13.06

5  ===================================

6  PLAINTIFFS' SOF:

7  This judgment is to be paid within 30 days

8  -----------------------------------------------

9  DEFENDANTS' RESPONSE:

10  Admit only the FOFCOL language; it underscores nonfinal posture (contemplating later action).

11  (GO-3.) - (Ex. 10-B; FRE 201; FRCP 56(c); Defendants SMF ¶¶31–35; Ex. 25; Ex. 10-B.)

12  PLAINTIFFS' SOF (NUM/SUBNUM): 13.07

13  ===================================

14  PLAINTIFFS' SOF:

15  If not paid, it may be reduced to a judgment without notice to Mr. and Mrs. Young

16  -----------------------------------------------

17  DEFENDANTS' RESPONSE:

18  Admit this FOFCOL language; it affirmatively shows nonfinality ("may be reduced to a

19  judgment") and defeats Plaintiffs' attempt to treat FOFCOL as a final judgment for issue

20  preclusion/Rule 56 "undisputed facts." See Def. SMF ¶¶53–56; ¶60–62. (GO-3.) - (Defendants

21

22

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
- pacersmamt@proton.me

23

1  SMF ¶25; Eric Young Decl ¶18 & Ex. 15 (FOFCOL ¶213: "may be reduced to a judgment").;

2  Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299 (2004).)

3

4

5

6

7

8  Respectfully Submitted,

9

10  Dated: December 29, 2025

11  */s/    Eric Young*        */s/ Susan Young*
         Eric Young              Susan Young

12

13

14

15

16

17

18

19

20

21

22  DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
     FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
     SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
     7056)
23  PAGE 102 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
ericersmith@proton.me

## II. CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

By First-Class Mail:
Matthew Mensik
Riverside NW Law Group
505 W. Riverside Ave. Suite 208
Spokane, WA 99201
Courtesy Copy by Email:
mam@mvdc.com

Trustee John D. Munding
via email:
John@mundinglaw.com

By First-Class Mail:
U.S. Trustee
U.S. Court House
920 W Riverside Ave, Suite 593
Spokane, WA 99201

DATED this 29th day of December, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL young-enerypt@pm.me
eecersmum@proton.me
Debtors Appearing Pro Se

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (LBR 7056(C); FRCP 56; FRBP
7056)
PAGE 103 OF 103

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eecersmum@proton.me