ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL ericandsusanptb@pm.me
jaegersamm@proton.me
Defendants Pro Se

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| In re:<br>Eric Young and<br>Susan Young, Debtors<br><br>———————————————<br><br>Linda Cole and Ted Cole,<br>    Plaintiffs,<br>v.<br>Eric Young and Susan Young,<br>Defendants | CASE NO. 25-01029-FPC7<br><br>CHAPTER 7<br><br>ADVERSARY NO. 25-80038-FPC<br><br>DEFENDANTS' MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION FOR ENTRY OF JUDGMENT |

Defendants Eric R. Young and Susan L. Young ("Defendants") move, pursuant

to Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)) and LBR 9013-1,

to alter, amend, and vacate the Memorandum and Order Re: Summary Judgment

entered January 27, 2026 (Doc. 44).

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 1 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
EMAIL ericandsusanptb@pm.me · jaegersamm@proton.me

# I. RELIEF REQUESTED

Defendants respectfully request that the Court:

1. Vacate the Memorandum and Order Re: Summary Judgment (Doc. 44) and resulting judgment, on the grounds of manifest errors of law and fact and to prevent a manifest miscarriage of justice

2. Reconsider and sustain Defendants' Objection/Response to Plaintiffs' Motion for Summary Judgment (Doc. 27, objecting to Plaintiffs' Doc. 9) because it is supported solely by non-final State Court findings that are inadmissible under Rule 56(c), fail Washington's collateral estoppel prerequisites, and are legally preempted by UCC Article 4A (Regulation J)

3. Grant Defendants' Cross-Motion for Summary Judgment (Doc. 17, 36) on all counts under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), for the reasons already briefed and as reinforced by this Motion

4. Enter findings that Plaintiffs' litigation conduct - continuing to prosecute a non-dischargeability theory built on nonfinal state findings, while ignoring Article 4A/Regulation J, the lender gift letter, and contrary bank-system records - constitutes bad faith and an abuse of the Rule 56 process

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 2 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

## II. GROUNDS FOR RELIEF UNDER RULE 59(e)

Relief is warranted to correct:

1. Manifest error of law: The Court treated the nonfinal FF as issue-preclusive despite Plaintiffs' own admissions that "no final judgment was entered" and despite a pending CR 52(b)/59 challenge in removed adversary 25-80037.

2. Manifest error of law: The Court adopted state-law "conversion" and "negligence" findings to supply federal § 523(a)(4)/(a)(6) elements while disregarding Regulation J and UCC Article 4A, which are the exclusive framework governing the October 16, 2023 Fedwire transfers and expressly displace common-law tort remedies against the beneficiary.

3. Manifest error of law: The Court treated Plaintiffs' abandoned § 523(a)(2)(A) "fraud" count as effectively satisfied through FF "fraud" language, even though the FF expressly found that "The Coles cannot establish a claim of fraud" under Washington law and Plaintiffs' own summary-judgment motion conspicuously omitted Count I.

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 3 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

4. Manifest error of fact: The Court credited FF findings premised on the theory that "more likely than not, Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms," while ignoring the notarized wet-ink wire instructions, the credit-union's own records, and objective police investigation findings that Linda "was the one verifying her information" under a security procedure.

5. Manifest injustice: The Court allowed Plaintiffs to re-characterize FHA "gift funds" as a "converted" debt, in direct conflict with the Rocket/FHA gift letter, federal mortgage-fraud statutes, and long-standing authority holding that such gift letters are powerful - often dispositive - evidence of donative intent that cannot be undone with post-hoc oral stories.

