**So Ordered.**

**Dated: February 12th, 2026**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>Debtors. | Case No. 25-01029-FPC |
| TED COLE and LINDA COLE,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>Defendants. | Adversary No. 25-80038-FPC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

THIS MATTER came before the Court on pro se Defendant Debtors Eric and Susan Young's motion for reconsideration. (Adv. ECF No. 46). The Youngs seek reconsideration of this Court's memorandum opinion and order that granted the Coles' motion for summary judgment and denied the Youngs' cross-motion for summary judgment. (Adv. ECF No. 44)

### A.  BACKGROUND

Prior to the Youngs' petitioning for bankruptcy, the Coles and the Youngs litigated issues similar to the issues presented in this adversary case, in a four-day

**ORDER DENYING RECONSIDERATION -** Page 1

bench trial in Spokane County Superior Court, Case No. 23-2-04734-32 ("the State Court"). After the trial, the State Court issued 213 detailed findings of fact and conclusions of law and concluded the Youngs had converted the Coles money. The State Court ordered the Youngs to pay the Coles certain sums and provide title to a recreational vehicle.

In deciding the summary judgment motions in this adversary case, the Court found collateral estoppel applied because the issues presented in this adversary case were fully adjudicated in the State Court trial. The Court analyzed the 11 U.S.C. § 523(a) nondischargeability standards and applied the State Court's factual findings and legal conclusions to those legal standards. (Adv. ECF No. 44) This Court concluded that the debt the Youngs owe the Coles is nondischargeable in bankruptcy because the Youngs' conduct met the definition of larceny, embezzlement and willful, malicious injury. 11 U.S.C. § 523(a)(4), (6).

**B.     ANALYSIS**

A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e), made applicable by Rule 9023, if it is filed within fourteen days of entry of judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 898-99 (9th Cir. 2001).[1] "[C]ourts have "considerable

---

[1] Bankruptcy Rule 9006(b)(2) prohibits the Court from extending the time to file a reconsideration motion. The Youngs' reconsideration motion was filed on the 15th day, but the Court agreed to consider the motion because the Youngs introduced evidence establishing that

**ORDER DENYING RECONSIDERATION - Page 2**

discretion" in deciding Rule 59(e) motions." *Kaufmann v. Kijakazi,* 32 F.4th 843, 850 (9th Cir. 2022).

Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprise, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Motions for reconsideration should not be granted absent "highly unusual circumstances," such as: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or made an initial decision that was manifestly unjust; or (3) an intervening change in controlling law applies. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

A Rule 59(e) motion may not be used to relitigate previously considered issues. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

The Youngs argue that relief under CR 59(e) is warranted because this Court committed several manifest errors of law. However, the five errors alleged by the

---

they made several attempts to timely file the motion. The Youngs' evidence reveals they encountered significant technical issues with the Court's electronic filing system. Moreover, the Youngs did not file a notice of appeal within the 14-day window provided by Bankruptcy Rule 8002(a), nor did they present any evidence that they tried to do so. In the event they file an appeal, the appellate court will decide if the appeal was timely. *See United States v. LaValley*, 925 F.2d 1471 (9th Cir. 1991).

**ORDER DENYING RECONSIDERATION -** Page 3

25-80038-FPC    Doc 50    Filed 02/12/26    Entered 02/12/26 15:36:11    Pg 3 of 5

Youngs simply repeat the same arguments they presented related to the summary judgment motions and thus do not warrant reconsideration. Specifically, the Youngs repeat these arguments:

(1) the State Court's findings and conclusions were "nonfinal" and therefore this Court may not adopt or rely upon the State Court findings;

(2) Regulation J and UCC Article 4A require this Court to find that the bank wire transfers legally transformed the Coles' money into the Youngs' money;

(3) the State Court's finding that the Coles did not prove common law fraud means this Court cannot conclude the Youngs behaved fraudulently under § 523(a) standards;[2]

(4) the State Court's finding that Eric Young affixed Ms. Cole's signature to the bank transfers directing her money to be deposited into his account, was contrary to the evidence admitted at trial; and

(5) the State Court's conclusion the Youngs committed conversion was contrary to the evidence admitted at trial.

None of the Youngs' arguments present newly discovered evidence, reveal clear error, or cite to an intervening change in the controlling law. Instead, the Youngs' reconsideration motion simply rehashes the same arguments made on summary judgment. As a result, the Youngs' reconsideration motion must be denied.

**ORDER**

---

[2] This argument contradicts the Youngs' argument that the State Court's findings are "nonfinal," and thus not binding, and the Youngs provide no explanation for the contradiction.

**ORDER DENYING RECONSIDERATION - Page 4**

IT IS ORDERED that the Youngs' motion for reconsideration (Adv. ECF No. 46) is **DENIED.**

///End of Order///