ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
        jaegersmum@proton.me
Defendants Pro Se

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>Eric Young and<br>Susan Young, Debtors | CASE NO. 25-01029-FPC7<br><br>CHAPTER 7 |
| Linda Cole and Ted Cole,<br>Plaintiffs,<br><br>v.<br><br>Eric Young and Susan Young,<br>Defendants | ADVERSARY NO. 25-80038-FPC<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 |

Pursuant to Federal Rule of Evidence 201(b)(2) and (c)(2), Defendants Eric and Susan Young respectfully request the Court take judicial notice of two official, publicly filed federal docket entries originating from the related, parallel Adversary Proceeding, *Cole v. Young*, Adv. Pro. No. 25-80037-FPC.

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

## I. DOCUMENTS FOR WHICH NOTICE IS REQUESTED

Under Ninth Circuit precedent, a court may take judicial notice of another court's order to establish its existence and procedural effect, but not for the truth of the disputed facts recited therein. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). Defendants request notice strictly of the chronological filing dates, the court's acknowledgments regarding jurisdiction, and the operative legal effect of the remand. Defendants expressly do not request notice of, and do not concede the truth of, any disputed factual findings or legal conclusions contained within the exhibits.

Under Fed. R. Evid. 201(b)(2), the Court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Official federal court orders and time-stamped docket filings strictly meet this standard. Defendants physically supply the Court with the following exhibits:

Exhibit A is a true and correct copy of Defendants' *Notice of Renewal of Pending State Court Motions and Objection to Remand*, filed on February 11, 2026, in Adv. Pro. No. 25-80037-FPC (Docket No. 26), noticing the pendency of

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
PURSUANT TO FED. R. EVID. 201
Page 2 of 5

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

Defendants' timely post-trial motions and noting Defendants' formal objection to remand.

Exhibit B is a true and correct copy of the *Order Granting Remand*, entered on February 12, 2026, by the U.S. Bankruptcy Court in Adv. Pro. No. 25-80037-FPC (Docket No. 28), officially remanding the underlying state court litigation to Spokane County Superior Court.

## II. RELEVANCE TO PROCEEDING

Judicial notice of these documents is necessary to establish the objective procedural posture of the underlying state court litigation at the exact time the bankruptcy court rendered final disposition in the instant adversary proceeding.

Specifically, notice of this timeline establishes that on February 12, 2026 - contemporaneously with the Court's entry of the Order Denying Defendants' Motion for Reconsideration (Doc. 50) in this adversary proceeding - the underlying state court action was formally remanded. As established on the face of the Remand Order (Ex. B at ¶¶ 8, 13), the bankruptcy court expressly recognized the existence of "several motions pending in the underlying state court action" and ruled that because "Debtors dispute the state court's findings and conclusions, the proper recourse is within the state court."

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

Consequently, the Remand Order effectuated a formal return of jurisdiction over those unresolved motions - including Defendants' timely motions to revise the interlocutory Findings of Fact and Conclusions of Law (FOFCOL) - to the state court.

Notice of this jurisdictional reality establishes that the state court FOFCOL - which serves as the sole collateral estoppel predicate for the Court's Memorandum Opinion and Order Granting Plaintiffs' Motion for Summary Judgment (Doc. 44) - lacks preclusive finality and is actively subject to revision or vacatur under Washington Civil Rules 52(b) and 59.

### III. CONCLUSION

Defendants having supplied the Court with the necessary information under Fed. R. Evid. 201(c)(2), the Court is mandated to take judicial notice of the attached exhibits and the procedural facts contained therein.

Respectfully Submitted,

Dated: February 26, 2026

/s/     *Eric Young*
Eric Young, Defendant Pro Se

/s/     *Susan Young*
Susan Young, Defendant Pro Se

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
PURSUANT TO FED. R. EVID. 201
Page 4 of 5

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

## IV. CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

By First-Class Mail:
Matthew Mensik
Riverside NW Law Group
601 W. Riverside Ave, STE 810
Spokane, WA 99201
Courtesy Copy by Email:
mam@rnwlg.com


Trustee John D. Munding
via email:
John@mundinglaw.com



DATED this 26th day of February, 2026, at Spokane, WA.