## III. PRELIMINARY STATEMENT

The Summary Judgment Order does not merely "resolve" a disputed record; it lifts wholesale a nonfinal state-court narrative that state judges themselves acknowledged was not reduced to judgment because of this bankruptcy, and then treats that narrative as conclusive proof of larceny, embezzlement, and willful injury. It does so by declaring Defendants' Article 4A/Regulation J

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 4 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

arguments "irrelevant," by refusing to grapple with the FHA gift letter and notarial wire instructions, and by dismissing Defendants' detailed Rule 56 briefing as "nonsensical" rather than actually addressing the governing law. At the same time, the Order ignores what everyone in this case already knew and what Plaintiffs themselves told this Court: a) The FF "may be reduced to a judgment," and no state-court judgment was ever entered because the bankruptcy stay prevented it; and b) The FF expressly found that "The Coles cannot establish a claim of fraud" because their allegations were, at most, promises of future conduct about title/mortgage treatment, not misrepresentations of existing fact; and c) The October 16, 2023 wires were completed Fedwire transfers governed by Article 4A and Regulation J, and Defendants' MSJ showed - with bank-system evidence, Rocket/FHA documents, and Plaintiffs' own admissions - that Plaintiffs' remedy, if any, lay (i) against their credit union under Article 4A's refund rules, or (ii) not at all, because their own gift letter and prevention of the closing extinguished any "right to payment."

The Court's refusal to confront those points - and its choice instead to declare the pro se Defendants' arguments "nonsensical" and beneath judicial engagement -

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 5 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

constitutes precisely the sort of manifest error, abdication of the preemption analysis, and resulting injustice that Rule 59(e) exists to correct.

## IV.  FACTUAL CORE: COMPLETED WIRES, A WRITTEN GIFT, AND A MANUFACTURED DISPUTE

### A. Completed Fedwire Transfers and Notarial Wire Instructions

The undisputed record shows that on October 16, 2023, Old West Federal Credit Union ("OWFCU") executed two outgoing Fedwire payment orders from Linda Cole's accounts to Defendants' Bank of America accounts. OWFCU's outgoing wire documentation, TranZact reports, and Bank of America IMAD credit records confirm that the wires were accepted, completed, and credited to Defendants that same day.

In the "Wire Instructions, Indemnification and Hold Harmless Agreement," Linda acknowledged in writing - before a Washington notary - that she "instruct[ed] Old West Federal Credit Union to send my funds pursuant to the attached wire instruction," agreed to hold the credit union harmless from "any and all claims, losses, damages or liabilities … arising from this transaction," and expressly acknowledged that "once the wire is sent and accepted there is no recourse or method for return of funds."

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 6 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

25-80038-FPC    Doc 46    Filed 02/11/26    Entered 02/11/26 13:21:49    Pg 6 of 25

Under RCW 64.08.050 and long-standing Washington authority, the notary's certificate is prima facie evidence that Linda personally appeared and voluntarily acknowledged those wire instructions. The FF and Doc. 44 never grapple with this statutory presumption or the legal effect of Linda's notarial acknowledgments.

**B. Plaintiffs' Claim "Forged Page-1 Wire Forms" But Refuse To Inspect Original Documents**

The State Court's FOFCOL – and Doc. 44 – rest on the premise that Linda Cole never saw or signed page 1 of the OWFCU Outgoing Domestic Wire Request forms and that Eric Young "affixed" her signatures and hid those pages from her. That premise is the lynchpin for (1) the "unlawful original taking" required for larceny under § 523(a)(4), and (2) the "wrongful" and "malicious" conduct required for § 523(a)(6). Yet Plaintiffs never produced a single piece of competent evidence for that premise beyond Linda's own say-so on the stand. They never called a handwriting or document-examiner witness, never produced any OWFCU security-procedure witness or document showing what OWFCU actually "required," and – critically – have refused to examine the original, wet-ink page-1

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 7 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

wire forms that Debtors have repeatedly disclosed and offered for inspection and forensic testing.

It is legal error to treat such a naked, self-serving denial as a conclusive "finding of forgery," to build a state-court judgment on that premise, and then to import that factual premise into § 523 via issue preclusion. Rule 9023 exists precisely to correct this kind of error.