_/s/ Eric R. Young and Susan L. Young_
_____

ERIC YOUNG AND SUSAN YOUNG - Defendants Appearing Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411) :: EMAIL eyoung-encrypt@pm.me  jaegersmum@proton.me
_____

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
PURSUANT TO FED. R. EVID. 201
Page 5 of 5

# EXHIBIT - A

# 25-80037 DOC 26

# DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
       jaegersmum@proton.me

Defendants Pro Se

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:
Eric Young and
Susan Young,
            Debtors

_____

Linda Cole and Ted Cole,
            Plaintiffs,
v.
Eric Young and Susan Young,
Defendants

(removed from Spokane County Superior
Court, Case No. 23-2-04734-32)

CASE NO. 25-01029-FPC7

CHAPTER 7

ADVERSARY NO. 25-80037-FPC

DEFENDANTS' NOTICE OF RENEWAL
OF PENDING STATE COURT MOTIONS
AND OBJECTION TO REMAND

**PLEASE TAKE NOTICE**

that Defendants Eric R. Young and Susan L. Young hereby provide notice to the

Court that the following dispositive and sanctions motions, filed in the Superior

Court of Washington for Spokane County prior to the removal/commencement of

this action, remain pending, undecided, and ripe for adjudication.

DEFENDANTS' NOTICE OF RENEWAL OF PENDING
STATE COURT MOTIONS AND OBJECTION TO
REMAND
Page 1 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC   Doc 26   Filed 02/11/26   Entered 02/11/26 13:39:56   Pg 1 of 6
25-80038-FPC   Doc 52   Filed 02/26/26   Entered 02/26/26 13:38:08   Pg 7 of 19

# I. AUTHORITY FOR RENEWAL

Pursuant to 28 U.S.C. § 1450, all injunctions, orders, and other proceedings had in such action prior to its removal remain in full force and effect until dissolved or modified by this Court. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 437 (1974). Consequently, the unfinished business of the State Court is now pending before this Court.

Defendants RENEW these motions and respectfully request that this Court adjudicate them pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367, its "Core Proceeding" jurisdiction under 28 U.S.C. § 157(b)(2), and its inherent authority to address fraud on the court.

# II. PENDING MOTIONS RENEWED HEREIN

Defendants request rulings on the following motions which address fundamental jurisdictional and due process defects in the underlying state court proceedings:

1. **Offer of Proof (ER 103(a)(2)):** Proffering specific documentary and testimonial evidence that was improperly excluded or suppressed in the State Court proceedings.

DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND
Page 2 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

2. **Motion for Leave to Supplement the Record:** Seeking admission of material transaction records, including bank logs and receipts refuting Plaintiffs sworn testimony, necessary for a complete and just record and for appellate preservation.

3. **Motion to Dissolve Injunction (CR 65):** Seeking to vacate the Preliminary Injunction issued by the State Court on the grounds that it is void *ab initio* for failure to require the mandatory security bond as strictly required by Fed. R. Civ. P. 65(c) and RCW 7.40.080.

4. **Motion for Reconsideration (CR 52(b)):** Challenging the non-final State Court Findings of Fact and Conclusions of Law based on manifest error and newly discovered evidence suppressed by Plaintiffs. **(Note: The pendency of this motion legally suspends the finality of the State Court findings relied upon in this Adversary Proceeding).**

5. **Motion for Sanctions (CR 11):** Against Attorney Michael Merritt for filing a Verified Complaint and motions for seizure lacking factual basis, specifically regarding the demonstrably false allegations of "dog theft" and "RV ownership" which were refuted by objective evidence.

DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND
Page 3 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 26    Filed 02/11/26    Entered 02/11/26 13:39:56    Pg 3 of 6
25-80038-FPC    Doc 52    Filed 02/26/26    Entered 02/26/26 13:38:08    Pg 9 of 19

6. **Motion for Sanctions (CR 11):** Against Attorney Matthew Mensik for ratifying and advocating the aforementioned false allegations in violation of his duty of candor to the tribunal, particularly after receiving dispositive evidence (audio recordings and title documents) contradicting the claims.