(a)    **Plaintiffs' "forgery evidence" consists solely of Linda's trial denial that she signed page 1**

At the Spokane County trial, Plaintiffs' entire "forgery" case came down to Linda's own testimony under questioning by her lawyer. During her direct examination, Mr. Mensik walked her through Plaintiffs' Exhibits P-28 and P-29, the OWFCU wire packets. He confirmed that she signed the page-3 Indemnity forms before a notary and then asked, as to each exhibit, whether she had signed page 1. For both wire packets, Linda answered that she did not. That is the only evidence Plaintiffs ever presented that she did not sign page 1.

The State Court witness list and exhibit index underscore the point: Plaintiffs listed no handwriting expert, no questioned-document examiner, and no OWFCU

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 8 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

policy/security-procedure witness. Their exhibits included "Signed Wire Transfer" documents (P-28, P-29) and related correspondence, but there is no record of any expert or disinterested witness testifying that the page-1 signatures were not Linda's, nor any OWFCU document or testimony establishing that "both" the wire form and the Indemnity were required to be signed and notarized as Plaintiffs later alleged in their § 523 complaint at ¶ 2.45. That allegation – that "Old West required that both the wire transfer document and … the 'Indemnification and Hold Harmless Agreement' be signed by Plaintiff Linda Cole and notarized" – is nothing more than counsel's assertion in a pleading, unsupported by a single OWFCU witness or policy document. Arguments and statements of counsel "are not evidence and are not entitled to evidentiary weight"; they cannot substitute for proof.

By contrast, Debtors have consistently disclosed and offered the original, wet-ink page-1 OWFCU Outgoing Domestic Wire Request forms:

• In Susan Young's November 8, 2024 deposition with Plaintiffs' counsels, Mr. Mensik and Mr. Tellessen, she testified that when "this all came out" she realized

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 9 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

that the paper copies in her records were in fact originals of the OWFCU wire

requests with her mother's signature imprint.

• During that deposition, Susan told Plaintiffs' counsels that Debtors possessed the

original signed page-1 wire forms bearing Linda's physical signatures. Again,

Plaintiffs' counsels, Mr. Mensik and Mr. Tellessen, never requested to inspect the

originals.

• At the § 341 meeting of creditors, held by video, Susan physically held both

original page-1 OWFCU Outgoing Domestic Wire Request forms up to the

camera for Trustee Munding and Plaintiffs' counsel, Mr. Tellessen, to see,

identified them on the record as the original wire request forms with Linda's

signatures on page 1, and explicitly stated that Debtors were willing to provide the

originals for forensic handwriting examination. Again, Plaintiffs' counsel never

requested inspection of the originals or any handwriting expert.

In other words, Plaintiffs were repeatedly put on notice that Debtors had the

original signed page-1 forms and that Debtors were willing to submit them for

forensic testing. Plaintiffs' counsel have continued to make a conscious choice not

to examine those originals, while continuing to insist – without testing the

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 10 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

documents – that Linda "never signed page 1" and that Eric "affixed" her signature. Doc. 44 simply accepts that narrative as fact.

**(b) Under settled evidentiary law, that is not proof of forgery and cannot support summary judgment or issue preclusion**

The Federal Rules of Evidence set a low but real threshold for authentication: a document is authenticated if there is "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Testimony from "a witness with knowledge that an item is what it is claimed to be" satisfies that standard. Fed. R. Evid. 901(b)(1). Susan Young's declaration – that she personally watched her mother sign both page-1 wire forms on October 15, 2023 at Linda's Baker City home, that she recognizes her mother's handwriting, and that she and Eric have retained the original, wet-ink forms ever since – easily meets this threshold. Once Debtors authenticate the originals, the burden shifts to Plaintiffs to prove that the signatures are forged and that Linda never saw these page 1 documents.

That burden is high. A party alleging that a signature on a facially valid instrument is forged typically must prove it by clear and convincing evidence.