## III. OBJECTION TO REMAND

Defendants categorically OBJECT TO REMAND of this action, and restate and reference here Defendants' position set forth in their 'Opposition to Plaintiffs' Motion to Remand…', (Doc. 21 and 22) filed December 1, 2025. Remand is inappropriate because the State Court has demonstrated manifest disinterest in protecting Defendants' federal due process rights, as evidenced by the issuance of bondless - and therefore void - injunctions, and multiple due process violations and other unlawful orders, made without jurisdiction under those void orders. The state court itself has violated judicial canon by making personal threats of criminal prosecution in a civil case, while supporting Plaintiffs and their counsel with active suppression of material evidence prejudicial to the defense. These are documented actions of actual bias, captured over the last 15 months by Defendants' contemporaneous court filings, seen as their only hope of preserving defenses and objections in a judicial system that has already proven it is willing

DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND
Page 4 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 26    Filed 02/11/26    Entered 02/11/26 13:39:56    Pg 4 of 6
25-80038-FPC    Doc 52    Filed 02/26/26    Entered 02/26/26 13:38:08    Pg 10 of 19

to be seduced by fiction, rhetoric, and subjective optics, rather than the truth in the documentary record.

Defendants respectfully request, in the interests of equity and fairness, that this Court RETAIN JURISDICTION to:

1. **Dissolve** the void State Court Injunction to prevent the enforcement of an illegal order; and

2. **Adjudicate** the pending Motions, as the fraudulent conduct by Plaintiffs' counsel in State Court was the direct precursor to the abuse of process committed in this Bankruptcy Court.

Respectfully Submitted,

Dated: February 11, 2026

/s/    *Eric Young*        /s/ *Susan Young*
Eric Young        Susan Young

DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND
Page 5 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 26    Filed 02/11/26    Entered 02/11/26 13:39:56    Pg 5 of 6
25-80038-FPC    Doc 52    Filed 02/26/26    Entered 02/26/26 13:38:08    Pg 11 of 19

# I. CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

By First-Class Mail:
Matthew Mensik
Riverside NW Law Group
505 W. Riverside Ave. Suite 208
Spokane, WA 99201
Courtesy Copy by Email:
mam@rnwlg.com


Trustee John D. Munding
via email:
John@mundinglaw.com


DATED this 11th day of February, 2026, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG - Defendants Appearing Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' NOTICE OF RENEWAL OF PENDING STATE COURT MOTIONS AND OBJECTION TO REMAND
Page 6 of 6

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 26    Filed 02/11/26    Entered 02/11/26 13:39:56    Pg 6 of 6
25-80038-FPC    Doc 52    Filed 02/26/26    Entered 02/26/26 13:38:08    Pg 12 of 19

# EXHIBIT - B

# 25-80037 DOC 28
# ORDER GRANTING REMAND



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ERIC YOUNG and SUSAN YOUNG,<br><br>Debtors. | Case No. 25-01029-FPC7 |
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC YOUNG and SUSAN YOUNG,<br><br>Defendants. | Adv. No. 25-80037-FPC<br><br>**ORDER GRANTING REMAND** |

THIS MATTER came before the Court on the Motion to Remand filed by Plaintiffs Linda and Ted Cole ("Plaintiffs" or "the Coles"). (ECF No. 12) Eric and Susan Young ("Debtors") objected to remand. (ECF No. 21) The Coles ask this Court to remand this adversary proceeding to the Spokane County Superior Court.[1]

---

[1] There is another adversary proceeding similarly captioned *Cole v. Young*, Adv. Proc. Case No. 25-80038-FPC. That case was finally resolved on summary judgment. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 44).

ORDER GRANTING REMAND – 1

The Court held a hearing on the motion on February 11, 2026. The same day the hearing was held, the Debtors filed a "Notice of Renewal of Pending State Court Motions and Objection to Remand." (ECF No. 26) In essence, Debtors request this Court retain jurisdiction and adjudicate several motions pending in the underlying state court action.

After reviewing the files and records herein, and hearing argument at the hearing, the Court will remand this case to the Spokane County Superior Court. The Court denies the Debtors' request for this Court to retain jurisdiction and adjudicate the state court motions. As discussed further below, equity strongly supports remand in this case.