DEFENDANTS' MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION FOR ENTRY OF JUDGMENT
Page 11 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

Courts repeatedly hold that a bare, self-interested denial by the alleged signer – "that's not my signature" – is not enough. In *Fidelity & Deposit Co. of Maryland v. American Consertech, Inc.*, the federal district court rejected a forgery defense to indemnity agreements whose signatures were acknowledged by a notary. The defendants claimed that the wife's signatures were forged and offered only their own testimony; they presented no handwriting expert and no disinterested evidence. The court held that because the documents were accompanied by proper certificates of acknowledgment, there was a presumption of correctness, and "self-serving testimony" from the signatories was "insufficient to overcome the presumption" or meet the clear-and-convincing standard.

State courts say the same thing. In *Sims v. State of Alabama Comm'n on Higher Education*, cited in *Fidelity & Deposit*, a borrower sought to avoid a judgment by claiming her signatures on loan forms were forged. The forms were witnessed and notarized. Her only rebuttal was her testimony that she was "not sure" one signature was hers because it "looked different." The Alabama court held that this "bare assertion" did not constitute a meritorious defense and was insufficient to overcome the presumption created by the notarization. New York's appellate

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 12 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

courts have held that a plaintiff's "self-serving assertion that her signature was forged" on a notarized deed, without corroborating proof, is insufficient to overcome the presumption of due execution and to defeat summary judgment. Washington law applies the same clear-and-convincing standard whenever a party seeks to set aside or disregard facially valid written instruments on grounds such as fraud, undue influence, or mistake. See, e.g., *In re Estate of Lint*, 135 Wn.2d 518, 532–34, 957 P.2d 755 (1998) (will contest based on fraud/undue influence requires proof by clear, cogent, and convincing evidence); *In re Estate of Bussler*, 160 Wn. App. 449, 458–60, 247 P.3d 821 (2011) (clear, cogent, and convincing evidence required to set aside later will; mere suspicion and self-serving testimony not enough). Washington courts consistently emphasize that such a standard means evidence that makes the fact "highly probable," not merely plausible. Labeling a signature "forged" does not relieve the party asserting forgery of that evidentiary burden.

Measured against these standards, Plaintiffs' showing here is legally inadequate. They:

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 13 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
evonne-enerypt@pm.me - jaegersmum@proton.me

• presented no handwriting expert, no questioned-document examiner, and no OWFCU witness to explain or compare signatures;

• produced no OWFCU policy or documentation to substantiate their repeated assertion (in the state trial and again in § 523 ¶ 2.45) that OWFCU "required" both the wire request and the Indemnity to be signed and notarized – an assertion that, even if true, would go to OWFCU's internal risk management, not to whether Linda in fact signed page 1; and

• refused to inspect the original page-1 forms that Debtors have possessed since October 2023 and have repeatedly offered for inspection and forensic testing. Their forgery story is supported only by Linda's own, self-interested trial testimony that she did not sign page 1. Under *Fidelity & Deposit*, *Sims*, *Valenzano*, *Bussler*, and *Lint*, that kind of untested, self-serving denial is insufficient as a matter of law to meet any "clear, cogent, and convincing" standard; it is insufficient to create a genuine dispute of material fact for summary judgment; and it certainly is not a sufficient foundation to treat "forgery" as conclusively established under collateral estoppel in a § 523 proceeding.

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 14 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-cncty.pl.z/pnn.me - jaegersmun@proton.me

Courts apply the same rule even when the challenged signature is not notarized. In *United States v. Chu Kong Yin*, 935 F.2d 990 (9th Cir. 1991), the defendant argued that his signature on a Customs declaration form was forged and therefore the form should not be admitted. The Ninth Circuit rejected that argument, holding that his "unsupported assertion that the signature is not his" was insufficient to overcome the government's authentication showing under Rule 901. The court emphasized that the government had produced the original document and testimony from an agent about how it was executed, and that "[a] mere allegation of forgery, without more, does not render the document inadmissible or create a genuine issue as to its authenticity." *Id.* at 994–95. This is exactly debtors' situation. Debtors have produced the original, wet-ink page-1 OWFCU wire request forms and testimony from a percipient witness (Susan) who watched Linda sign them and recognizes her handwriting. Plaintiffs have offered nothing "more" than Linda's bare allegation of forgery; they have not inspected the originals, have not deposed any OWFCU employee about the signatures, and have not retained a handwriting expert. Under *Yin*, as under *Fidelity & Deposit*, *Sims*, and *Valenzano*, a mere allegation of forgery, without