1.      This matter arises out of an action removed from Spokane County Superior Court[2] (the "Spokane Lawsuit"), involving claims of fraud and conversion. Debtors initiated removal.

2.      This Court previously detailed the facts and procedural history underlying this adversary proceeding and the Spokane Lawsuit in the Memorandum Opinion and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment ("Summary Judgment Order") filed in the related adversary proceeding. (Adv. Proc. Case No.

---

[2] Spokane Cnty. Sup. Ct. Case No. 23-2-04734-32.

ORDER GRANTING REMAND – 2

25-80038-FPC, ECF No. 44) This Court incorporates herein the findings and conclusions set forth in the Summary Judgment Order.

3. A case may be remanded from the bankruptcy court to another court "on any equitable ground," meaning any ground that is "reasonable, fair, and appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124, 133 (1995); 28 U.S.C. § 1452(b).

4. Section 1452(b) gives the bankruptcy court an "unusually broad grant of authority." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999.) In deciding whether equitable remand is appropriate, courts may consider up to fourteen factors. *Nilsen v. Nilsen (In re Cedar Funding, Inc.)*, 419 B.R. 807, 811–12 (9th Cir. BAP 2009). Pertinent factors include: (i) the efficient administration of the estate if the Court recommends remand; (ii) the extent to which state law issues predominate over bankruptcy issues; (iii) the presence of related proceedings commenced in state court or other nonbankruptcy proceedings; (iv) the burden on the bankruptcy court's docket; (v) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (vi) comity; and (vii) the possibility of prejudice to other parties in the action.

5. Equity overwhelmingly supports remand in this case. While many reasons support remand, the Court will discuss seven.

ORDER GRANTING REMAND – 3

6.   First, the Debtors received their discharge on September 19, 2025. (Main Case No. 25-01029-FPC7, ECF No. 40) No substantive matters are left for this Court to consider, other than a motion to reconsider the Summary Judgment Order entered in Case No. 25-80038-FPC. However, contemporaneous with this order, the reconsideration motion will be resolved. Moreover, pursuant to 11 U.S.C. § 362(c)(2)(C), the bankruptcy stay has terminated.

7.   Second, the Spokane Lawsuit involves claims of fraud and conversion against the Debtors, which generally fall under the purview of state law.

8.   Third, the state court has already decided issues related to the fraud and conversion claims. The state court issued a 72-page opinion, with 213 detailed findings of fact and conclusions of law, after a four-day trial. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 11, Exh. E) If the Debtors dispute the state court's findings and conclusions, the proper recourse is within the state court, not with this Court.

9.   Fourth, adjudicating this case would be a burden on this Court's docket. As noted, the state court has already issued findings of fact and conclusions of law and entered a judgment against the Debtors. Re-litigating the Spokane Lawsuit in this Court would be an unnecessary burden on the bankruptcy court.

10.   Fifth, the Debtors admit to forum shopping. At the February 11 hearing on the Coles' motion for remand, the Debtors asserted that the state court

ORDER GRANTING REMAND – 4

was biased, and they sought a new forum. Specifically, Debtor Eric Young stated: "In the case of removing the [Spokane Lawsuit], honestly Judge, the whole reason I did the removal was because I was seeking an unbiased forum. That's a fact." (ECF No. 25, 17:18)

11.     Sixth, comity supports this Court declining to interfere with or disturb the Spokane Lawsuit. As noted above, if the Debtors disagree with the outcome of the State Court Lawsuit, the proper avenue of redress is within the state courts, not in the bankruptcy court.

12.     Seventh, the Coles would be seriously prejudiced by the Court's failure to remand. Keeping this action in the bankruptcy court would require re-litigation of a multitude of factual and legal issues which have already been resolved in the state court.

13.     Because remand is appropriate, Debtors' request that this Court retain jurisdiction and adjudicate several motions pending in the underlying state court action is denied.

Based on the foregoing,

**IT IS ORDERED:**

1. The Motion for Remand (ECF No. 12) is **GRANTED.**

ORDER GRANTING REMAND – 5

2. The "Notice of Renewal of Pending State Court Motions and Objection to Remand" (ECF No. 26) is **DENIED.**

///End of Order///

ORDER GRANTING REMAND – 6