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 15 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
esyoung.epc [at] pm.me · jaegersmum @ proton.me

supporting evidence, does not defeat authentication, does not bar admission, and does not create a genuine issue of fact on authenticity. Treating Linda's unsupported denial as conclusive proof that she "never signed page 1" is therefore legal error, particularly where Plaintiffs have deliberately refused to examine the original documents that would resolve the question.

(c) **It is manifest error and manifest injustice to let the "never signed page 1" premise stand – and to carry it into § 523 – when no one has ever examined the original signatures**

The State Court's FOFCOL – and Doc. 44 – did not merely "credit" Linda over Eric on a marginal point. They hard-wired an evidentiary premise into the findings: that Linda never saw and never signed page 1, and that Eric "affixed" her signatures and hid those pages. That premise was never proven with anything more than Linda's testimony; it is contradicted by original, authenticated documents that Plaintiffs and OWFCU have made a point of not examining; and it is flatly inconsistent with notarized Indemnity instruments in which Linda expressly directed OWFCU to send "my funds to the recipient identified in the attached Wire Transfer/Authorization Form," represented that she had "verified

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 16 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung.ericyp@protonme - jaegersmnn@proton.me

the recipient," and acknowledged "no recourse or method for return of funds" once the wires were sent and accepted.

To allow that premise to stand, and then to import it into a nondischargeability judgment via issue preclusion, is to invert the burden of proof on forgery and to reward Plaintiffs for deliberately avoiding the core evidence. It is legal error to let a § 523(a)(4)/(a)(6) judgment rest on such an evidentiary void and to invoke collateral estoppel to freeze an unproven forgery narrative into federal bankruptcy law. At a minimum, the complete absence of any expert, forensic, or documentary support for the "never signed page 1" story – coupled with Plaintiffs' refusal to examine the originals – defeats any claim that the forgery issue was "actually litigated" and "necessarily decided" on a competent evidentiary record, and shows that enforcing that finding in this § 523 context "works an injustice" under Washington's issue-preclusion doctrine.

Rule 9023 exists to permit correction of exactly this type of manifest error. The Court should decline to give preclusive effect to the State Court's unsupported forgery finding, should not treat "Linda never signed page 1" as established fact for § 523 purposes, and should not permit a nondischargeability judgment to rest

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 17 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoungrealty.plt@pm.me · jaegersmm@proton.me

on a narrative that Plaintiffs and their counsel have never been willing to test against the original signed documents Debtors have placed before this Court.

## C. The FHA Gift Letter and Plaintiffs' Own Admissions

The Rocket/FHA gift letter in the lender file states that the funds were a bona fide gift and that "the recipient and the donor also agree that the gift does not have to be repaid." Plaintiffs' own adversary complaint quotes Linda's October 30 text message acknowledging: "Yes, we are aware that Eric made me sign a blank piece of paper so that he could type up a gift fund letter to be able to acquire the mortgage loan."

Federal courts have recognized that HUD/FHA gift letters - executed to induce federal loan insurance - are powerful, often dispositive evidence of donative intent that cannot later be contradicted by oral assertions of an unwritten "secret loan" without colliding with 18 U.S.C. § 1014's prohibition on false statements to influence a federally related lender. See, e.g., In re Felsner (gift letter "conclusively" demonstrated a gift and barred donor's subsequent restitution claim); Gagnon v. Schickel (gift letter and HUD requirements estopped donors from recasting down-payment funds as a loan).

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 18 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
e-mail: ericyd [at] proton.me - jaegersummary [at] proton.me

Washington authority is consistent: in In re Marriage of Chainier, the Court of Appeals treated parents' funds for a married child's home purchase as a completed gift where the documentation (including a lender-required gift letter) evidenced donative intent, and later repayment claims conflicted with that record. Washington's broader community-property line (including In re Marriage of Skarbek and similar cases) presumes that separate funds intentionally applied to acquire a child's marital home are a gift to the marital community absent a clear, written contrary agreement.

Defendants' MSJ relied on those principles and on Douglass and related cases to explain why any alleged "side repayment deal" inconsistent with the Rocket/FHA gift letter is unenforceable as a matter of public policy under § 502(b)(1). Doc. 44 does not address any of that law.

**D. The October 30 "Changed Our Minds" Text and Prevention Doctrine**

On October 30, 2023, Linda texted Defendants: "We have changed our minds … We don't feel that our families living together is in the best interest." The same quoted text (in Plaintiffs' own Complaint) asks that "all the money that was trans

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 19 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

count" be returned. That admission a) Confirms the existence of the mutual "family plan" ("our families living together"), and b) Treats the transfers as something they now wanted back, not as theft or a forged wire.

What followed was not a "discovery" of crime but a litigation campaign: an Oregon lawyer's letter to the broker alleging "criminal" activity, then a Washington lawyer's letters to the title company and others, a TRO, and a flood of pleadings that successfully clouded title and caused the Guaranteed Rate FHA loan to be "Suspended: 11/08/2023," as reflected in the Suspense Notice.

Defendants' MSJ invoked the prevention doctrine: a party that deliberately prevents a condition (here, closing) cannot rely on that prevented condition to reclaim a completed payment as "wrongfully retained." Doc. 44 nonetheless treats the failed closing as evidence that the gift "never completed," while disregarding that Plaintiffs' own actions through their frivolous litigation directly caused the condition through the jurisdictionally void injunctive orders clouding title.

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 20 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung a cox net / pm me - pieyersmann z proton me

## E. BCPD and Credit-Union Evidence the Court Ignored

The Baker City Police Department incident report classified Plaintiffs' complaint as a civil dispute and investigated by speaking directly with OWFCU staff. The incident report (DFNDs' MSJ Exhibit 6) includes staff testimony that "there are a lot of safeguards" and that "Linda was the one verifying her information" in connection with the wire orders. BCPD then closed the incident within 24 hours, marked as 'File', and "unfounded." Plaintiffs admitted in RFA responses that they received that police report.

Those third-party records directly conflict with the FF's "more likely than not, Mr. Young affixed Ms. Cole's electronic signature" narrative and with Plaintiffs' shifting impersonation stories. Yet Doc. 44 adopts the FF signature finding wholesale and declares Defendants' contrary Article 4A arguments "irrelevant."

## F. ILLUSTRATIVE CONFLICTS BETWEEN DOC. 44 / FF AND THE RECORD

A small sampling illustrates why the FF is not a reliable basis for collateral estoppel and why reliance on it constitutes manifest error.

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 21 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

| Doc. 44 / FF Reliance | Contradicting Record | Why Preclusion Fails |
|---|---|---|
| Doc. 44 notes that the FF found "The Coles cannot establish a claim of fraud," yet concludes that the same state findings "support all four elements of 'malice' as required under 11 U.S.C. § 523(a)(6)" and that "circumstances exist indicating the Youngs engaged in fraud" for § 523(a)(4) purposes. | The FF explains that Plaintiffs' allegations were, at most, promises of future conduct about title and the loan - "a promise to do something," not a misrepresentation of existing fact. | A court cannot selectively give preclusive effect to a state record and then re-litigate and expand "fraud" beyond what the state court rejected. This misuses FF and ignores Christensen's "identical issue" and "no injustice" requirements. |
| Plaintiffs' MSJ and Doc. 44 rely on FF findings that "The Coles have shown that, more likely than not, the Youngs took and retained $242,314.62 and deprived them of the use and possession of it. The Youngs provided no evidence to the contrary." | OWFCU's notarial wire instructions state Linda directed OWFCU to send "my fustructions, agreed that "once the wire is sent and accepted there is no recourse or method for return of funds," and agreed to indemnify OWFCU for disputes "arising from this transaction." The TranZact/IMAD records show those wires were accepted and credi23. | Article 4A and Regulation J treat Linda as having "paid the beneficiary" once Bank of America accepted the payment orders. Plaintiffs offered no Article 4A analysis at all, and the Order treats Defendants' preemption argument as "irrelevant." That is manifest legal error. |
| Plaintiffs and Doc. 44 rely on FF's fraud rejection only to the extent it helps avoid § 523(a)(2)(A), while insisting | The Rocket/FHA gift letter a stare a gift and "the gift does not have to be repaid." Plaintiffs' own complaint | Plaintiffs may not induce an FHA lender with a gift letter and then, once the |

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 22 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

| Doc. 44 / FF Reliance | Contradicting Record | Why Preclusion Fails |
|---|---|---|
| the same FF establishes "larceny" and "embezzlement" because the funds were "never supposed to be transferred into Mr. Young's account" and "were not a gift." | quotes Linda's October 30 text: "Yes, we are aware that Eric made me sign a blank piece of paper so that he could type up a gift fund letter to be able to acquire the mortgage loan." Courts routinely treat such lender gift letters as dispositive proof of donative intent, and Defendants' MSJ explained why any contrary "secret loan" is unenforceable under § 502(b)(1) and federal mortgage-fraud policy. | relationship sours, ask this Court to enforce an alleged "loan" that exists only by contradicting that same gift letter. Doc. 44's failure to confront this record is manifest error and creates a serious Supremacy Clause problem. |

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 23 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

## VII. CONCLUSION AND REQUEST FOR RELIEF

The Plaintiffs' case is a sham. It is built on perjury, prosecuted in violation of the automatic stay, and relies on state findings that are preempted by federal law. The Baker City Police Department dismissed these allegations as "Unfounded" two years ago. It is time for this Court to do the same.

Defendants **DEMAND** that the Court:

1. **RECONSIDER AND SUSTAIN** Defendants' Objection/Response to Plaintiffs' Motion for Summary Judgment (Doc. 27, objecting to Plaintiffs' Doc. 9)
2. **VACATE** the Order Granting Summary Judgment (Doc. 44);
3. **GRANT** Defendants' Cross-Motion for Summary Judgment in its entirety;
4. **ENTER FINDINGS** that Plaintiffs' litigation conduct constitutes bad faith and an abuse of process; and
5. **ENTER FINAL JUDGMENT** in favor of Defendants on all counts.

Respectfully Submitted,

Dated: February 10, 2026

/s/ _Eric Young_          /s/ Susan Young
Eric Young          Susan Young

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 24 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)

# V. CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

By First-Class Mail:
      Matthew Mensik
      Riverside NW Law Group
      505 W. Riverside Ave. Suite 208
      Spokane, WA 99201
      Courtesy Copy by Email:
      mam@rnwlg.com

Trustee John D. Munding
via email:
John@mundinglaw.com

By First-Class Mail:
      U.S. Trustee
      U.S. Court House
      920 W Riverside Ave, Suite 593
      Spokane, WA 99201

DATED this 10th day of February, 2026, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG - Defendants Appearing Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411) :: EMAIL young-eric-pl@pm.me
agreesmann@proton.me

DEFENDANTS' MOTION FOR RECONSIDERATION OF
MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT (Fed. R. Bankr. P. 9023) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION FOR ENTRY OF
JUDGMENT
Page 25 of 25

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
young-eric-pl@pm.me :: agreesmann@proton.me